**UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:05CR25/LAC

WARD FRANKLIN DEAN

_____

## MOTION FOR ARREST WARRANT

The United States of America requests that this court issue an order directing the issuance of an arrest warrant for the defendant, and in support of the motion states as follows:

1. A federal grand jury has returned an indictment charging the defendant with six counts of tax evasion, in violation of 26 U.S.C. § 7201 and one count of endeavoring to impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).

2. The defendant has been aware of the grand jury investigation for some time, and he appeared before the grand jury on March 17, 2005, to testify before it. Based on the nature of the charges involved in this case, if the defendant had requested to self-surrender, if and when an indictment was returned against him, the government would have agreed to the defendant's self-surrender and would not have moved for the issuance of an arrest warrant.

3. The defendant, however, made no request to self-surrender. Even in the absence of such a request, the government contemplated informing the defendant of the indictment being





returned and providing the defendant with an opportunity to self-surrender before the government moved for the issuance of an arrest warrant. However, due to law enforcement safety concerns, which are set forth in brief below, the government decided against that course of action and hereby requests the court to issue an arrest warrant.

4. The evidence presented to the grand jury showed that the defendant is what is commonly known as a "tax protester," that is, someone who refuses to pay income taxes. See United States v. Beraman, 813 F.2d 1027, 1029 (9th Cir. 1987); Coleman v. Commissioner of Internal Revenue, 791 F.2d 68, 69 (7th Cir. 1986). Evidence was presented which showed that, despite earning over $1,200,000 and owing over $300,000 in income tax during the 1997 and 2002 time period, for the 1997-2001 tax years in issue in this case the defendant filed tax returns reporting zero income and zero income tax owed, and for the 2002 tax year the defendant filed no tax return. Moreover, during the years under indictment and thereafter the defendant has espoused various anti-government views and has questioned the authority and conduct of various Internal Revenue Service ("IRS") employees and Assistant United States Attorneys. The government believes that it is improbable that if the defendant were provided with an opportunity to self-surrender that he would do so.

5. A sealed indictment has been requested in this case in order to increase the opportunity for law enforcement to safely and efficiently apprehend the defendant. Providing the defendant with notice of the indictment and an opportunity to self-surrender, would, of course, defeat the secrecy provided by the sealed indictment. The defendant has previously displayed his concealed weapons permit to IRS Criminal Investigation Division Special Agent Tanya Burgess when S/A Burgess merely attempted to notify the defendant that the matter had been referred to her for

criminal investigation. The defendant's website, www.warddeanmd.com, in addition to advocating not paying income taxes, advocates the benefits of GHB, an illegal drug.

6. In sum, based on the above, the government believes that if the defendant were informed of the indictment in this case prior to his arrest, it could potentially hamper law enforcement's ability to safely and efficiently apprehend the defendant. The safety of law enforcement officers is a paramount concern to the government. The government submits that the interest of providing for law enforcement safety by taking the lawful step of issuing an arrest warrant is necessary and proper in this case. If the court agrees with the government's assessment, the government requests that the court issue an arrest warrant for the defendant.

7. Subsequent to the defendant's arrest, the government has no objection to this motion being unsealed.

WHEREFORE, the government respectfully request that the court enter an order directing the issuance of an arrest warrant for the defendant and directing that after the defendant is arrested the clerk of the court is to unseal this motion.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney

Robert G. Davies
Assistant U.S. Attorney
Florida Bar No. 704301
21 East Garden Street, Ste. 400
Pensacola, Florida 32501
(850) 444-4000

DONE AND ORDERED this the 17TH day of March, 2005.

UNITED STATES MAGISTRATE JUDGE