Commander Ward Dean, M.D.
(United States Navy, retired)
8799 Burning Tree Road
Pensacola, FL 32514
850-484-0595
*In propria persona*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| United States, | ) Case No: 3:05CR25/LAC |
| Plaintiff, | ) |
| | ) **Defendant's Motion to Dismiss** |
| v. | ) **All Counts Since Federal Courts** |
| | ) **were Given No Jurisdiction to** |
| Ward Franklin DEAN, | ) **Conduct Trials with Respect to** |
| | ) **Alleged Criminal Violations of** |
| Defendant. | ) **Title 26** |

Defendant Ward Franklin Dean moves this Honorable Court to dismiss the indictment at issue charging Defendant with 6 counts of violating 26 U.S.C 7201 and 1 count of violating 26 U.S.C. §7212(a) for lack of subject matter jurisdiction. Defendant's Memorandum of Law to support this motion is attached hereto.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2005 APR 13 AM 9: 35

FILED

Respectfully submitted,

*/s/ Ward Franklin Dean*
_____
Commander Ward Franklin Dean, M.D. (U.S. Navy retired)
Defendant, *in propria personna*


## Certificate of Service

This is to certify that a copy of this Motion and supporting Memorandum of Law was hand delivered on this 13th day of April, 2005, to AUSA Robert G. Davies at 21 East Garden Street, Suite 400, Pensacola FL 32502

*/s/ Ward Franklin Dean*
_____
Ward Franklin Dean

Commander Ward Dean, M.D.
(United States Navy, retired)
8799 Burning Tree Road
Pensacola, FL 32514
850-484-0595
*In propria persona*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
#### PENSACOLA DIVISION

| | |
|---|---|
| United States, | ) Case No:  3:05CR25/LAC |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Defendant's Memorandum of** |
| v. | ) **Points & Authorities in Support of** |
| | ) **Motion to Dismiss all Counts** |
| Ward Franklin DEAN, | ) **for Lack of Jurisdiction to Conduct** |
| | ) **Trials with Respect to Alleged** |
| Defendant. | ) **Criminal Violations of Title 26** |
| | ) |

Defendant, Ward Franklin Dean, moves this Court to dismiss the indictment herein, which charges Defendant with six counts of violating 26 U.S.C § 7201 and one count of violating 26 U.S.C § 7212(a), for the following reasons:

### I
### Congress never conferred jurisdiction to district courts
### for any alleged *criminal* violations of 26 U.S.C. §§ 7201 or 7212(a).

Before a federal district court can have criminal jurisdiction, Congress must: 1) first make an act a crime, 2) fix punishment to it, and 3) declare the court that will have jurisdiction over it (See, <u>U.S. v. Hudson and Goodwin</u> (1812) 11 U.S. 32, 7 Cranch. 32, 34, 3 L. Ed. 259).   Overlooking that Congress never made "failing to

file income tax returns" nor "income tax evasion" crimes [income taxes are not mentioned in either § 7201 or § 7212(a)], Congress did not give district courts jurisdiction to conduct *criminal* cases with respect to alleged *criminal* violations of Title 26.

Section 7402(f) of Title 26 is entitled "General jurisdiction" and provides as follows:

> For general jurisdiction of the district courts of United States *in civil actions* involving internal revenue, see Section 1340 of Title 28 of the United States Code. (Italic emphasis added)

Therefore, it is clear that while Congress conferred *civil* jurisdiction to district courts with respect to Title 26, it never conferred *criminal* jurisdiction to district courts with respect to alleged violations of that title.

## II
### If Congress wanted to confer *criminal* jurisdiction to district courts with respect to cases arising under Title 26, it knew how to do so.

For example, 8 U.S.C. § 1329, in pertinent part, states:

> The district courts of the United States shall have jurisdiction of all causes, civil and *criminal*, arising under any of the provisions of this title. (Italic emphasis added).

Clearly this shows when Congress intends district courts to have jurisdiction for *criminal* violations of a title, it knows how to confer such jurisdiction. Thus, if Congress had intended to confer *criminal* jurisdiction for any alleged *criminal* violations of Title 26, it would have stated such jurisdiction in the title. The 9th Circuit decision in <u>Murphey v. Lanier</u> (*9th Circuit*, 98-5575 - filed on 2/25/2000) is on point. In that case, Murphy claimed federal courts had jurisdiction with respect

to 47 U.S. C. § 227 based on 28 U.S.C. § 1331. The 9th Circuit (sustaining the district court) pointed out that 47 U.S.C. § 227 specifically provided that it applied to "the laws or rules of state courts." The statute did not specifically state that jurisdiction had also been given to federal courts. The 9th Circuit observed, quoting from *International Science & Technology Institute, Inc. v. Inacom Communication, Inc.* (4th Cir. 1997) 106 F.3d 1146:

> A provision that suit "may" be brought in (state) court "cannot confer jurisdiction on unmentioned courts of limited jurisdiction which require a *specific grant.*" Id. at 1151. Because federal courts may hear only those cases specifically authorized by Congress, and because the statute does not specifically state that a federal district court may hear a claim under the TCPA, the Fourth Circuit concluded that the language of the statute showed that: When in S 227(b) (3) of the TCPA, Congress authorized jurisdiction over private actions in state courts *without mentioning federal courts*, it did not intend to grant jurisdiction over TCPA claims in federal district courts" Id. at 1152.

Adopting the reasoning of the 4th Circuit and other courts, the 9th Circuit went on to say, in relevant part:

> The conclusion that there is no federal jurisdiction over private actions under the TCPA does not hang on the meaning of the word "may," but on the statute's silence on the matter of federal jurisdiction. Because federal court jurisdiction is limited to that conferred by Congress, the express reference to state court jurisdiction does not mean that federal jurisdiction also exists; *instead, the failure to provide for federal jurisdiction indicates that there is none.* See *International Science* 106 F.3d at 1153-54; *EireNet* 156 F. 3d at 516-17; *Foxall Realty* 156 F. 3d at 435; *Nicholson* 136 F. 3d at 1288-89; *Chair King* 131 F. 3d at 510-11. (Italic emphasis added)

This is the situation in the instant case. While 26 U.S.C. § 7402 specifically mentions *civil* jurisdiction, its failure to specifically mention *criminal* jurisdiction

indicates there is none. Any claim to the contrary would be contrary to the principle clearly enunciated in the decisions previously cited.

It also would be contrary to well established rules of statutory construction to hold that, while 8 U.S.C. § 1329 gives district courts both civil and *criminal* jurisdiction for Title 8, Congress merely "forgot" to do the same in 26 U.S.C. § 7402 for Title 26. "Where the words of a statute are clear, the statute means what it says," is a fundamental principle of statutory interpretation. Further, *Expressio unius est exclusio alterius* (the "express mention of one thing implies the exclusion of others"), another fundamental principle of statutory interpretation that dates back to Roman law, also applies.

Additionally, in <u>Gould v. Gould</u> (1917) 245 US 150, the Supreme Court ruled:

> In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen.

Thus, it is clear there no statutory support for any claim that Congress conferred jurisdiction on district courts with respect to alleged *criminal* violations of Title 26. Any claim to the contrary would be contrived.

### III
### Jurisdiction can not be assumed.

> The party invoking the district court's original jurisdiction has the duty of affirmatively alleging jurisdiction...and whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.
>
> 1 Moore's Federal Practice 2d Ed. ¶ 0.60 [4].

As the Supreme Court stated in <u>McNutt v. General Motors</u> (1936) 298 U.S. 178, 189; 56 S.Ct. 780, 189; 80 L. Ed. 1135:

> If (an) allegation of jurisdiction facts are challenged by his adversary in an appropriate manner, he must support them with competent proof...the party alleging jurisdiction (must) justify his allegation by a preponderance of the evidence.

And as the Supreme Court held in <u>The State of Rhode Island v. The State of Massachusetts</u> 37 U.S. 709, once the question of jurisdiction is raised: "It must be considered and decided, before any court can move one step further."

In addition, "Jurisdiction cannot be assumed by a District Court... but it is incumbent upon plaintiff to allege in clear terms, the necessary facts showing jurisdiction which must be proved by convincing evidence" <u>Harris v. American Legion</u> 162 F. Supp.700 (citations omitted)

## Conclusion

Since there is no statute or provision conferring jurisdiction on district courts to conduct trials for *criminal* violations of Title 26, all counts alleged herein against Defendant must be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

_____
Commander Ward Franklin Dean, M.D. (U.S. Navy, retired)
Defendant, *in propria persona*