IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN

_____

## MOTION IN LIMINE

Comes now the United States of America, by and through the undersigned Assistant United States Attorneys, and, for the reasons set forth in section "A" of the below memorandum of law, moves in limine for a court order prohibiting the defendant from introducing evidence or making argument that the United States's tax laws are invalid, unwise or unconstitutional. Section "B" of the below memorandum of law constitutes a bench memorandum regarding the court's authority to prohibit the defendant from introducing documentary evidence regarding a good faith defense.

## MEMORANDUM OF LAW

A. The court should grant the government's motion in limine

The government will present evidence that the defendant is what is commonly known as a "tax protester," that is, someone who refuses to pay income taxes. See United States v. Bergman, 813 F.2d 1027, 1029 (9th Cir. 1987); Coleman v. Commissioner of Internal Revenue, 791 F.2d 68, 69 (7th Cir. 1986). The government submits that the evidence will show that, despite earning

over $1,200,000 and owing over $300,000 in income tax during the 1997 and 2002 time period, for the 1997-2001 tax years in issue in this case the defendant filed tax returns which reported zero income and zero income tax owed, and for the 2002 tax year the defendant filed no tax return. The defendant has made various claims, commonly made by tax protesters, that he is not required to pay income taxes.

While the general rule is that ignorance of the law is no defense to a criminal prosecution, the Supreme Court has "interpreted the statutory term 'willfully' as used in the federal criminal tax statutes as carving out an exception to the traditional rule. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws." Cheek v. United States, 498 U.S. 192, 199-200, 111 S.Ct. 604, 609 (1991). Under that exception to the traditional rule, where a defendant asserts that he truly had a subjective good faith belief that he did not owe income taxes under the Internal Revenue Code, and the jury believes him, the government fails to carry its burden to prove willfulness. Cheek, 498 U.S. at 202, 111 S.Ct. at 611. However, while a legitimate good faith belief that one does not owe income taxes pursuant to the Internal Revenue Code is a defense to tax evasion, a good faith belief that the Internal Revenue Code or a portion of the Code is invalid or unwise is not a defense to income tax evasion. Cheek, 498 U.S. at 204-07, 111 S.Ct. at 612-13. Similarly, a defendant's good faith belief that the Internal Revenue Code or a portion of the Code is unconstitutional is not a defense to income tax evasion. Cheek, 498 U.S. at 204-07, 111 S.Ct. at 612-13.

The government will establish that in the tax years in issue in this case the defendant earned substantial income. The defendant was, of course, required to pay income tax on his income. 26 U.S.C. §§ 1, 61, 63; 26 C.F.R. § 1.1-1; Coleman, 791 F.2d at 70; Hyslep v. United States, 765 F.2d 1083, 1084-85 (11th Cir. 1985)(per curiam); Ficalora v. Commissioner of

2

Internal Revenue, 751 F.2d 85, 87-88 (2d Cir. 1984); Eleventh Circuit Pattern Jury Instructions, Offense Instruction 93.1. Nevertheless, pursuant to Cheek, the defendant will be entitled in this case, if he chooses to do so, to introduce evidence regarding his good faith belief that he did not owe income taxes under the Internal Revenue Code in the years charged in the indictment. However, evidence that the defendant had a good faith belief that this nation's tax laws are invalid, unwise or unconstitutional, is irrelevant. Cheek, 498 U.S. at 204-07, 111 S.Ct. at 612-13. Such evidence would also be unduly confusing and prejudicial. As such, this court should exclude such evidence and argument. Fed.R.Evid. 401, 403.

B. Bench memorandum

Based on the above, the defendant should, of course, be permitted to testify, if he chooses, regarding his good faith belief that he did not owe income taxes under the Internal Revenue Code and the basis for his belief. United States v. Willis, 277 F.3d 1026, 1033 (8th Cir. 2002); United States v. Stafford, 983 F.2d 25, 27-28 (5th Cir. 1993); United States v. Barnett, 945 F.2d 1296, 1301 (5th Cir. 1991); United States v. Hairston, 819 F.2d 971, 973 (10th Cir. 1987); Bergman, 813 F.2d at 1029-30; United States v. Malquist, 791 F.2d 1399, 1402 (9th Cir. 1986). However, the fact remains that the defendant, like all United States citizens who receive taxable income, was required in the years under indictment to pay income taxes. 26 U.S.C. §§ 1, 61, 63; 26 C.F.R. § 1.1-1; Coleman, 791 F.2d at 70; Hyslep, 765 F.2d at 1084-85; Ficalora, 751 F.2d at 87-88; Eleventh Circuit Pattern Jury Instructions, Offense Instruction 93.1. Therefore, introduction of documentary evidence regarding a person's lack of obligation to pay taxes could easily confuse the jury and prejudice the government in this case -- especially since it is the court, not documentary evidence, which is to instruct the jury on the applicable law. Accordingly, a court acts well within its discretion in a case such as this when it allows a defendant to present

3

testimony regarding a good faith defense, but prohibits the defendant from introducing documentary evidence in support of the defense. Willis, 277 F.3d at 1033; Stafford, 983 F.2d at 27-28; Barnett, 945 F.2d at 1301; Hairston, 819 F.2d at 973; Bergman, 813 F.2d at 1029-30; Malquist, 791 F.2d at 1402; see also Barshop v. United States, 192 F.2d 699, 701 (5th Cir. 1951)(exclusion of a letter did not unfairly prejudice the defendant when the defendant was allowed to testify about its contents).

The government appreciates that at this point in the proceedings the court cannot know what the exact testimony of the defendant, if any, will be regarding a good faith defense, or what the cumulative, confusing and/or prejudicial effect will be of allowing the defendant to introduce documentary evidence in support of a good faith defense. Thus, the government is not filing a motion in limine on this issue. However, the government does submit this bench memorandum to apprise the court of the government's understanding of the law in this area, and to notify the court, and the defendant, that if the defendant raises a good faith defense the government, in all likelihood, will object to the defendant introducing documentary evidence to support the defense.

WHEREFORE, the government respectfully requests that the court enter an order prohibiting the defendant from introducing evidence and making argument that the defendant had a good faith belief that this nation's tax laws are invalid, unwise or unconstitutional.

                Respectfully submitted,

                GREGORY R. MILLER
                United States Attorney


                <u>s/ Robert G. Davies</u>

                Robert G. Davies
                Assistant U.S. Attorney
                Florida Bar No. 704301


                <u>s/ David L. Goldberg</u>

                David L. Goldberg
                Assistant U.S. Attorney
                Member of the Maryland Bar
                21 East Garden Street, Ste. 400
                Pensacola, Florida 32501
                (850) 444-4000

## CERTIFICATE OF COMPLIANCE REGARDING N.D.FLA. LOC. R. 7.1(B)

I hereby certify that on April 13th, 2005, I provided the defendant, who is now proceeding pro se, with a copy of the foregoing by hand-delivery and asked him to advise me of his position regarding the motion. The defendant has not advised the government of his position regarding the motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the fore-going has been delivered via the court's ECF system and/or by mail to: Ward F. Dean, 8799 Burning Tree Drive, Pensacola 32514 this the 15th day of April, 2005.

                                                  s/ Robert G. Davies  
                                                Robert G. Davies  
                                                Assistant U.S. Attorney