IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S APRIL 6, 2005, MOTION TO
DISMISS COUNT ONE DUE TO EXPIRATION OF STATUTE OF LIMITATIONS</u>

Comes now the undersigned attorneys, on behalf of the United States of America, and files this response to the defendant's April 6, 2005, motion to dismiss Count One due to the expiration of statute of limitations.

Count One of the Indictment charges the defendant with tax evasion for the tax year of 1997, in violation of 26 U.S.C. § 7201. Count One alleges that the defendant committed various affirmative acts of evasion including "signing and submitting to the Internal Revenue Service a false and fraudulent IRS form 1040EZ, wherein it was stated that his taxable income for the calendar year 1997 was the sum of $0...." The defendant's tax evasion is alleged in Count One to have taken place "from on or about January 1, 1997, and continuing through on or about March 27, 1999."

An element of the crime of tax evasion is an "affirmative act constituting an evasion or attempted evasion of the tax." <u>Sansone v. United States</u>, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010 (1965). "[T]he statute of limitations in relation to [26 U.S.C.] Section 7201 begins to run upon

the last act of evasion." United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992)(per curiam); accord United States v. Hunerlach, 197 F.3d 1059, 1064-65 (11th Cir. 1999).  A false statement made to the IRS after income tax is due constitutes an affirmative act of evasion. United States v. Beacon Brass Co., 344 U.S. 43, 45-46, 73 S.Ct. 77, 79 (1952); United States v. Robinson, 974 F.2d 575, 577 (5th Cir. 1992); Winfield, 960 F.2d at 973.

The government will present evidence that the defendant's false and fraudulent IRS form 1040EZ for tax year 1997 was signed and dated by the defendant on March 27, 1999.  Moreover, regardless of what the evidence will be, the indictment alleges that the defendant's crime of tax evasion continued though on or about March 27, 1999.  That is to be accepted as true for the purposes of a pre-trial motion to dismiss.  United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004)(per curiam).  As the Salman Court explained:

> There is no summary judgment procedure in criminal cases.  Nor do the rules provide for a pre-trial determination of sufficiency of the evidence....  The sufficiency of a criminal indictment is determined from its face.  The indictment is sufficient if it charges in the language of the statute.

Salman, 378 F.3d at 1268 (ellipses in original); quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)(per curiam).  The statute of limitations for tax evasion is six years.  26 U.S.C. § 6531.  The indictment was returned on March 17, 2005.  Therefore, Count One is not barred by the statute of limitations.

3

Accordingly, the defendant's April 6, 2005, motion to dismiss Count One due to the expiration of statute of limitations should be denied.

>Respectfully submitted,
>
>GREGORY R. MILLER
>United States Attorney
>
>
>s/ Robert G. Davies
>
>Robert G. Davies
>Assistant U.S. Attorney
>Florida Bar No. 704301
>
>
>s/ David L. Goldberg
>
>David L. Goldberg
>Assistant U.S. Attorney
>Member of the Maryland Bar
>21 East Garden Street, Ste. 400
>Pensacola, Florida 32501
>(850) 444-4000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the fore-going has been delivered via mail to: Ward Franklin Dean, 8799 Burning Tree Road, Pensacola, FL 32514 this the 18th day of April, 2005.

>s/ Robert G. Davies
>Robert G. Davies
>Assistant U.S. Attorney

3