**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on several motions to dismiss the indictment filed by Defendant (docs. 20, 23-26) and the Government's response thereto (docs. 29-30). For the reasons stated below, Defendant's motions are **DENIED**.

Defendant first moves to dismiss Count One of the indictment because the six year statute of limitations, *see* 26 U.S.C. § 6531, expired in 2004. Defendant bases his contention on the fact that the charge derives from his 1997 income tax return. However, the government states that it will show that Defendant's signed and dated the form on March 27, 1999, and that the indictment otherwise alleges that Defendant's acts of evasion continued through on or about March 27, 1999.

Since an element of the charge against Defendant is an affirmative act of tax evasion, here a false statement made to the IRS, and since the limitations period starts from the latest act of evasion, the March 17, 2005, indictment was timely. *See Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010 (1965); *United States v. Beacon Brass Co.*, 344 U.S. 43, 45-46, 73 S.Ct. 77, 79 (1952); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (citing *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986), and *United States v. Trownsell*, 367 F.2d 815, 816 (7th Cir.1966)).

Defendant next moves for dismissal on grounds that, for the years charged in Counts One through Six, 1997 through 2002, he had no tax deficiency, the returns cannot be used against him, and the W-4 forms identified in the counts have nothing to do with "income" as alleged in the indictment. As the government points out, dismissal of an indictment is inappropriate so long as it charges in the language of the criminal statute. Defendant does not contend that the indictment fails to track the statutory language but rather attempts to challenge the sufficiency of the evidence.

Nonetheless, the government further points out, and the Court agrees, that Defendant, as an individual who earned "income," was subject to income tax for the years charged in the indictment, and therefore a tax deficiency existed. The tax returns in question may be used in evidence against Defendant as they do not violate his Fifth Amendment right against self-incrimination. *See United States v. Brown*, 591 F.2d 307, 311 (5th Cir. 1979); *see also Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). Additionally,

Defendant's contention that his alleged filing of fraudulent W-4 forms cannot constitute income tax evasion is without merit. *See United States v. King*, 126 F.3d 987, 989-90 (7th Cir. 1997); *United States v. DiPetto*, 936 F.2d 96, 97 (2d Cir. 1991) (citing *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943)).

Next, Defendant moves to dismiss because he earned no income in the "constitutional sense," as opposed to the "ordinary sense," for the relevant time period. Defendant's attempt to draw this distinction fails. Wages such as what Defendant is alleged to have earned clearly constitute gross income under the tax code and do not violate the Sixteenth Amendment. *See C.I.R. v. Glenshaw Glass Co.*, 348 U.S. 426, 432 and n.11, 75 S.Ct. 473, 477 and n.11, 99 L.Ed. 483 (1955); *Quijano v. United States*, 93 F.3d 26, 30 (1st Cir. 1996); *Hyslep v. United States*, 765 F.2d 1083, 1084 (11th Cir. 1985).

Defendant next seeks dismissal on grounds that "the income tax at issue is not 'traceable' to Congress' power to 'lay and collect taxes.'" This argument likewise fails because the federal income tax imposed under Title 26 is a proper exercise of the powers of Congress and, whether the tax is considered "direct" or "indirect," the congressional power to tax income is without question. *See Glenshaw Glass Co.*, 348 U.S. at 432 n.11, 75 S.Ct. at 477 n.11; *Quijano*, 93 F.3d at 30 (citing *Eisner v. Macomber*, 252 U.S. 189, 205, 40 S.Ct. 189, 192, 64 L.Ed. 521 (1920)); *Hyslep*, 765 F.2d at 1084.

Finally, Defendant argues that this Court lacks subject matter jurisdiction over criminal prosecutions under Title 26 because Congress did not expressly give federal courts

jurisdiction over criminal matters arising under this title. However, it has uniformly been held that 18 U.S.C. § 3231, which provides the court with jurisdiction over "all offenses against the laws of the United States," confers jurisdiction over criminal matters under Title 26, and accordingly, challenges of this nature to the jurisdiction of the courts have been routinely denied. *See United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (collecting cases); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991); *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984).

Accordingly, it is now **ORDERED** as follows:

1.      Defendant's motions to dismiss (docs. 20, 23-26) are **DENIED**.

**ORDERED** on this 26th day of April, 2005.

                                              s/ *L.A. Collier*
                                              Lacey A. Collier
                                      Senior United States District Judge