IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN

BENCH MEMORANDUM REGARDING GOVERNMENT'S DOCUMENTARY EVIDENCE

Comes now the United States of America, by and through the undersigned Assistant United States Attorneys, and files this bench memorandum to apprise the court and the defendant of documents it intends to offer into evidence which are self-authenticating pursuant to Fed.R.Evid. 902(1), (5), (9), (10) or (11).

The defendant is charged with six counts of tax evasion and one count of attempting to interfere with the administration of internal revenue laws. As discussed in the government's April 15, 2005, motion in limine, the defendant has not reported income or tax owed during the years in issue in this case, 1997-2002. At the beginning of its case-in-chief, the government plans to offer into evidence a number of documentary exhibits which are self-authenticating under various sub-sections of Fed.R.Evid 902. On April 19, 2005, the government made available to the defendant the certificates of authenticity regarding all of the business records it intends to offer pursuant to Fed.R.Evid. 803(6) and 902(11) and specifically provided the defendant with notice that it intends to offer the business records pursuant to those rules. Also,

at the defendant's April 13, 2005, arraignment the government inquired of the defendant whether he wished to receive discovery in this case, and the defendant stated that he did.  Thereafter, in the presence of Internal Revenue Service Criminal Investigation Special Agent Tanya Burgess, undersigned Assistant United States Attorney Robert Davies handed the defendant a discovery letter which listed all of the documents and materials that the government intends to introduce in this case and which otherwise complied with N.D.Fla.Loc.R. 26.3(B).  AUSA Davies told the defendant that S/A Burgess had the discovery materials available and that she could provide them to the defendant right after they exited the courthouse.  The defendant stated that that was satisfactory.  However, when S/A Burgess brought the discovery materials to the defendant outside the courthouse, the defendant informed her that he did not wish to receive the materials.  The discovery materials are still available for the defendant if he desires to receive them, and they are identified and listed in great detail in both the government's discovery letter to the defendant and in the government's exhibit list which was filed earlier today.

Because the government's offering of self-authenticating exhibits pursuant to Fed.R.Evid. 902 will entail one of the undersigned merely offering the exhibits without testimony of a witness, and the because the number of such exhibits is somewhat lengthy, the government will briefly describe the exhibits and the basis for their self-authentication.

(1) Government exhibits ("GX") ITR-1997 through ITR-2001.  These are certified copies of the defendant's income tax returns for 1997 through 2001 which bear the seal of the Internal Revenue Service, Department of the Treasury, United States of America.  (The defendant did not file a tax return in 2002).  These exhibits are self-authenticating pursuant to Fed.R.Evid. 902(1).  Also, the government notes that while it will present other evidence to show that the returns were signed by the defendant in this case, the fact that the defendant's name is signed to the returns is

prima facie evidence for all purposes that the returns were actually signed by him.  26 U.S.C. § 6064; Fed.R.Evid. 902(10).

(2) GX-Instructions-1997 through Instructions-2002.  These are IRS 1040 instruction booklets for the years 1997 through 2002.  The exhibits are self-authenticating pursuant to Fed.R.Evid. 902(5).

(3) GX-MortgageInterest-1 and GX-RE-Tax-1.  GX-MortgageInterest-1 is a set of IRS records which document the mortgage interest incurred by the defendant in the years relevant to this case.  These are certified documents which bear the seal of the Internal Revenue Service, Department of the Treasury, United States of America and are self-authenticating pursuant to Fed.R.Evid. 902(1).  GX-RE-Tax-1 is a set of records from the Escambia County, Florida, Tax Collector which are certified and bear the seal of that department and which are self authenticating pursuant to Fed.R.Evid. 902(1).  In performing the computation regarding the defendant's tax liability for the years in issue, S/A Burgess itemized deductions for the defendant in the years in which they exceed the standard deduction.  That is, S/A Burgess used the method most favorable to the defendant.  GX-MortgageInterest and GX-RE-Tax-1 will be offered only to document S/A Burgess's use of itemized deductions in computing tax loss, a computation that works to the defendant's advantage.

(4) GX-TA-1990-2002.  "TA" stands for transcript of account.  These are IRS records which document the income and tax reported on the defendant's 1990 through 2001 tax returns and that the defendant did not file a tax return in 2002. These are certified documents which bear the seal of the Internal Revenue Service, Department of the Treasury, United States of America and are self-authenticating pursuant to Fed.R.Evid. 902(1).  The government also notes that the evidence regarding the defendant's pre-1997 returns is admissible to show the defendant's

knowledge of his duty to pay taxes.  United States v. Middleton, 246 F.3d 825, 836 (6th Cir. 2001).

(5) GX-C-Georgia (Correspondence sent by an IRS office in Georgia to the defendant). These are letters sent by the IRS to the defendant, which the defendant copied and sent back to the IRS with a stamped notation that he wanted the letter to be filed as a permanent part of his IRS record.  These are certified documents which bear the seal of the Internal Revenue Service, Department of the Treasury, United States of America and are self-authenticating pursuant to Fed.R.Evid. 902(1).  The government notes that the letters can also be authenticated pursuant to Fed.R.Evid. 901(b)(4).

(6) GX-C-Florida (Correspondence sent by an IRS office in Florida to the defendant). These are letters sent by local IRS office in Pensacola to the defendant.  These are certified documents which bear the seal of the Internal Revenue Service, Department of the Treasury, United States of America and are self-authenticating pursuant to Fed.R.Evid. 902(1).  The letters can also be authenticated pursuant to Fed.R.Evid. 901(b)(4).

(7) GX-C-Alabama (Correspondence sent by an IRS office in Florida to the defendant). This is an October 10, 2001, letter sent by the IRS Birmingham, Alabama, Appeals Office to the defendant.  This is a certified document which bears the seal of the Internal Revenue Service, Department of the Treasury, United States of America and is self-authenticating pursuant to Fed.R.Evid. 902(1).  The letter is also discussed in GX-Order-1, the certified copy of the October 24, 2002, order of the United States District Court for the Northern District of Florida listed below, and may also be authenticated pursuant to Fed.R.Evid. 901(b)(4).

(8) GX-WD-FOIA-1.  (WD stands for Ward Dean, and FOIA stands for Freedom of Information Act).  These are the defendant's FOIA requests to the IRS regarding his tax returns

and the investigation that resulted in this indictment. These are certified documents which bear the seal of the Internal Revenue Service, Department of the Treasury, United States of America and which are self-authenticating pursuant to Fed.R.Evid. 902(1). They may also be authenticated pursuant to Fed.R.Evid. 904(b)(4).

(9) GX-Order-1. This is a certified copy of the United States District Court's October 24, 2002, order in <u>Dean v. United States</u>, Case No. 3:01cv430/LAC. It is certified by the clerk of the court and is self-authenticating pursuant to Fed.R.Evid. 902(1).

(10) GX-AIT-1. These are certified business records of AIT, Inc. which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11). They show that the website www.warddeanmd.com is registered to the defendant.

(11) GX-DFAS-1 through DFAS-3. These are certified business records of Defense Finance and Accounting Service which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11). They are (1) records regarding payments made to the defendant for his Navy pension, (2) copies of the payment checks, and (3) W-4s and records relating to income tax withholding regarding the defendant. The payment checks are also self-authenticating pursuant to Fed.R.Evid. 902(9).

(12) GX-EF-1, GX-EX-1, and GX-TU-1. These are certified business records, which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11), regarding the defendant's credit history from Equifax, Experian and Transunion.

(13) GX-FFI-1. These are certified business records of First Fitness International which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11). They are records of payments from that business to the defendant for work he performed for the company.

(14) GX-FUB-1; GX-MBNA-1 and GX-PNC-1. These are certified business records, which are self-authenticating pursuant to Fed.R.Evid.. 803(6) and 902(11), of First Union Bank, MBNA America, and PNC Bank. These records primarily consists of checks to the defendant, and they corroborate records from the defendant's employers and DFAS regarding payments made to the defendant. The checks are also self-authenticating pursuant to Fed.R.Evid. 902(9).

(15) GX-GPC-1 and GX-WFHM-1. These are certified business records, which are self-authenticating pursuant to Fed.R.Evid 803(6) and 902(11), of Green Point Credit and Wells Fargo Home Mortgage. They are credit applications wherein the defendant reported his monthly income during years under indictment.

(16) GX-JG-1991 through JG-1997. "JG" stands for John Graham, the defendant's former tax return preparer. These are John Graham's certified business records regarding the tax returns he prepared for the defendant for 1991 through 1997 which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11). The government notes that a tax return preparer's work papers which are kept in the regular course of his business are admissible pursuant to Fed.R.Evid. 803(6). See Hoselton v. Metz Baking Company, 48 F.3d 1056, 1061 (8th Cir. 1995); Phoenix Associates, III v. Stone, 60 F.3d 95, 103 (2d Cir. 1995); National Trust Group, Inc. v. City Investing Company Liquidating Trust, 98 B.R. 90, 93 (Bankr. M.D.Fla. 1989).

(17) GX-LEP-1 through LEP-3. These are certified business records of Life Enhancement Products which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11). They are (1) records of payments from that business to the defendant for work he performed for the company, (2) copies of the payment checks, and (3) IRS Form 1099s prepared by the company regarding payments made to the defendant. The payment checks are also self-authenticating pursuant to Fed.R.Evid. 902(9).

6

(18) SP-1.  These are certified business records of Smart Publications which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11).  They are records of payments from that business to the defendant for work he performed for the company.

(19) GX-USGI-1.  These are certified business records of U.S. Global Investors which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11).  They are records regarding an individual retirement account the defendant had with the company.

(20) GX-VRP-1 through VRP-6.  These are certified business records of Vitamin Research Products which are self-authenticating pursuant to Fed.R.Evid. 803(6) and 902(11).  They are (1) IRS Form W-2s and 1099s prepared by the company regarding payments made to the defendant, (2) copies of payment checks, (3) W-4s and records relating to income tax withholding regarding the defendant, (4) copies of payments checks for the defendant's IRA, (5) records regarding the defendant's IRA, and (6) the defendant's employment contracts with the company.  The payment checks are also self-authenticating pursuant to Fed.R.Evid. 902(9).

Respectfully submitted,

GREGORY R. MILLER
United States Attorney

s/ Robert G. Davies

Robert G. Davies
Assistant U.S. Attorney
Florida Bar No. 704301

s/ David L. Goldberg

David L. Goldberg
Assistant U.S. Attorney
Member of the Maryland Bar
21 East Garden Street, Ste. 400
Pensacola, Florida 32501
(850) 444-4000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the fore-going has been delivered via mail to: Ward Franklin Dean, 8799 Burning Tree Road, Pensacola, FL 32514  this the 5th day of May, 2005.

                                              s/ Robert G. Davies
                                              Robert G. Davies
                                              Assistant U.S. Attorney