UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| United States, ) | Case No:  3:05CR25/LAC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Ward Franklin DEAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Defendant's Third Notice to Court of Efforts to Secure Legal Representation
and Renewed Motion to Continue**

Defendant, Ward Franklin Dean, in compliance with order of this Court of August 9th, 2005, reports his ongoing efforts to secure representation have, regretfully, continued to be unsuccessful.

Defendant has received three further responses (of the nearly sixty attorneys to whom he previously sent inquiries) since Defendant's Second Notice, filed on August 1st. Defendant has sent further inquiries, including several subsequent letters to non-responders, and has another interview scheduled for September 6th.

Defendant has interviewed 8 attorneys who initially indicated they would be willing to consider his case. Although all were sympathetic, they either admitted they were not qualified to provide effective assistance of counsel or indicated the research and study which would be required for them to become qualified to mount an effective defense would be prohibitive of their time and fees.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2005 SEP -6  PM 3: 17

RECEIVED
FILED

None were knowledgeable of the issues involved, including the tax code, the constitutional provisions of taxation, nor relevant Supreme Court decisions.

One prominent criminal defense attorney in Pensacola, despite an admitted lack of knowledge regarding the relevant laws and issues involved and after telling Defendant the case appeared "hopeless", then nevertheless brazenly offered to take the case for a $55,000 retainer (Exhibit A), including $5,000 for an "expert witness" who would refuse to testify. Another respondent, who appeared to be qualified, required a retainer of $250,000 (Exhibit B)--far beyond the financial resources of Defendant.

In the course of the interviews held so far, Defendant has yet to find even <u>one</u> attorney who has claimed to have any knowledge whatsoever of the tax code, although several stated they had taken courses in tax law while in law school. Defendant has, in the course of the interviews, inquired as to any knowledge of the three statutes cited in the *Privacy Act and Paperwork Reduction Act Notice* (PAPRAN) (which appears in every 1040 book) which the IRS states are the statutes which grant them the authority to ask for the information on a tax return. Not one attorney interviewed was even aware of the PAPRAN, nor of the three statutes cited therein (26 USC §§ 6001, 6011, and 6012(a)), nor of their requirements for those who are "*liable*" (§ 6001) or who have been "*made liable*" (§ 6011) for "any tax imposed by this title" (Title 26).

Nor were any of the attorneys interviewed able to identify any code section that made Defendant liable for "any tax," nor to identify the Constitutional provisions of taxation (Art 1, Section 2, Cl 3; Art 1, Section 8, Cl 1; Art 1, Section 9, Cl 4; and Art 1, Section 9, Cl 5). None could even identify the Constitutionally designated two great classes of taxes (i.e., Direct taxes, which are required to be

apportioned; and Indirect taxes [Duties, Imposts, and Excises] which are required to be geographically uniform). None of the attorneys knew in which of these two great classes of taxes the income tax (provided for in the Sixteenth Amendment) resided, as determined by a number of landmark Supreme Court decisions.

Thus, despite his best efforts, Defendant has so far been unable to find even one attorney with sufficient knowledge of relevant law regarding this case to infuse in him any confidence whatsoever he would be able to obtain effective representation of counsel in this case.

Defendant would ask the Court to recall that, after being repeatedly advised by the Court and Plaintiff to obtain assistance of counsel, Defendant had secured the services of Mr. Tracy Cowan, who *is* knowledgeable regarding the matters mentioned above, and who Defendant believes would provide effective assistance of counsel.

Defendant spent a substantial amount of money for Mr. Cowan's retainer and trial preparation. Then, through no fault of the Defendant, one branch of the government (DOD) usurped Mr. Cowan's services, preventing him from fulfilling his obligations to Defendant. Defendant fails to see how the interests of justice will be served by rushing him to trial without effective assistance of counsel that the Court so often admonished him to obtain.

The circumstances regarding Defendant's being forced to obtain new counsel in this case are unique, and are not the fault of Defendant or his former attorney, but of the entities (DOJ/IRS) attempting to prosecute Defendant.

The government has spent many years investigating this case. Thus, it is not clear to Defendant why there is such an apparent need for a sudden rush to

trial—especially since it is the same government that is prosecuting Defendant that took away his attorney. Delaying this case for a year (when Mr. Cowan will return from active duty) is not without precedent. A similar tax case in Nevada (CR-S-04-0119-KJD-LRL) has been pending for nearly a year and a half, without any apparent detriment to the government's case.

Therefore, in view of the difficulties Defendant has encountered in securing qualified replacement counsel despite diligent efforts, Defendant respectfully renews his request to continue this case until his former counsel, Mr. Tracy Cowan, returns from his active duty committment and can provide Defendant with effective assistance of counsel.

Defendant has notified Plaintiff (AUSA Robert G. Davies) of his intention to file this Renewed Motion to Continue. Mr. Davies stated that he would oppose the Motion.

Respectfully submitted,

_____
Commander Ward Franklin Dean, M.D. (U.S. Navy, retired)
Defendant, *in propria persona*
8799 Burning Tree Road
Pensacola, Florida 32514
(850) 484-0595

## Certificate of Service

This is to certify that a copy of **Defendant's Third Notice to Court of Efforts to Secure Legal Representation and Renewed Motion to Continue** was sent by first class mail on this 6th day of September, 2005, to AUSA Robert G. Davies at 21 East Garden Street, Suite 400, Pensacola, Florida 32502.

_____

Ward Franklin Dean

# BEROSET & KEENE
*Attorneys at Law*

---

**Barry W. Beroset**‡
**Laura E. Keene**\*\*
**Ross A. Keene**‡‡

\*Board Certified in Criminal Trial Law
\*\*Board Certified in Marital and Family Law

417 East Zaragoza Street
Pensacola, FL 32502
Telephone: (850) 438-3111
Facsimile: (850) 432-1919
Email: bklegal@bellsouth.net

‡Also admitted in Ohio and
the District of Columbia

‡‡Also admitted in Illinois and
the District of Columbia

August 1, 2005

**VIA FAX & U.S. MAIL:**
**Attorney/Client Privilege**
Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, FL 32514

Fax No. 477-8610 (1 page)

Re:   U.S. v. Dean

Dear Dr. Dean:

    I have spoken to Robert Davies and he estimates that his time for trial would take approximately a day and a half. I have also spoken to an expert who used to be in charge of one of the IRS offices in Atlanta. He has worked on criminal cases. He will be available to consult with me and meet with us, but will not agree to appear as an expert witness for the Defense. He said he has seen many of these cases when he was an IRS agent.

    I would be willing to represent you subject to the following conditions: 1) I will make a limited appearance and ask for a continuance hoping that the Court would schedule this case toward the end of October. If not, I do not know if I could represent you. The case is now scheduled for September 6, 2005 and the Government will oppose a continuance. 2) I would want $55,000 deposited in my trust account; $35,000 would be a non-refundable retainer for preparation for trial; $15,000 for trial for the first week or any portion thereof and a $5,000 cost deposit for consultation with an expert. If the trial should last more than a week, additional funds would be required. Should we expend all of the cost deposit, additional funds would be required to be deposited as well.

    If you would like me to represent you in this matter, I will be back in town on August 8, 2005 in order to finalize the agreement to represent you.

    I will not appear, even on a limited basis, without a deposit of the funds as noted above. If the Court were not to grant a continuance or agree to a reasonable delay, I will refund all monies deposited.

    Thank you for consulting with me. I look forward to hearing from you.

Sincerely,

Barry W. Beroset

BWB/js


Exhibit A

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
LESLIE G. WEEKS *
LOUISA LONG STOCKMAN
PATRICK C. FINNEGAN †
JASON R. WATKINS
CHRISTOPHER T. CONTE ◊

A PROFESSIONAL CORPORATION

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

fgh@helmsinglaw.com

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

\* ALSO ADMITTED IN FLORIDA
\*\* ALSO ADMITTED IN LOUISIANA
† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN MISSISSIPPI

August 12, 2005

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, FL 32514

Dear Dr. Dean:

I have your letter of August 1, 2005. In response to the questions raised in your letter I submit the following:

1. I have practiced law for forty-one years. During virtually all of that time I have handled criminal tax investigations and trials. Most of the cases have been resolved without an indictment. I do not know the precise number of criminal tax trials that I have tried, but I would estimate it is approximately twenty trials, with the defendant prevailing about seventy-five percent of the time. I have a Master of Laws in Taxation from New York University and an undergraduate degree in accounting .

2. I am somewhat familiar with the procedures of the Internal Revenue Service of maintaining transcripts and other information with regard to a taxpayer's individual account. I am further familiar with the practices with regard to maintenance of the original filed income tax returns.

3. Through the years, I have had cases that involve various issues with regard to Title 26 and its regulations, including prior tax acts. I have also had to deal with constitutional provisions relating to taxation.

4. Finally, my hourly rate in handling matters of this nature is $375 an hour. I would require in a case such as this, since it has already gone to indictment, a retainer of $250,000, against which I would bill my services and the services of the lawyers who work in my firm who work on this matter. The retainer may be sufficient to resolve the matter. If it is not, I would require that the retainer be replenished from time to time as necessary.



Exhibit B-1

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

Ward Dean, M.D.
August 12, 2005
Page Two

_____

      If you have any question or want to discuss this you can give me a call.

                                          Sincerely yours,

                                          FREDERICK G. HELMSING

FGH:cbq


Exhibit B-2