# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

United States,

   Plaintiff,

v.

Ward Franklin DEAN,

   Defendant.

)
)
)
)
)
)
)
)
)
)

Case No: 3:05CR25/LAC

---

### Defendant's Combined Motion and Memorandum of Law and Points of Authority
### for Reconsideration of the Court's Order of September 7, 2005

Ward Dean (hereinafter "Dean"), Defendant herein, moves the Court to vacate or otherwise reconsider its Order of September 7, 2005 (Doc 65), which effectively states that the Court has revoked Dean's Sixth Amendment right and is requiring him "to be representing himself in these proceedings. Defendant is expected to comply with the Court's April 14, 2005, Scheduling Order and with the Local Rules for the Northern District of Florida." In sum, the Court is proceeding to a trial of this matter without jurisdiction to do so as argued below.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2005 SEP 15 PM 2: 55



FILED

## Statement of the Issue

Whether the Court should vacate or otherwise reconsider its Order of September 7, 2005, which compels Dean to waive his Sixth Amendment right to the assistance of counsel and proceed *pro se* in the instant matter.

## Procedural History

On June 27, 2005, a hearing was held on Dean's Motion to Continue the trial of this case. Dean's counsel of choice, James Tracy Cowan, had been notified by the United States that he was being activated for military service. Mr. Cowan sought a continuance until release from active duty (REFRAD). The Court immediately denied the motion (T. 3:1-24), but released Mr. Cowan from the case. (T. 8:24-25 thru T. 9:1-8)

The Court provided Dean with two weeks or until July 11, 2005 to submit in writing on that day the efforts that he has made to obtain counsel. (T. 9:20-24)

On July 15, 2005, Dean filed his *Notice of Efforts to Secure Legal Representation* with the Court (delayed due to Hurricane Ivan). (Doc. 59) On July 20, 2005, the Court's Order was entered granting Dean until August 1, 2005, in which to again report on the progress of his efforts to obtain counsel. (Doc. 60)

On August 1, 2005, Dean filed his *Second Notice to Court of Efforts to Secure*

*Legal Representation.* (Doc. 61)  On August 9, 2005, the Court entered an Order directing that "Defendant shall secure counsel, and such counsel shall appear in this case on or before September 2, 2005, failing which Defendant shall be deemed to be representing himself in these proceedings."  A trial date was then set by the Court for October 3, 2005.  (Doc. 62)

On September 6, 2005, Dean filed his *Third Notice of Efforts to Secure Legal Representation and Renewed Motion to Continue.*  (Doc. 64)  Dean explained that he spent a substantial amount of money for Mr. Cowan's retainer and trial preparation.  Through no fault of Dean's, one branch of the government (the Department of Defense) prevented Mr. Cowan from fulfilling his obligations to Dean.  "The circumstances regarding Defendant's being forced to obtain new counsel in this case are unique, and are not the fault of Defendant or his former attorney... ."  (Id., p. 3)

On September 7, 2005, the Court entered an Order instructing Dean to represent himself in these proceedings.

### Argument

The Sixth Amendment to the United States Constitution provides in part that "the accused shall enjoy the right ... to have the assistance of Counsel for his defense" in all criminal prosecutions.  U.S. Const. Amend. VI.  The right to counsel, however, does not depend upon whether the proceeding is

characterized as "criminal" or "civil." The Supreme Court has said, "This right extends to every case in which the litigant may be deprived of his personal liberty if he loses." *Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981). See also *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir. 1983).

The courts have "uniformly recognized the right to appointed counsel" even in various contempt proceedings. The Supreme Court has held that "the due process clause requires the benefit of counsel for the accused contemnor in constructive contempt cases." *In re Oliver*, 333 U.S. 257, 275 (1948); *Cooke v. United States*, 267 U.S. 517, 537 (1925)). See also *Henkel v. Bradshaw*, 483 F.2d 1386 (9th Cir. 1973) (holding that ***due process*** requires counsel in contempt cases); *Ridgway*, 720 F.2d at 1415; *Maine v. Moulton*, 474 U.S. 159, 168-169 (1985) ("The right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments is indispensable to the fair administration of our adversarial system of criminal justice.").

The issuance of the Court's order compelling Dean to proceed *pro se*, and the revocation of Dean's Sixth Amendment right to the assistance of counsel, is beyond the power of any Court. As in *Maine v. Moulton*, supra, *Argersinger v. Hamlin*, 407 U.S. 25, 92 (1972), and *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Supreme Court found it necessary to restate Justice Sutherland's opinion in *Powell v. Alabama*, 287 U.S. 45 (1932), on the issue of one's right to counsel. It is

again necessary in the case at bar to quote Justice Sutherland.

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of the law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he may have a perfect one. He **requires the guiding hand of counsel at every stage of the proceedings against him**. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

*Powell*, 287 U.S. at 68-69. [Bold emphasis added]

This is precisely what is occurring in the instant matter. Dean has an excellent defense, but without "the guiding hand of counsel at every stage of the proceedings," Dean could be found guilty due to the Court's unconstitutional revocation of his Sixth Amendment right to the assistance of counsel. When an individual has been denied due process, his guilt or innocence is irrelevant; he has *not* been tried by civilized standards, and cannot be punished until he has been. *Henderson v. Bannan*, 256 F.2d 363, 388 (1958). The denial of Dean's right to counsel abridged his right to a hearing. *Powell*, supra.

The Supreme Court has recognized an individual's right to counsel includes the proceedings prior to a trial: "...to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the

trial itself. Recognizing that the right to the assistance of counsel *is shaped by the need for the assistance of counsel*, we have found that the right attaches at earlier, 'critical' stages in the criminal justice process 'where the results might well settle the accused's fate and reduce the trial itself to a mere formality.'"[1] *Maine v. Moulton*, 474 U.S. at 170 (citations omitted). [Bold emphasis added]

There is no question that a person may waive the right to counsel and defend against charges in an indictment *in propria persona*. To be valid, however, the waiver of this fundamental constitutional guarantee must be voluntary, knowing and intelligent. See, e.g., *Sanchez v. Mondragon*, 858 F.2d 1462, 1465 (10th Cir. 1988). Indeed, before allowing a defendant to proceed *in propria persona*, a United States District Court Judge must ensure and establish on the record that defendant "knows what he is doing and [that] his choice is made with eyes open." *Faretta v. California*, 422 U.S. 806, 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

*Faretta* requires a showing on the record that the defendant who elects to conduct his own defense had some sense of the magnitude of the undertaking and the hazards inherent in self-representation when he made the election. The task of ensuring that defendant possesses the requisite understanding intially

---

[1] The Court: "You either do make money or you don't make money. You paid taxes or you didn't." (T. p. 5:2-3)

falls on the trial judge, who must bear in mind the strong presumption against waiver. *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

> *Von Moltke*, 332 U.S. at 723-24, 68 S.Ct. at 323.

The federal courts have reiterated that the factors articulated must be conveyed to the defendant *by the trial judge* and *must appear on the record* so that appellate review may be conducted without speculation. The inquiry mandated by the federal courts must occur at a *pre*trial hearing, so that if the defendant decides not to waive his right to counsel, he will have a meaningful opportunity to exercise it. See, e.g., *United States v. Padilla*, 819 F.2d 952 (10th Cir. 1987); *United States v. Mitchell*, 788 F.2d 1232, 1235 (7th Cir. 1986); *United States v. Martin*, 790 F.2d 1215, 1218 (5th Cir. 1986).

The Supreme Court's and Circuit Courts' opinions are definitive that an accused may waive his right to be represented by counsel, provided that such waiver is intelligently and understandingly made. *Carnley v. Cochran*, 369 U.S.

506 (1962); _Walton v. Arkansas,_ 371 U.S. 28 (1962). On the other hand, even an accused's failure to request the assistance of counsel *is **not** a waiver* of his constitutional right to the assistance of counsel, _McNeal v. Culver,_ 365 U.S. 109 (1961), and it *may **not** be presumed* from a silent record, even if it shows that the accused pleaded guilty, that he intelligently and understandingly waived his constitutional right to the assistance of counsel. _Carnley,_ supra. "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. *__Anything__ __less__ __is__ __not__ __waiver__.*" Id. [Bold and italic emphasis added]

The record in the instant matter shows that Dean at no time waived his right to counsel. At no time has the Court complied with the mandates of the Supreme Court. Instead, the Court took it upon itself to purportedly revoke Dean's absolute right and constitutional mandate pursuant to the Sixth Amendment of his right to counsel during the entirety of these proceedings, which denied him due process of law, and the Court's September 7, 2005 Order is therefore void.

## Conclusion

Dean is entitled under the Sixth Amendment to be represented by counsel during these proceedings, and to have one appointed to him if he is indigent. The record clearly establishes the Court erroneously concludes that Dean is not

entitled to counsel and must proceed *pro se.*

Accordingly, Dean moves this Court for an order vacating or otherwise reconsidering the Court's Order revoking his Sixth Amendment right to counsel and ordering Dean to proceed *pro se.*

Respectfully Submitted,

Ward Dean, M.D.
Commander, USN (Ret)
*In Propria Persona*
8799 Burning Tree Road
Pensacola, Florida  32514
850-484-0595

## Certificate of Compliance with N.D. Fla Local Rule 7.1(B)

I certify that prior to filing this Motion, Defendant conferred with counsel for the United States in a good faith but unsuccessful effort to resolve by agreement the issues raised in this Motion.

Ward Dean, M.D.
Defendant, *In Propria Persona*

## Certificate of Service

This is to certify that a copy of this **Defendant's Motion and Memorandum of Law and Points of Authority for Reconsideration of the Court's Order of September 7, 2005** was hand delivered on September ⟨15⟩, 2005, to AUSA Robert G. Davies at 21 East Garden Street, Suite 400, Pensacola FL  32502

Ward Dean, M.D.
*In Propria Persona*

9