IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                        Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN
_____

GOVERNMENT'S RESPONSE TO DEFENDANT'S
SEPTEMBER 26, 2005, OPPOSITION TO FARETTA HEARING

Comes now the United States of America, by and through the undersigned Assistant United States Attorneys, and files this response to the defendant's September 26, 2005, opposition to Faretta hearing.

By his motion, the defendant contends that since he has appealed this court's September 7, 2005, order that, in consideration of the court's August 9, 2005, order, the defendant is now deemed to be representing himself, this court no longer has jurisdiction over this case. For the reasons set forth below, the defendant's contention is meritless.

The Eleventh Circuit Court of Appeals' jurisdiction is limited to "final decisions of the district court." Flanagan v. United States, 465 U.S. 259, 263, 104 S.Ct. 1051, 1054 (1984); accord 28 U.S.C. § 1291. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204, 119 S.Ct. 1915, 1920 (1999)(internal quotations omitted); accord Midland Asphalt Corporation v. United States, 489 U.S. 794, 798, 109 S.Ct.

1494, 1497 (1989). "In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." Flanagan, 465 U.S. at 263, 104 S.Ct. at 1054.

The final judgment rule minimizes appellate-court interference with pre-trial decisions by the district court, reduces the ability of litigants to harass opponents and clog the courts, and is crucial to the efficient administration of justice. Flanagan, 465 U.S. at 263-64, 104 S.Ct. at 1054. The final judgment rule "is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation." Flanagan, 465 U.S. at 264, 104 S.Ct. at 1054 (internal quotations omitted).

There is a narrow exception to the final judgment rule:

The Court has allowed a departure only for the limited category of cases falling within the collateral order exception delineated in Cohen [v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221 (1949)]...To come within this narrow exception ... a trial court order must, at a minimum, meet three conditions. First, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; third it must be effectively unreviewable on appeal from a final judgment.

Flanagan, 465 U.S. at 265, 104 S.Ct. at 1054-55 (internal quotations and citations omitted). "The collateral order doctrine is rarely applied in criminal cases: '[the Supreme Court has] interpreted the collateral order doctrine with the utmost strictness in criminal cases.'" In Re: Grand Jury Subpoena (Nos. 98-40870, 99-40262 and 99-40271), 190 F.3d 375, 381 (5th Cir. 1999), quoting, Midland Asphalt, 489 U.S. at 799, 109 S.Ct. at 1498; accord Flanagan, 465 U.S. at 264, 104 S.Ct. at 1054.

As such, in criminal cases the Supreme Court has "found denials of only three types of motions to be immediately appealable: motions to reduce bail ... motions to dismiss on double jeopardy grounds ... and motions to dismiss under the Speech or Debate Clause." Midland Asphalt, 489 U.S. at 799, 109 S.Ct. 1498 (internal citations omitted); accord Flanagan, 465 U.S.

at 265-66, 104 S.Ct. at 1055.[1]  Furthermore, district court orders regarding whether a specific lawyer may represent a defendant and whether a defendant will be represented by a lawyer at all are not immediately appealable.  Flanagan, 465 U.S. at 260, 266-270, 104 S.Ct. at 1052, 1055-57.  Accordingly, this court's September 7, 2005, order is not immediately appealable, and the defendant's notice of appeal does not divest this court of jurisdiction over this case.  The court should proceed with the hearing it has scheduled for October 3, 2005.

The government notes that the court's decision to conduct the hearing is especially appropriate given the representations made at pp. 9-14 of the defendant's opposition to Faretta hearing.  As the government has recognized throughout this case, an indigent defendant has a right to court-appointed counsel.  (See Doc. 21 - Pg. 2; Doc. 69 - Pgs. 6-7).  The government also recognizes that in the exceptional case where a defendant is unable to hire counsel due to non-economic reasons, the defendant has the right to court-appointed counsel (although the court should require the defendant to pay for that counsel).  See Fed.R.Crim.P. 44(a)("A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right"); Fed.R.Crim.P. 44(a), Advisory Committee Note as amended in 1966 ("The right to assignment of counsel is not limited to those financially unable to obtain counsel.  If a defendant is able to compensate counsel but still cannot obtain counsel, he is entitled to the assignment of counsel even though not to free counsel"); Wright, King & Klein, Federal Practice and Procedure: Criminal 3d § 732 (2004)(discussing Rule 44(a) and the 1966 Advisory

---

[1] Additionally, the Eleventh Circuit has found that an order committing a defendant based on his incompetency pursuant to 18 U.S.C. § 4241(d) is immediately appealable.  United States v. Donofrio, 896 F.2d 1301, 1303 (11th Cir. 1990).

Committee Note).[2] On the other hand, as the court has recognized in previous rulings in this case, this case cannot be postponed indefinitely and society has a strong interest in this case being tried promptly. See Flanagan, 465 U.S. at 264-65, 104 S.Ct. at 1054. It is the government's position that the court has appropriately and wisely scheduled a hearing on October 3, 2005, to ensure that the trial of this cause comports with the Constitution and the Federal Rules of Criminal Procedure.

          Respectfully submitted,

          GREGORY R. MILLER
          United States Attorney

          s/ Robert G. Davies

          Robert G. Davies
          Assistant U.S. Attorney
          Florida Bar No. 704301

          s/ David L. Goldberg

          David L. Goldberg
          Assistant U.S. Attorney
          Member of the Maryland Bar
          21 East Garden Street, Suite 400
          Pensacola, FL 32501
          (850) 444-4000

---

[2] Of course, a defendant who is entitled to court-appointed counsel is entitled to just that, court-appointed counsel -- he is not entitled to representation by a particular lawyer of his own choosing. Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697 (1988); United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997); Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985).

CERTIFICATE OF SERVICE

       I hereby certify that a copy has been delivered via the court's ecf system and/or by mail to: Ward Dean, 8799 Burning Tree Road, Pensacola, FL 32514 this the 27th day of September, 2005.

                                          s/ Robert G. Davies
                                          Robert G. Davies
                                          Assistant U.S. Attorney