IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                Case No. 3:03CR4-LAC

MILTON LEWIS,

        Defendant.

_____/

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                Case No. 3:05cr25-LAC

WARD FRANKLIN DEAN,

        Defendant.

_____/


TRANSCRIPT OF FIRST APPEARANCE AND ARRAIGNMENT HEARING

        The above-entitled matter came on to be heard before

the Honorable G. MILES DAVIS, United States Magistrate Judge,

in the United States Courthouse, Pensacola, Florida, on the

17th day of March, 2005, commencing at 2:34 p.m.

# W. PAUL RAYBORN

**UNITED STATES COURT REPORTER**
245 U.S. COURTHOUSE
ONE NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32501-5665
T. 850.432.1808 • F. 850.432.1809
PRAYBORN@BELLSOUTH.NET



```
 1   APPEARANCES:

 2   For the Government:        ROBERT M. DAVIES and
                                DAVID L. GOLDBERG
 3                              Assistants United States Attorney
                                21 East Garden Street, Suite 400
 4                              Pensacola, FL 32502-5675

 5   For the Defendant Lewis:   THOMAS S. KEITH
                                Assistant Federal Public Defender
 6                              3 West Garden Street, Suite 200
                                Pensacola, FL 32502-5654
 7
     For the Defendant Dean:    Pro se
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

THE COURT:  Thank you.  Be seated, everyone.

Mr. Davies, good afternoon.

Mr. Keith.

Let's see.  Where is Mr. Lewis?

THE DEFENDANT LEWIS:  Right here, Your Honor.

THE COURT:  And Dr. Dean, I believe?  You may keep your seat, sir.  I wanted to make sure where everybody was.

I'm gonna address the two of you gentlemen to start with, and then I will take up your cases individually.  You are both appearing in United States District Court for the Northern District of Florida before a magistrate judge because the United States alleges that you have committed a federal offense.

Mr. Lewis, in your case it's alleged that you have escaped from the service of a sentence.  Do you understand the charge against?

THE DEFENDANT LEWIS:  Yes, sir.

THE COURT:  Do you understand why you are here?

THE DEFENDANT LEWIS:  Yes, sir.

THE COURT:  Dr. Dean, the indictment against you indicates that you have violated the income tax laws.  Do you understand what you are charged with?

THE DEFENDANT DEAN:  No, sir.

THE COURT:  Mr. Davies will explain it to you.

1    MR. DAVIES: Mr. Dean, you are charged with six

2 counts of tax evasion for each of the following years, 1997,

3 1998, 1999, 2000, 2001 and 2002. And you are also charged in

4 Count Seven with one count endeavoring to obstruct or impede

5 the due administration of the Internal Revenue laws during the

6 time period of on or about January 13, 2002 through on or about

7 February 26th, 2002. Do you understand what you are charged

8 with?

9    THE DEFENDANT DEAN: I understand what I'm charged

10 with, but I don't understand why I'm being charged.

11    THE COURT: Well, Dr. Dean, that will be covered in

12 due course. The only thing I need to satisfy myself is you

13 understand you are being charged with tax evasion and one count

14 of obstruction or attempted obstruction.

15    All right. You both have the right to remain silent.

16 Anything that you say can and will be used against you in this

17 proceeding or latter. You also have the right to speak or

18 testify or say your piece or tell your side of the story at any

19 hearing or trial, if that's your desire. Before you decide to

20 testify, though, I strongly recommend you consult with an

21 attorney to make sure that will be in your best interest. As

22 I'm sure you know, you both have a right to an attorney. You

23 have the absolute right to hire one, if you can afford to do

24 so. If you cannot afford to hire an attorney, I can consider

25 appointing one to represent you at the government's expense.

```
 1            I will ask you first, Mr. Lewis.  Do you want to be

 2   represented by an attorney?

 3            THE DEFENDANT LEWIS:  Yes, Your Honor.

 4            THE COURT:  Do you have the money to hire one?

 5            THE DEFENDANT LEWIS:  No, Your Honor.

 6            THE COURT:  Dr. Dean?

 7            THE DEFENDANT DEAN:  Your Honor, I -- I want to be

 8   appoint -- represented by an attorney, but I'm not prepared to

 9   select one right now.  I really haven't looked into that at

10   all.

11            THE COURT:  All right.  Well, let me ask --

12            You can keep your seat.

13            -- is the government seeking to detain this

14   defendant?

15            MR. DAVIES:  Mr. Dean, no, Your Honor.

16            THE COURT:  All right.  Well, in that case you will

17   have ample opportunity to go find a lawyer.  If you are

18   uncomfortable with anything that happens today, I will ask

19   Mr. Keith to advise you just as a standby attorney.  What's

20   gonna happen today I don't think is going to be particularly

21   threatening, but after today you do need to be talking to a

22   lawyer.  Clear?

23            THE DEFENDANT DEAN:  (Nodded affirmatively).

24            THE COURT:  Now, if you cannot make arrangements to

25   hire a lawyer, you need to notify the court within ten days --
```

1    THE DEFENDANT DEAN:  (Nodded affirmatively).

2    THE COURT:  -- because these cases tend to move

3 quickly.  And if you are having trouble finding a lawyer, then

4 I tell -- if -- if you can't afford one, for example, I can

5 consider appointing the Public Defender's Office to represent

6 you, and I will consider doing that, but it's not gonna happen

7 the week before trial, it's gonna happen within the next week

8 and a half.

9    THE DEFENDANT DEAN:  (Nodded affirmatively).

10    THE COURT:  Do you understand?

11    THE DEFENDANT DEAN:  Yes, sir.

12    THE COURT:  All right.  Mr. Lewis, let me ask you to

13 stand and be sworn.  I need to ask you some questions

14 concerning your finances, sir.

15  (Whereupon, the defendant Lewis was duly sworn as follows:)

16    THE CLERK:  You do solemnly swear that the statements

17 you are about to make will be the truth, so help you God?

18    THE DEFENDANT LEWIS:  Yes.

19    THE CLERK:  Thank you.  Be seated, please.

20  (Whereupon, portion regarding defendant Lewis not

21 transcribed.)

22    THE COURT:  First appearance.

23  (Pause.)

24    Dr. Dean, you are also here on an indictment which

25 again means the grand jury has found probable cause.  And you

1 also need to be arraigned.  Again, the arraignment is a time at

2 which you are formally informed of the charge against you and

3 enter a plea and are given a trial date.  Ordinarily I do the

4 arraignment at the conclusion of the first appearances which

5 would be this afternoon.

6 THE DEFENDANT DEAN:  (Nodded affirmatively).

7 THE COURT:  I don't know if you are willing to go --

8 go ahead and have your arraignment, talk to Mr. Keith about

9 that, or wait until you find a lawyer, but we can't wait very

10 long to get the arraignment process done.

11 MR. KEITH:  I would -- I would recommend you wait

12 until he's able to determine who is gonna be his lawyer.

13 THE COURT:  Well, I think that's probably in his best

14 interest.

15 THE DEFENDANT DEAN:  I will take his recommendation.

16 THE COURT:  Well, then, we need to go ahead and

17 schedule the arraignment.  We need to do it before the end of

18 March.  Let's do it -- what's next Friday?

19 (Pause.)

20 Well, let's -- let's do this arraignment on Friday,

21 March 25th, 2:00 o'clock.

22 Sir, that should give you plenty of time to hire

23 counsel.  Again, if you haven't, you need to let me know in

24 advance of that or let the clerk's office know in advance of

25 that and we can consider taking further steps.

1    MR. DENNIS:  Yes, sir.

2    THE COURT:  But in either event, as I'm sure you

3    recognize, you need a lawyer in a case of this nature, but you

4    can't put off dealing with it for very long.

5    THE DEFENDANT DEAN:  Yes, sir.

6    MR. KEITH:  What time is that, Your Honor, the

7    arraignment?

8    THE COURT:  2:00 o'clock.

9    (Pause.)

10    All right.  Is -- I have -- you have already

11    indicated, Mr. Davies, that the government is not seeking

12    detention in this case?

13    MR. DAVIES:  That's -- that's correct, Your Honor.

14    THE COURT:  Dr. Dean, I'm going to enter an order

15    that you be released pending trial, but there are some

16    conditions to that that we need to talk about.  I see from the

17    pretrial services report that you declined to be interviewed.

18    But before you can be released on supervision, you have to give

19    the -- our Pretrial Services Office some information about

20    yourself, where you live, how to contact you, nothing that

21    would tend to incriminate you or having anything to do with the

22    facts of this case.  But if they are gonna supervise you, they

23    need to know who and where you are.  So you will be interviewed

24    before you leave this afternoon, after the marshals process

25    you, I guess by Mrs. King, and you will be required to give her

1  whatever information that she requests.

2         The -- the conditions upon which you are released are

3  standard conditions which include commit no crimes, federal,

4  state, or local, appear for all required court appearances, and

5  also you will be required to report to the Pretrial Services

6  Office every Monday no later than noon.  Just need to call them

7  on the phone.  You need to maintain your current employment.

8         Do you have any plans to travel anytime soon?

9         THE DEFENDANT DEAN:  Yes, sir.  I have some that are

10  job-related.  Also my children attend school at Lyman Ward

11  Military Academy in Auburn, up near Auburn, and we get up there

12  about twice a month.

13         THE COURT:  Other than going to Auburn, what kind of

14  business trips do you have?

15         THE DEFENDANT DEAN:  I attend a number of medical

16  meetings where I represent one of the companies I work for, and

17  it's basically scientific professional meetings.

18         THE COURT:  I understand the nature of them, but

19  where are we talking about going?

20         THE DEFENDANT DEAN:  Could be anywhere in the United

21  States.  I've -- I've got one that's scheduled in Italy which

22  I'm going to cancel, and another one in Singapore which I'm

23  going to cancel, obviously.

24         THE COURT:  Certainly I will not allow you to leave

25  the country, and we will get to that in a moment.

1        Does the government have any suggestions on travel

2  restrictions?  Ordinarily we restrict travel to the Northern

3  District of Florida, but I don't know if that's appropriate in

4  this case.

5        MR. DAVIES:  Your Honor, the government would not

6  have any objection with him clearing his travel in the United

7  States with Pretrial Services.  If he wants to go somewhere in

8  the country and it's okay with Pretrial Services, it's okay

9  with the government.

10       THE COURT:  All right.  Typically what I do in a case

11  of this nature is I will order that you -- your travel is

12  restricted to the Northern District of Florida, which runs

13  roughly from here to Gainesville, but that I will give the

14  Pretrial Services Office the authorization to allow you to

15  travel for family matters and business matters so long as you

16  give them whatever they tell you is ample advance warning and

17  show them that if you are gonna -- if you are gonna fly to New

18  York for a conference, you've got to -- you've got some

19  information that there is a conference and you've got round

20  trip tickets and all that sort of thing.  Again, I don't want

21  to interfere with your business practices, but if you are gonna

22  be released on supervision, that supervision is gonna be there.

23       THE DEFENDANT DEAN:  Thank you, Your Honor.  I

24  appreciate that.

25       THE COURT:  I assume you have a passport.  You will

1   be required to surrender your passport.

2          THE DEFENDANT DEAN: Yes, sir.

3          THE COURT: Do you own any firearms?

4          THE DEFENDANT DEAN: Yes, sir. I've got a pistol.

5          THE COURT: All right. Well, you will not be allowed

6   to possess a firearm --

7          THE DEFENDANT DEAN: Okay.

8          THE COURT: -- or destructive device or other

9   dangerous weapon.

10          THE DEFENDANT DEAN: Yes, sir.

11          THE COURT: Mrs. King will brief you on the

12   requirements for getting that into the hands of some other

13   person so that she can verify that it's been turned over to a

14   relative or neighbor or someone.

15          THE DEFENDANT DEAN: Yes, sir.

16          THE COURT: And that needs to be done pretty quickly.

17          I will order that you not use alcohol to excess, that

18   you not use, possess -- or possess any controlled substance if

19   it's not prescribed for you, and that will be by some other

20   physician. I assume you don't prescribe for yourself. That

21   you participate in any drug testing that may be directed by the

22   Pretrial Services Office, and that you participate in any drug

23   abuse or mental health treatment as they may deem necessary.

24          Any other suggestions or need for conditions?

25          MR. DAVIES: Not from the government, Your Honor.

```
 1              THE COURT:  Any objection to any of those?

 2              THE DEFENDANT DEAN:  No, sir.

 3              THE COURT:  All right.  You understand what I have

 4   said, then?

 5              THE DEFENDANT DEAN:  Yes, sir.

 6              THE COURT:  All right.  We will have an order up

 7   shortly that you can look at.  You can consult with Mr. Keith

 8   if you want to.  Make sure you go over it.  You need to sign

 9   it.  You will be given a copy to take with you.  Read it very

10   carefully to make sure that you don't violate the conditions of

11   release.  And understand -- and I'm not saying that this will

12   happen, but if you violate any of the conditions of your

13   pretrial release, you can be summoned back to court or arrested

14   and brought back to court, and I will then decide what to do

15   about it.  So, you know, that's something you need to be very

16   concerned about.

17              THE DEFENDANT DEAN:  (Nodded affirmatively).

18              THE COURT:  All right.  Anything else on Dr. Dean's

19   first appearance?

20              MR. DAVIES:  Your Honor, the indictment in this case

21   was sealed.  The government would move to unseal the

22   indictment.

23              THE COURT:  All right.  That motion is granted.  The

24   indictment will be unsealed.

25              All right.  Then we need to arraign Mr. Lewis.
```

```
 1              Mr. Lewis, I need you to stand, please, sir, and
 2     direct your attention to the Assistant United States Attorney
 3     who is going to be addressing you .
 4          (Whereupon, defendant Lewis' arraignment not transcribed.)
 5              THE COURT:  Anything else we need to do this
 6     afternoon, then, any party?
 7              MR. GOLDBERG:  No, Your Honor.
 8              MR. DAVIES:  No, Your Honor.
 9              THE COURT:  All right.  We will have an order up for
10     Dr. Dean shortly.
11              Court's adjourned.
12          (Hearing concluded at 2:50 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                        C E R T I F I C A T E

2    STATE OF FLORIDA          )

3    COUNTY OF ESCAMBIA        )

4              I, W. PAUL RAYBORN, RPR, United States Court Reporter

5    in Pensacola, Florida, do hereby certify as follows:

6              THAT I correctly reported in computer-aided machine

7    shorthand the foregoing proceedings at the time and place

8    stated in the caption thereof;

9              THAT I later reduced my computer-aided shorthand notes

10   to computer-aided transcription, or under my supervision, and

11   that the foregoing pages numbered 1 through 13, both inclusive,

12   contain a full, true and correct transcript of the proceedings

13   on said occasion;

14             THAT I am neither of kin nor of counsel to any party

15   involved in this matter, nor in any manner interested in the

16   results thereof.

17             DATED THIS _28th_ DAY OF _September_, 2005.

18

19

20

21

22                        _W. Paul Rayborn_
                          W. PAUL RAYBORN, RPR
                          United States Court Reporter
23

24

25
```