**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court on two motions to dismiss filed by Defendant (docs. 67, 71) and the Government's responses thereto (docs. 70, 74). For the reasons stated below, Defendant's motions are **DENIED**.

Defendant first moves (doc. 67) to dismiss Counts One through Six of the indictment because they fail to charge an actual offense because the statute under which these Counts were charged, 26 U.S.C. § 7201, is merely a penalty provision. However, Section 7201 is not merely a penalty provision but specifically prohibits the type of activity with which Defendant is charged. *See Sansone v. United States*, 380 U.S. 343, 350-51, 85 S.Ct. 1004, 1009-10, 13 L.Ed.2d 882 (1965); *United States v. Gaumer*, 27 F.3d 568, No. 93-4155 (6th Cir. June 17, 1994) (Table, Text in Westlaw); *United States v. Vroman*, 975 F.2d 669 (9th Cir. 1992); *United States v. Stone*, 702 F.2d 1333, 1338 (11th Cir. 1983); *United States v.*

*Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978). Accordingly, the Court finds that Defendant was properly noticed by the indictment that failing to file a tax return and pay taxes constitute criminal offenses.

Next, Defendant asserts (doc. 71) that he is not required to pay income tax because no statute makes Defendant "liable" for the income taxes at issue. On the contrary, it has been repeatedly held that the tax code imposes a tax on personal income such as Defendant's, and the federal statutes referenced in the indictment properly impose criminal penalties based on failure to pay taxes. *See Coleman v. C.I.R.*, 791 F.2d 68, 70 (7th Cir. 1986); *Hyslep v. United States*, 765 F.2d 1083, 1084 (11th Cir. 1985); *see also Sansone*, *Stone*, *supra*. As well, it is a crime to corruptly endeavor to obstruct and impede the due administration of the taxation laws. *See United States v. Hanson*, 2 F.3d 942 (9th Cir. 1993); *United States v. Popkin*, 943 F.2d 1535 (11th Cir. 1991). Accordingly, it is now **ORDERED** as follows:

1. Defendant's motions to dismiss (docs. 67, 71) are **DENIED**.

**ORDERED** on this 28th day of September, 2005.

                                                  s/ *L.A. Collier*
                                                   Lacey A. Collier
                                         Senior United States District Judge