IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN,

    Defendants.
_____/

**ORDER**

Before the Court are a motion to dismiss and a motion to produce an unredacted IRS Form 9131 filed by Defendant (docs. 82, 81, respectively) and the Government's responses thereto (docs. 88, 89). For the reasons stated below, Defendant's motions are **DENIED**.

Defendant first moves (doc. 82) to dismiss the indictment because it was not returned in open court as required. In response, the Government demonstrates through its *in camera* submission that the indictment was in fact returned in open court and that therefore Defendant's argument is without basis.

Defendant next moves for an Order requiring the Government to produce an unredacted IRS Form 9131 based on the idea that it might contain exculpatory evidence subject to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As the Government contends, however, Defendant's motion is based only on pure speculation that the form might contain *Brady* material, which is insufficient to entitle the Defendant to its

discovery. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). "A due process standard which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden on the district court," *id.* (quoting *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985) and *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984)), and "[t]here is no general right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). Similarly, the Government is not required to "make a complete and detailed accounting to the defense of all police investigatory work on a case." *Moore v. Illinois*, 408 U.S. 786, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972), nor are internal government documents and the like ordinarily subject to discovery. *See* Fed.R.Crim.P. 16(a)(2); *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995). Finally, even if it could be shown that the Government violated its internal (IRS) operating procedures by not supplying an unredacted form, this would not entitle Defendant to relief. *See United States v. Myers*, 123 F.3d 350, 355-56 (6th Cir. 1997).

Accordingly, it is now **ORDERED** as follows:

1. Defendant's motions to produce and to dismiss (docs. 81, 82) are **DENIED**.

**ORDERED** on this 6th day of October, 2005.

s/*L.A. Collier*<br>
Lacey A. Collier<br>
Senior United States District Judge