UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                CASE NO:   3:05cr25LAC

WARD FRANKLIN DEAN,
_____/

FARETTA HEARING

THIS CAUSE CAME ON FOR HEARING before the Honorable Lacey A. Collier, Senior Federal Judge, and was reported by Donna L. Boland, Registered Professional Reporter and Notary Public in and for the First Judicial Circuit of the State of Florida, in the United States Courthouse, One North Palafox Street, Pensacola, Florida, on the 3rd day of October 2005, at 10:00 a.m.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 OCT 17 AM 9: 54

COPY

FILED   100

WIERZBICKI & STEPHENSON COURT REPORTING SERVICE

## A P P E A R A N C E S

| | | |
|---|---|---|
| ATTORNEY FOR USA: | ) | ROBERT DAVIES, ESQUIRE |
| | ) | DAVID GOLDBERG, ESQUIRE |
| | ) | ASSISTANTS UNITED STATES ATTORNEY |
| | ) | 21 East Garden Street, Suite 400 |
| | ) | Pensacola, Florida  32502 |
| IN PROPRIA PERSONA: | ) | WARD DEAN, DEFENDANT |

## INDEX

| | PAGE |
|---|---|
| ARGUMENT OF COUNSEL | 3 |
| CERTIFICATE OF REPORTER | 16 |

WIERZBICKI & STEPHENSON COURT REPORTING SERVICE

1   THE COURT: We are here to determine Defendant
2   status with regard to attorney representation, if any,
3   and set this matter specifically for a trial date.
4   Mr. Dean, what is your present situation at this
5   point?
6   MR. DEAN: Your Honor, I submitted this morning
7   a fourth status report. I have a copy, if I may
8   approach.
9   THE COURT: I have a copy. I have not had time
10   to digest it, just to see what it was.
11   MR. DEAN: Sir, that outlines the further steps
12   that I have gone to try to secure counsel.
13   THE COURT: Mr. Dean, you understand that there
14   comes a time when you have to make up your mind, and
15   either you -- you keep citing in your motions and
16   reports and such that you cannot find counsel of your
17   choice, and that's not the requirement of the Sixth
18   Amendment. You don't have a right to precise counsel
19   that you might wish. You have to adjust that to your
20   finances, perhaps, to your -- you're probably never
21   going to find anybody that's handled a precise case
22   like this one that you wish to present. So to keep
23   searching for the person that is familiar with that
24   particular aspect of the tax law, it might go on for
25   the next ten years.

1    MR. DEAN: No, sir. I think I'm much closer.
2 What I've found was that there was no one within the
3 Northern District of Florida that I've been able to
4 find out. And I understand about the choice to -- the
5 right to a person's choice of counsel is not an
6 absolute right, but I do have a right to effective
7 assistance of counsel.
8    And in interviewing the attorneys in Pensacola
9 and surrounding areas that I've talked with, there is
10 no one that I believe could give me effective
11 assistance of counsel. And I was unaware until
12 recently, as I explained in my report here, that I
13 would be able to bring in an outside attorney without
14 a local attorney sponsor. To try to pay for two
15 attorneys, one local and one outside were, as you
16 mentioned, cost prohibitive. But I have identified a
17 number of individuals that are not within this area
18 that are willing to gain standing in this court and I
19 believe will be able to effectively represent me.
20    THE COURT: Well, assuming we get to that
21 point, when and where and how soon is all of this
22 going to be determined?
23    MR. DEAN: I should know within a week of the
24 final decision with regard to the attorney, Your
25 Honor.

1    THE COURT: And then you say perhaps qualified
2    or competent. How long is it going to take for him to
3    be ready for trial?
4    MR. DEAN: Well, Your Honor, I think the good
5    estimates were from the two exhibits that I presented
6    in my last report. One was for Mr. Berosit who stated
7    that he would require three months to prepare, and the
8    other was from the attorney in Mobile who was actually
9    recommended to me by two attorneys in Pensacola, Ron
10   Johnson and Mr. Berosit himself. And they said that
11   the person that I would need would be, I think, Mr.
12   Hamly (phonetic) in Mobile, and he himself was the one
13   that quoted the price of $250,000 retainer at the rate
14   of $375 an hour. And here is a fellow who, you know,
15   after looking at my case apparently, realized that it
16   was going to take him over 600 hours to prepare.
17   THE COURT: Well, I must say that that amount
18   of money is absurd.
19   MR. DEAN: Well, that's what I felt also, Your
20   Honor.
21   THE COURT: Well, Counsel, not to consider him
22   any further, however, Mr. Dean, are you aware that in
23   your Motions to Dismiss and such that you have raised
24   all aspects of legal argument challenging the
25   requirement to pay taxes and that they have been

6

denied? And that's a legal matter for the Court to decide, not a jury. And therefore, as long as that ruling stands, that defense, if you want to call it that, which is legal in nature and not factual, will not be presented to the jury. And when you boil it down to its simplest aspects, and that is, did you earn this money and did you pay the appropriate taxes on it, it's really a rather simple, straightforward case, as I have seen them presented so many times.

MR. DEAN: Yes, sir, I've read that.

THE COURT: I'm not sure what attorney would ever do for taking six months to prepare for *WHAT* might be a two, three-day trial at the most.

MR. DEAN: Your Honor, if I may, in the Cheek (phonetic) decision, if I could quote here, "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant."

Therefore, this is something that the Government must prove, not just come as an offhanded statement from either the prosecutor or the Court itself. These are -- this is something that the Government must prove at trial. So although you suggest that these issues have been previously decided, the Supreme Court makes it quite clear here

1   that these are matters for the jury to decide.

2   THE COURT: We're not here to take that up, and
3   I'm not giving any --

4   MR. DEAN: Yes, sir. You brought it up, Your
5   Honor.

6   THE COURT: I'm not giving any ruling on that.
7   I'm just suggesting that to you.

8   MR. DEAN: Yes, sir.

9   THE COURT: Mr. Goldberg, Mr. Davies, any
10  comment you may have with regard to the situation?

11  MR. DAVIES: Your Honor, I would like to take a
12  couple of minutes to set forth our position since
13  we're dealing with the Sixth Amendment, which can be a
14  sensitive area. First of all, the Government is ready
15  for trial, and we've been ready for trial since March.

16  I do have a number of points I'd like to make.
17  First of all, just in response to what Mr. Dean and
18  you have been discussing about the time to prepare for
19  trial if he hires a lawyer, the Government's position
20  is 30 days is sufficient. That's typically the amount
21  of time given by this Court in numerous types of
22  cases. I've tried complicated drug cases that have
23  gone to trial 30 days after indictment or 30 days
24  after a lawyer got in the case. Right now in this
25  courthouse, Ms. Heildmeyer is trying a complicated

1   mail fraud case with over 30 counts where I think --
2   I'm not positive but I think the case is 40 days past
3   indictment. So this claim that someone -- a lawyer
4   needs 60 days or three months or 600 hours is just not
5   correct.
6       The second point I'd like to make, Your Honor,
7   is that it's the Government's position that the
8   Defendant is not entitled to have the Court keep
9   continuing this case while he searches for an
10  attorney, and the cases I cited in my September 19th
11  memorandum of law all support that proposition,
12  specifically Fowler, Koblitz, K-O-B-L-I-T-Z, Casey,
13  McLeod.
14      Third point is, any defendant who is indigent
15  has a right to a court appointed lawyer. That's
16  axiomatic. We've never contested that. The Defendant
17  is not indigent, and he's never claimed to be
18  indigent.
19      And fourthly, Your Honor, that gets us to the
20  point that I make in my December 27th response to the
21  Defendant's opposition to the Faretta hearing. That
22  is that if a defendant is not indigent but is
23  nevertheless unable to hire a lawyer, the Federal
24  Rules of Criminal Procedure provide that the District
25  Court should provide a lawyer for the defendant and

1   make the defendant pay for the lawyer.

2   And Your Honor, the Defendant filed status
3   reports on July 15th, August 1st, September 6th, and
4   then he filed a September 15th motion for the Court to
5   reconsider its September 7th order where the Court
6   deemed the Defendant to be representing himself. And
7   the Government never read any of those reports or the
8   motion to reconsider to be making a claim that he was
9   unable to hire a lawyer despite his nonindigent
10  status.

11  But then the Defendant filed a September 26th
12  opposition to Faretta Hearing, and at pages 9 through
13  14 of that pleading, as I've indicated in my September
14  27th response, I'm not sure what he's claiming.

15  If he was saying that even though he's not
16  indigent, he was unable to hire a lawyer and he wants
17  the Court to appoint one, then I don't dispute that
18  the Court should address such a claim. And if the
19  Court finds that he's unable to hire a lawyer, the
20  Court can appoint counsel for him.

21  So that's where I was this morning when we were
22  coming in here. And now this morning I get handed the
23  fourth status report. And in the fourth status
24  report, the Defendant says he's in the process of
25  hiring an out of state lawyer and he'll do so soon.

1    This gets to the crux of my argument today,
2    Your Honor.  The problem that the Government sees with
3    that is if you continue this case to let him hire an
4    out of state lawyer that he says he's going to hire,
5    the problem is he may not hire one, just like he
6    hasn't hired someone since June.
7         So the Government would submit that if you
8    think he's unable to hire a lawyer or if you simply
9    want to appoint him a lawyer so that there's no issue
10   on appeal, or if you want to appoint him a lawyer so
11   that any search by the Defendant to hire a private
12   lawyer can't delay this case anymore, the Government
13   would have no objection to that and we'd be fine with
14   that.
15        But the Government does think the Court should
16   be wary of just continuing this case without him
17   having a lawyer while he searches for one.  You can
18   appoint a lawyer and give that lawyer time to prepare
19   for trial, but you shouldn't keep continuing this case
20   for a lawyerless defendant to keep searching for a
21   lawyer.
22        Appointing a lawyer would mean that if he's
23   unable to hire one of these people out of state, we
24   could finally have a set trial date, and I would ask
25   the Court to consider that option.  This is a somewhat

unusual situation. I'm just tossing that out as a suggestion. I leave it to the Court's discretion of what to do in this case. The Government is ready for trial whenever the Court wants to set a date for trial.

THE COURT: All right. Mr. Dean, one point to make. In one of your pleadings, you suggested that this hearing was set after the trial was scheduled. I'd like to point out to you that the trial was scheduled during the trial term beginning October 3rd, and that includes the entire month of October, so it wasn't precisely set for this morning as your pleadings suggest.

Mr. Dean, this has to come to an end. You are deemed to be representing yourself. I would say that I'm impressed with your pleadings. They are far superior to many pleadings that are filed by attorneys before this Court. So I'm impressed that you do understand the process, the procedure, the rules, how to proceed in court, and that you are fully capable of representing yourself.

I gave you notice that if you did not have counsel by such and such time, that you would be deemed representing yourself, and that considers then that you have made that choice. Because you talk, for

example, and you mentioned Mr. Berosit. His fee apparently was within your resources, and Mr. Berosit is one of the most competent attorneys -- criminal attorneys here in Pensacola.

And while attorneys take cases every day in matters that they are not intimately familiar with, because no one can be, there's a multitude of charges out there, and it's their duty and responsibility under their oath to prepare for that case by studying the law, by pursuing every avenue that might be open to their client.

So I cannot accept that you rest on the fact that Mr. Berosit has never handled a case such as this and therefore he's not competent. He clearly is. So you have made the decision -- and I just use Mr. Berosit as an example. Many of the other attorneys that you've mentioned fall into that same category.

So you have decided that you don't want to hire them individually. That's fine. But that means that you then accept the order that I put out that as of such and such date you would be deemed to have made that decision that you do not want to hire an attorney which you're fully capable of doing. There are many competent attorneys out there that you have already interviewed and that you would be representing

1  yourself.
2  　　　　　I do find that you're fully competent and
3  capable to do so, both from an intelligent standpoint
4  from a level of understanding and based upon the
5  pleadings and proceedings to this date.
6  　　　　　However, I am going to give you -- this is just
7  a fact.  We're going to schedule this trial for the
8  24th of October at nine o'clock.  That's when the jury
9  will be picked and the trial will begin.  If you come
10 with an attorney, I will consider that attorney as to
11 who it is, what it is, how long he says he's got to
12 have.  And I would tell you to put forth any attorney
13 that you talk to that six months, three months, 600
14 hours, that is absolutely ridiculous and absurd, and
15 that is not going to be accepted.  So you need not
16 even bother with attorneys that say it's going to take
17 them six months to be ready.
18 　　　　　And I'm assuming, quite frankly, from your
19 comments that you're talking to attorneys that you
20 think know about tax law and such, and therefore, it
21 shouldn't take them even as long as Mr. Berosit's
22 estimate to be prepared for trial.  So if an attorney
23 files a notice of appearance in the meantime, I will
24 consider that and any needs that that attorney may
25 have.  Otherwise, you need to prepare to proceed with

14

1  this case on the 24th of October at nine o'clock with
2  jury selection. Do you have any questions about that?
3       MR. DEAN: Yes, sir. For the record, I first
4  object to this hearing being held in the first place,
5  because I have not waived my right to counsel, and
6  that's one of the requirements for having a Faretta
7  hearing. And second, I believe that this Court has no
8  jurisdiction at this time because of the pending
9  interlocutory appeal of the 11th Circuit. So I want
10 to make sure that that was on the record.
11      THE COURT: It is on the record. And of
12 course, I disagree with you, because it's not a final
13 order of the Court that you're attempting to appeal,
14 and therefore, the Court is not divested of
15 jurisdiction.
16      And as far as a Faretta hearing, it's not a
17 requirement that you've waived counsel, but in fact,
18 I'm suggesting that based upon the history of this
19 case and all the opportunities that I've given and
20 even your reports and given the ultimatum of the Court
21 that you have, in fact, waived counsel to this point
22 by not getting your own, which you have made no claim
23 that you can't afford. And if you could not afford
24 one, then as Mr. Davies suggested, the Court would
25 seek to appoint counsel for you subject to you paying

1   for that counsel.  So there's every avenue, every
2   opportunity out there for you to have counsel.  And to
3   this point, you've chosen not.  So anything else, Mr.
4   Dean?
5           MR. DEAN:  No, sir.
6           THE COURT:  Mr. Davies, anything further?
7           MR. DAVIES:  For the record, Your Honor, I
8   tossed out a few options, but I want to make sure the
9   record is clear that the Government completely agrees
10  with the Court's finding.  If you look through his
11  pleadings and the attachments, the Defendant is able
12  to hire a lawyer.  We are ready for trial and agree
13  that it should be set.
14          THE COURT:  The trial will be noticed for the
15  24th of October at nine o'clock.
16          (WHEREUPON, the proceedings were concluded at
17  10:20 a.m.)

16

1       CERTIFICATE OF REPORTER

2    STATE OF FLORIDA    )
     COUNTY OF ESCAMBIA  )
3

4          I, Donna L. Boland, certify that I was authorized to

5    and did stenographically report the foregoing proceedings

6    and that the transcript is a true and complete record of my

7    stenographic notes.

8

9          WITNESS MY HAND AND SEAL OF OFFICE this the 6th

10   day of October 2005.

11

12   _____
     DONNA L. BOLAND
13   Notary Public in and for
     Walton County, Florida
14   Commission Expires 7/14/2008

15

16

17

18

19

20

21

22

23

24

25

WIERZBICKI & STEPHENSON COURT REPORTING SERVICE