# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| United States of America, ) | Case No: 3:05CR25/LAC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Ward Franklin DEAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### APPLICATION FOR STAY PENDING APPEAL WITH MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure, defendant Ward Franklin Dean (hereinafter "Dean") Applies to this Court for a stay of its order (forcing Dean to trial without assistance of counsel), dated September 7, 2005, pending appeal of that order to the United States Court of Appeals for the Eleventh Circuit.



OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 OCT 18 AM 10: 50

FILED

## MEMORANDUM OF POINTS AND AUTHORITIES

The applicable standard to be met by a party seeking a stay under Rule 8(a) is: (1) Strong showing that movant is likely to succeed on merits of appeal; (2) Showing that, unless stay is granted, he will suffer irreparable injury; (3) Showing that no substantial harm will come to other interested parties; and (4) Showing that stay will do no harm to public interest. See, e.g., <u>Reserve Mining Co. v. United States</u>, 498 F.2d 1073 (8th Cir. 1974); <u>United States v. Baylor University Medical Center</u>, 711 F.2d 38 (5th Cir. 1983).

### (1) Dean Has a Strong Likelihood of Success on Appeal

It can not be disputed that Dean is entitled to assistance of counsel. The United States Supreme Court has held for several decades that an individual cannot be incarcerated without counsel at *every stage* of the proceedings.

James Tracy Cowan, Esq., Dean's retained counsel of choice and, at the time, Dean's attorney of record herein, had been notified by the plaintiff that he, Cowan, was being activated for military service. Accordingly, Mr. Cowan sought a continuance of the case until he returned. A hearing was held on June 27, 2005, regarding a defense *Motion to Continue* the trial of this case (Doc. 63, Transcript [T]). The Court, without asking for any further briefing on the matter, immediately denied the motion (T. 3:1-24), and released Mr. Cowan from the case (T. 8:24-25 thru T. 9:1-8). The Court stated no rationale why it gave precedence of the plaintiff's desire to have Mr. Cowan in active military duty over Dean's 6th Amendment right to assistance of counsel of his retained, at substantial expense, counsel of record.

Thereafter, the Court gave Dean only two weeks, until July 11, 2005, to obtain new counsel or state in writing his efforts to do so (T. 9:20-24).

On July 15, 2005, Dean filed a *Notice of Efforts to Secure Legal Representation* (Doc. 59). On July 20, 2005, the Court entered an *Order* giving Dean only until August 1, 2005, to obtain new counsel or report his efforts to do so (Doc. 60).

On August 1, 2005, Dean filed a *Second Notice to Court of Efforts to Secure Legal Representation* (Doc. 61). On August 9, 2005, the Court entered an *Order* directing that "Defendant shall secure counsel, and such counsel shall appear in this case on or before September 2, 2005, failing which Defendant shall be *deemed to be representing himself* in these proceedings." (Empahsis added). The Court then set a trial date of October 3, 2005 (Doc. 62).

On September 6, 2005, Dean filed a *Third Notice of Efforts to Secure Legal Representation and Renewed Motion to Continue* (Doc. 64). In it, Dean argued that he had spent a substantial amount of money for Mr. Cowan's retainer and trial preparation. It was the plaintiff's actions which prevented Mr. Cowan from fulfilling his obligations to Dean. "The circumstances regarding Defendant's being forced to obtain new counsel in this case are unique, and are not the fault of Defendant or his former attorney... ." (Id., p. 3)

On September 7, 2005, without conducting any hearing to ascertain Dean's abilities, the Court entered an *Order* instructing Dean to represent himself in these proceedings (Doc. 65).

On September 16, 2005, Dean filed a *Notice of Appeal from the Court's Order of September 7, 2005* (Doc. 72). The Clerk of the Court transmitted to the Clerk, U.S. Court of Appeals for the Eleventh Circuit, a certified copy of the appeal

notice, docket entries, and the *Order* appealed (Doc. 65) on September 20, 2005 (Doc. 73).

Notwithstanding that an appeal is pending, divesting this Court of jurisdiction,[1] the Court scheduled a *Faretta*[2] hearing for 10:00 a.m. on October 3, 2005. Presumably, this was set to avoid any appearance of the prejudice (perhaps subconscious, but prejudice nonetheless) that this Court has repeatedly shown towards the defendant — here, by making its order (Doc. 65) without even a pretense of an inquiry into Dean's abilities to represent himself. However, a pretense was all the *Faretta* hearing was, because the Court deemed Dean competent to defend himself, *without* making any of the inquiries into Dean's abilities required by *Farretta*. The Court then reset the trial for October 24, 2005.

The 6th Amendment to the United States Constitution provides in part that "the accused shall enjoy the right ... to have the assistance of Counsel for his defense" in all criminal prosecutions. "This right extends to every case in which the litigant may be deprived of his personal liberty if he loses." <u>Lassiter v. Department of Social Services</u> (1981) 452 U.S. 18, 25.

When an individual is denied due process, guilt or innocence is irrelevant; he has *not* been tried by *civilized* standards, and *cannot* be punished until he has been. <u>Henderson v. Bannan</u> (1958) 256 F.2d 363, 388.

---

1  Dean previously argued the Court's loss of jurisdiction after notice of appeal is filed (Doc. 68). He will not repeat that argument here.

2  <u>Faretta v. California</u> (1975) 422 U.S. 806).

Absent good cause, not existent here, the Court has no discretion to deny Dean assistance of counsel. Forcing Dean to trial without the assistance of counsel is a clear violation of his 6th Amendment right. Thus there is a strong likelihood his appeal will be successful.

### (2) Dean Will Suffer Irreparable Harm Unless This Stay is Granted

Dean asserts the violation of his Constitutional rights establish a presumption he is suffering, and will suffer, irreparable injury. See generally, *Elrod v. Burns* (1976) 427 U.S. 347, 373. The days, weeks, and months of his life which could be lost, due to an unlawful trial and potential incarceration if convicted, can not be returned to him. That Dean will suffer irreparable injury should be clearly obvious in this case.

### (3) No Substantial Harm Will Come to Any Other Interested Parties

The plaintiff will not suffer any harm since protecting and preserving the status quo will only slightly delay the plaintiff's ability to try this matter if Dean's appeal is unsuccessful. Further, the statute of limitation for the tax years under investigation is tolled during the pendency of this action.

### (4) The Public Interest is Not Harmed

Since constitutional rights are at issue, no harm to, only protection of, the public interest could occur here.

## CONCLUSION

For the foregoing reasons, this Court should issue a stay pending appeal.

Respectfully Submitted,

*/s/ Ward Dean*

Ward Dean, M.D.
*In Propria Persona*
8799 Burning Tree Rd
Pensacola FL  32514
850-484-0595

### Certificate of Service

I certify a copy of this document was sent by first class mail on the ___ of October, 2005, to AUSA Robert G. Davies at 21 E. Garden St. Suite 400, Pensacola FL 32502.

*/s/ Ward Dean*

Ward Franklin Dean