IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN
_____

GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S
OCTOBER 18, 2005, APPLICATION FOR STAY PENDING APPEAL

Comes now the United States of America, by and through the undersigned Assistant United States Attorneys, and files this memorandum of law in response to the defendant's October 18, 2005, application for stay pending appeal.

The defendant contends that the court should stay the trial of this case pending resolution of the defendant's appeal of the court's September 7, 2005, order that the defendant is now deemed to be representing himself in these proceedings. The court should deny the defendant's application for stay because the defendant's appeal is an interlocutory appeal which the Eleventh Circuit Court of Appeals lacks jurisdiction to entertain.

FACTS

The indictment was returned in this case on March 17, 2005. (Doc. 3). On that same date, the U.S. magistrate judge conducted an initial appearance and informed the defendant of his right to hire counsel or have counsel appointed for him if the defendant was found to be financially unable to hire counsel. (Doc. 8). The defendant admitted financial ability to employ

counsel and stated he was looking for counsel to represent him.  (Id.).  The magistrate judge scheduled the defendant's arraignment for March 25, 2005.  (Doc. 10).  On March 25, 2005, the defendant appeared in court but still had not hired counsel.  (Doc. 13).  The magistrate judge re-scheduled the defendant's arraignment for March 30, 2005.  (Doc. 13; Doc. 14).  On March 30, 2005, the defendant appeared in court but still had not hired counsel.  (Doc. 16; Doc. 17).  The defendant requested more time to obtain a lawyer.  (Doc. 16; Doc. 17).  The magistrate judge granted the defendant's request and rescheduled the defendant's arraignment for April 13, 2005.  (Doc. 17).

On April 6, 2005, the defendant filed a status report in which he stated that he intended to represent himself and have attorney Tracy Cowan provide him with undelineated "assistance of counsel."  (Doc. 19).  On April 13, 2005, the magistrate judge allowed the defendant to represent himself pro se for the purposes of his arraignment, and the defendant was arraigned.  (Doc. 22).  The case was set for trial June 6, 2005.  (Doc. 22; Doc. 27).[1]

On April 6 and 13, 2005, the defendant filed pro se motions to dismiss Count One of the indictment and to dismiss the entire indictment for varying reasons, and thereafter the government responded and the court denied the motions.  (Doc. 20; Doc. 23 through Doc. 26; Doc. 29; Doc. 30; Doc. 33).  The clerk of the court had been noticing attorney Cowan with pleadings in this case via the court's electronic case filing system, and on April 20, 2005, the court directed that Mr. Cowan be terminated from the list of attorneys participating in the case because he was not a participating attorney in the case at that time.  (Doc. 31).

---

[1]Pursuant to the common practice of the court, which can be seen by reviewing criminal indictments filed in other cases, if the defendant had retained an attorney within a week of his indictment and first appearance, as most defendants do, this case would have been set for trial on May 2, 2005.

On April 25, 2005, the defendant filed a pro se motion to continue the trial, then set for June 6, 2005, and the government filed a response in opposition to the motion.  (Doc. 35; Doc. 38).  On May 9, 2005, Mr. Cowan filed a formal notice of appearance in the case.  (Doc. 39).  On May 11, 2005, the defendant, through Mr. Cowan, filed a motion to continue the trial.  (Doc. 40).  On May 12, 2005, the government filed a response stating that it was ready for trial, and that it left disposition of the May 11, 2005, motion for continuance to the court's discretion.  (Doc. 41).  On May 13, 2005, the court granted the defendant's motion for a continuance and continued the trial until July 5, 2005.  (Doc. 42; Doc. 43).

On June 16, 2005, the defendant, through Mr. Cowan, filed a motion for continuance of the trial.  (Doc. 47).  On June 17, 2005, the government filed a response stating that it was ready for trial and that it left disposition of the June 16, 2005, motion for continuance to the court's discretion.  (Doc. 48).  On June 24, 2005, the defendant, through Mr. Cowan, filed an amended motion for continuance, in which Mr. Cowan represented that a continuance was necessitated because he had been informed that he would soon be called to active duty in the United States Army.  (Doc. 49).  On June 24, 2005, the court held a hearing on the defendant's amended motion for continuance.  (Doc. 54; Doc. 63).  At the hearing Mr. Cowan represented that he was being called to duty and was unable to prepare for and try the case, and Mr. Cowan made a motion to withdraw, which the court granted.  (Doc. 54 through Doc. 56; Doc. 63 - Pgs. 2, 5-9).  The court then ruled that it was providing the defendant:

> two weeks at this point, which will be July the 11th, to obtain counsel or to submit in writing on that day, which is the 11th of July, the efforts you have made to get counsel, who you have talked to and what efforts there are.  And we will take it step by step from that.  And thereafter, we will hear from that counsel as to what they feel their time and their needs are.

(Doc. 63 - Pg. 9).  Thereafter, the court entered written orders granting the defendant's motion and amended motion for a continuance.  (Doc. 57; Doc. 58).

On July 15, 2005, the defendant filed a status report stating that he had written many lawyers but had not hired a lawyer yet.  (Doc. 59).  On July 20, 2005, the district court entered an order directing that the defendant had until August 1, 2005, to report on the progress of his efforts to obtain counsel, and the district court's order cautioned the defendant to take notice that the case was on the court's September trial docket.  (Doc. 60).  On August 1, 2005, the defendant filed a notice which stated that he had interviewed some attorneys and had more interviews scheduled, but he had not hired a lawyer.  (Doc. 61).  On August 9, 2005, the court entered an order continuing the trial of the case to October 3, 2005, and directing that "Defendant shall secure counsel, and such counsel shall appear in this case on or before September 2, 2005, failing which Defendant shall be deemed to be representing himself in these proceedings."  (Doc. 62).

On September 6, 2005, the defendant filed a notice and renewed motion to continue the trial, which stated that he had still not hired a lawyer, and which, among other things, added that he "has so far been unable to find even one attorney with sufficient knowledge of relevant law regarding this case to infuse in him any confidence whatsoever he would be able to obtain effective representation of counsel in this case."  (Doc. 64).  On September 7, 2005, the court denied the defendant's September 6, 2005, renewed motion to continue the trial.  (Doc. 66).  On that same date, the court entered an order stating that "[i]n consideration of the Court's August 9, 2005, Order, Defendant is now deemed to be representing himself in these proceedings. Defendant is expected to comply with the Court's April 14, 2005, Scheduling Order and with the Local Rules for the Northern District of Florida."  (Doc. 65).

4

On September 15, 2005, the defendant moved for reconsideration of the court's September 7, 2005, order which deemed the defendant to be representing himself.  (Doc. 68).  On September 16, 2005, the defendant filed a notice of appeal appealing the court's September 7, 2005, order which deemed the defendant to be representing himself.  (Doc. 72).  On September 19, 2005, the government filed a memorandum of law in response to the defendant's motion for reconsideration of the court's September 7, 2005, order which deemed the defendant to be representing himself.  (Doc. 69).

On September 21, 2005, the court scheduled a <u>Faretta</u> hearing for October 3, 2005, regarding the defendant's self-representation.  (Doc. 75).  On September 26, 2005, the defendant filed a pleading in opposition to the court's scheduled October 3, 2005, hearing, wherein the defendant contended, among other things, that the court lacked jurisdiction over this case because the defendant had filed a notice of appeal.  (Doc. 76).  On September 27, 2005, the government filed a response to the defendant's September 26, 2005, pleading, wherein the government argued among other things, that this court had jurisdiction over this case because the defendant's appeal was an interlocutory appeal which the Eleventh Circuit Court of Appeals lacked jurisdiction to entertain.  (Doc. 77).  On September 28, 2005, the court entered an order directing that "[w]hile Defendant's objections are noted, the hearing [scheduled for October 3, 2005,] shall nonetheless be held, and Defendant's participation is expected."  (Doc. 79).

On October 3, 2005, the court conducted the hearing that it had scheduled for that date. (Doc. 90; Doc. 100).  Shortly before the hearing, the defendant filed a fourth status report regarding his efforts to secure effective assistance of counsel.  (Doc. 83).  At the hearing the defendant stated that he thought he was "much closer" to obtaining counsel, and that he "should know within a week of the final decision with regard to the attorney."  (Doc. 100 - Pg. 4).  The

court found that the defendant was able to hire a lawyer, continued the trial until October 24, 2005, and informed the defendant that if an attorney filed a notice of appearance the court would consider continuing the case further to give the attorney time to prepare for trial. (Doc. 100 - Pgs. 11-15). The court directed the defendant that otherwise the case would proceed to trial on October 24, 2005. (Id.).

At the Oct 3, 2005, hearing the defendant also argued that the court had no jurisdiction over the case because he had filed the interlocutory appeal with the Eleventh Circuit. (Doc. 100 - Pg. 14). The court ruled that the defendant's appeal had not divested it of jurisdiction because the court's order that the defendant was attempting to appeal was not a final appealable order. (Id).

## LAW AND ARGUMENT

In order to be entitled to a stay pending appeal the defendant must show: (1) a likelihood that he will prevail on the merits of his appeal; (2) irreparable injury to the defendant unless the stay is granted; (3) no substantial harm to other interested persons; (4) no harm to the public interest. In re Federal Grand Jury Proceedings (Cohen), 975 F.2d 1488, 1492 (11th Cir. 1992)(per curiam). The defendant cannot meet either of the first two prongs of the above test because the Court of Appeals lacks jurisdiction to entertain the appeal -- the Court of Appeals' lack of jurisdiction shows that the defendant is not likely to succeed on the appeal, and the fact that the defendant can appeal the court's order if he is convicted and a judgment is entered against him shows that any injury he incurs is not irreparable.

The Eleventh Circuit Court of Appeals' jurisdiction is limited to "final decisions of the district court." Flanagan v. United States, 465 U.S. 259, 263, 104 S.Ct. 1051, 1054 (1984); accord 28 U.S.C. § 1291. "[A] decision is not final, ordinarily, unless it ends the litigation on the

merits and leaves nothing for the court to do but execute the judgment." Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204, 119 S.Ct. 1915, 1920 (1999)(internal quotations omitted); accord Midland Asphalt Corporation v. United States, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497 (1989). "In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." Flanagan, 465 U.S. at 263, 104 S.Ct. at 1054.

The final judgment rule minimizes appellate-court interference with pre-trial decisions by the district court, reduces the ability of litigants to harass opponents and clog the courts, and is crucial to the efficient administration of justice. Flanagan, 465 U.S. at 263-64, 104 S.Ct. at 1054. The final judgment rule "is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation." Flanagan, 465 U.S. at 264, 104 S.Ct. at 1054 (internal quotations omitted).

There is a narrow exception to the final judgment rule:

The Court has allowed a departure only for the limited category of cases falling within the collateral order exception delineated in Cohen [v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221 (1949)]...To come within this narrow exception ... a trial court order must, at a minimum, meet three conditions. First, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; third it must be effectively unreviewable on appeal from a final judgment.

Flanagan, 465 U.S. at 265, 104 S.Ct. at 1054-55 (internal quotations and citations omitted). "The collateral order doctrine is rarely applied in criminal cases: '[the Supreme Court has] interpreted the collateral order doctrine with the utmost strictness in criminal cases.'" In Re: Grand Jury Subpoena (Nos. 98-40870, 99-40262 and 99-40271), 190 F.3d 375, 381 (5th Cir. 1999), quoting, Midland Asphalt, 489 U.S. at 799, 109 S.Ct. at 1498; accord Flanagan, 465 U.S. at 264, 104 S.Ct. at 1054.

As such, in criminal cases the Supreme Court has "found denials of only three types of motions to be immediately appealable: motions to reduce bail ... motions to dismiss on double jeopardy grounds ... and motions to dismiss under the Speech or Debate Clause." Midland Asphalt, 489 U.S. at 799, 109 S.Ct. 1498 (internal citations omitted); accord Flanagan, 465 U.S. at 265-66, 104 S.Ct. at 1055.[2] Furthermore, district court orders regarding whether a specific lawyer may represent a defendant and whether a defendant will be represented by a lawyer at all are not immediately appealable. Flanagan, 465 U.S. at 260, 266-270, 104 S.Ct. at 1052, 1055-57. Accordingly, this court's September 7, 2005, order is not immediately appealable, and the Eleventh Circuit Court of Appeals does not have jurisdiction to entertain the appeal of that order. As such, the defendant's motion for stay pending appeal should be denied.

For the sake of comprehensiveness, the government also notes that the court's September 7, 2005, order, as well as its rulings at the October 3, 2005, hearing were correct. "The grant or denial of a motion for continuance rests in the broad discretion of the trial judge." United States v. Fowler, 605 F.2d 181, 183 (5th Cir. 1979); accord United States v. Darby, 744 F.2d 1508, 1521 (11th Cir. 1984). Where a non-indigent defendant's lawyer can no longer represent him, as long as the court gives the defendant sufficient time to hire new counsel and for new counsel to prepare for trial, the court has full authority to set a trial date and inform the defendant that he must obtain substitute counsel by or face trial alone. United States v. Koblitz, 803 F.2d 1523, 1529 & n. 15 (11th Cir. 1986). That law of the circuit is in accord with the principle that "freedom to choose one's counsel of choice may not be used as a device to manipulate or subvert

---

[2] Additionally, the Eleventh Circuit has found that an order committing a defendant based on his incompetency pursuant to 18 U.S.C. § 4241(d) is immediately appealable. United States v. Donofrio, 896 F.2d 1301, 1303 (11th Cir. 1990).

the orderly procedure of the courts or the fair administration of justice." United States v. Casey, 480 F.2d 151, 152 (5th Cir. 1973); see also United States v. McLeod, 53 F.3d 322, 325(11th Cir. 1995)("the right to assistance of counsel, cherished and fundamental though it may be, may not be put to service as a means of delaying or trifling with the court"); Fowler, 605 F.2d at 183 (same). In sum, the Sixth Amendment right to counsel "may be forfeited by a defendant's failure to retain counsel within a reasonable time, even if this forfeiture causes the defendant to proceed pro se." McLeod, 53 F.3d at 324; accord Fowler, 605 F.2d at 183. As the Former Fifth Circuit stated, in upholding the district court's order denying a motion to continue and requiring the non-indigent defendant to proceed pro se, in Fowler:

> We have held before this that so short a time as twenty days is, in the circumstances there presented, a reasonable time in which to retain counsel and that failure to do so operated as a waiver. United States v. Casey, 480 F.2d 151 (5th Cir. 1973). We have done so even when the failure resulted in a pro se defense. United States v. Gates, 557 F.2d 1086 (5th Cir. 1977).

Fowler, 605 F.2d at 183.

Furthermore, the specific facts of Fowler support this court's September 7 and October 3, 2005, orders. Fowler, 605 F.3d at 182-83. In Fowler, the defendant declined to file income tax returns for years and was indicted for not filing tax returns for the years of 1971-75. Fowler, 605 F.2d at 182-83. During the month of July 1978, the district court set the case for trial in October, and in September the court noticed the defendant to appear for re-arraignment on October 6, 1978. Fowler, 605 F.2d at 183. Defendant Fowler, who was financially able to obtain counsel, appeared on October 6 without counsel, and the district court told Fowler the case would go to trial on October 16. Fowler, 605 F.2d at 183. On October 8, Fowler called counsel in Utah, who in turn inquired of the district court about getting a continuance, and the district court advised counsel that no continuance would be granted. Fowler, 605 F.2d at 183. On October 12, Fowler

9

moved pro se for a continuance, attaching the Utah lawyer's affidavit that he could not take the case because of inadequate time, but the case proceeded to trial as scheduled.  Fowler, 605 F.2d at 183.  Citing Casey and Gates the Court of Appeals rejected as "meritless" Fowler's claim that the district court erred in not granting a continuance and in requiring Fowler to proceed pro se.  Fowler, 605 F.2d at 183.  Moreover, the Casey Court held that in a case where the defendant was indicted for conspiring to defraud pecan growers in an multi-state area, the district court properly denied a continuance and held a trial of the pro se defendant where the court had allowed the defendant 20 days to obtain counsel prior to trial.  Casey, 48 F.2d at 152.

      The defendant is not indigent and he is able to hire an attorney.  (See e.g. Doc. 8; Doc. 59, exhibit J; Doc. 61, exhibit B; Doc. 61, exhibit C; Doc. 61, exhibit F; Doc. 61, exhibit H; Doc. 61, exhibit I; Doc. 64, exhibit A).  By the time of the October 3, 2005, hearing, court has given the defendant more than ample time to hire an attorney, and at that hearing the court gave the defendant still more time to hire an attorney.  This case is governed by the principles set forth in Fowler, Casey, Gates, McLeod and Koblitz, and pursuant to that case law, the court's September 7, 2005, and October 3, 2005, orders were well within its discretion.

For all of the above reasons, the defendant's application for stay pending appeal should be denied.

>Respectfully submitted,
>
>GREGORY R. MILLER
>United States Attorney
>
>s/ Robert G. Davies
>
>Robert G. Davies
>Assistant U.S. Attorney
>Florida Bar No. 704301
>
>s/ David L. Goldberg
>
>David L. Goldberg
>Assistant U.S. Attorney
>Member of the Maryland Bar
>21 East Garden Street, Suite 400
>Pensacola, FL 32501
>(850) 444-4000

## CERTIFICATE OF SERVICE

I hereby certify that a copy has been delivered via the court's ecf system and/or by fax to: Ward Dean, 8799 Burning Tree Road, Pensacola, FL 32514, fax no. 477-8610 this the 19th day of October, 2005.

>s/ Robert G. Davies
>Robert G. Davies
>Assistant U.S. Attorney