## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA,

      v.                             Case No.3: 05CR25  LAC

WARD FRANKLIN DEAN,

    Defendant.

_____

### DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Comes now the Defendant, Ward Franklin Dean, by and through his undersigned attorney, and does hereby submit to this Honorable Court the following Defendant's Requested Jury Instructions which Dean asks that the Court give during its charge to the jury in this case. Dean further requests that he be allowed to submit any additional requested instructions for any other issues which might arise during trial.

Respectfully submitted this the 23rd day of November, 2005.

s/ Lowell H. Becraft, Jr.

Lowell H. Becraft, Jr.
Attorney for Defendant Dean
209 Lincoln Street
Huntsville, Alabama 35801
256-533-2535
becraft@hiwaay.net

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**COURT'S PRELIMINARY INSTRUCTION TO THE JURY**

Members of the Jury:

In any jury trial there are, in effect two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.[1]

---

[1]See Pattern Jury Instruction 1.01, United States Fifth Circuit (West 1990) (adapted).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.[2]

---

[2]See Pattern Jury Instruction 1.05, United States Fifth Circuit (West 1990).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3**

**INDICTMENT AND PRESUMPTION OF INNOCENCE**

The defendant has been charged by the government with certain violations of federal law.  The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of his guilt.  It is an accusation only.  The law presumes a defendant innocent.  The presumption of innocence means that a defendant starts the trial with a clean slate.  In other words, I instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied after careful and impartial consideration of all of the evidence in the case that the government has proven him guilty beyond a reasonable doubt.  Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, the presumption alone is sufficient to find the defendant not guilty.[3]

A grand jury does not decide guilt.  It hears only one side of the case, and that is the prosecution's side.  No defense attorney is permitted to be present at the grand jury sessions, and defense witnesses are seldom heard.[4]

---

[3] This instruction was found to be preferable to the Fifth Circuit Pattern Instruction in *United States v. Walker*, 861 F.2d 810 (5th Cir. 1988) (adapted).

[4] *United States v. Molin*, 244 F. Supp. 1015, 1017 (D. Mass. 1965).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF - REASONABLE DOUBT**

The indictment of formal charges against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

Thus a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused.  So the presumption of innocence alone is sufficient to acquit a defendant, unless you the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The defendant has pled "not guilty" to each of the charges in the indictment. These pleas put in issue each of the elements of the offenses, as described in these instructions, and the government has the burden of establishing each of these elements by proof beyond a reasonable doubt.

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt.  The words

almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after careful and impartial consideration of all of the evidence.  A reasonable doubt is not a caprice, whim, or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy. Reasonable doubt is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if you, after careful and impartial consideration of all the evidence in the case, have a reasonable doubt that the defendant is guilty of the charge, you must acquit.  If you view the evidence in the case a reasonably permitting either of two conclusions – one of innocence, the other of guilt – you should, of course, adopt the

conclusion of innocence.[5]

---

[5] See, Pattern Jury Instruction 1.06, United States Fifth Circuit (West 1990); Vol. 1, E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 12.10 (4th ed. 1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## EACH ELEMENT MUST BE ESTABLISHED BEYOND REASONABLE DOUBT

Unless the government proves beyond reasonable doubt that the defendant has committed every element of each of the offenses with which he is charged, you must find the defendant not guilty.[6]

---

[6] See, Vol. 1, E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 12.10 (4th ed. 1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## EVENLY BALANCED EVIDENCE

The line between honest belief and purposeful misrepresentation and deceit is not always clear.  Since the defendant's guilt or innocence depends upon where that line is drawn, however, you may not convict if the evidence is evenly balanced between guilt and innocence.[7]

---

[7] *Coleman v. United States*, 167 F.2d 837, 838 (5th Cir. 1948); *United States v. Delay*, 440 F.2d 566, 568 (7th Cir. 1971); and *United States v. Harris*, 942 F.2d 1125 (7th Cir. 1991).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7**

**ROLE OF JURY**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term evidence includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inference that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. Also, during the course of the trial, I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case or whether any one witness may be more credible than another. You must understand that the Court has no opinion as to the verdict you should render in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.[8]

---

[8]Pattern Jury Instruction 1.07, United States Fifth Circuit (West 1990) (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

## INDIVIDUAL DUTY OF JURORS

As a juror you have a duty to determine the innocence or guilt of the defendant based on your own recollections and understanding of the evidence in this case. You should listen to the views of your fellow jurors just as you should make your views known to them. Yet, you would be doing a disservice to your oath as a juror, and indeed, to this Court and the system of justice if you let your own individual judgments be overborne by your fellow jurors for the sake of expediency or because your views may represent a minority view.

In short, your judgment in this case should not represent a compromise of your own individual good faith belief in the guilt or innocence of the defendant viewed separately by you.[9]

---

[9] Pattern Jury Instruction 1.25, United States Fifth Circuit (West 1990) (adapted).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

**EVIDENCE**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard all testimony and exhibits which I have ordered to be stricken. As I indicated before, only the witnesses' answers are evidence. Similarly, statements by counsel are not evidence.

In judging the evidence, you must remember that the evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed stricken from the record. Do not consider such answers. In addition, you must ignore any questions or suggestions raised by questions that were not answered because I sustained an objection to the question.

You are also to consider any stipulations between the parties as evidence. A stipulation is an agreement between the parties that a certain fact is true. You are to regard such agreed facts as true.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts of what your verdict should be. The rulings I have

made during the trial are not any indication of my views of what your verdict should

be.

Anything you may have seen or heard about this case outside the courtroom is

not evidence and must be entirely disregarded.[10]

---

[10] L. Sand, T. Siffert, W. Loughlin & S. Weiss, Modern Federal Jury Instructions, ¶ 2.01, at No. 2-3, ¶ 5.02, at No. 5-4 (1993) (adapted).  [Model Instructions from this source are hereinafter cited as "Sand, ¶ _____, at No. _____."]

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10**

**THE GOVERNMENT AS A PARTY**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals under the laws.[11]

---

[11]Sand, ¶ 2.01, at No. 2-5 (adapted).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

**IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  All persons are entitled to the presumption of innocence.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.[12]

---

[12] Sand, ¶ 2.01, at No. 2-11 (adapted).

## DEFENDANT'S REQUEST JURY INSTRUCTION NO. 12

### CONDUCT OF COUNSEL

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All of those questions of law must be decided by me. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already instructed, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[13]

---

[13] Sand, ¶ 2.01, at No. 2-8.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13**

**NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

You should keep in mind throughout your deliberations that the burden of proof is always on the government, and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

The mere fact that one side called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of that side. By the same token, if you find a witness not to be credible, you do not have to accept the testimony of that witness just because he or she had not been contradicted or impeached. You have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.[14]

---

[14] Sand, ¶ 4.01, at No. 4-3 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence.   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the defendant.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted.[15]

---

[15]Pattern Jury Instruction 1.08, United States Fifth Circuit (West 1990) (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

## QUESTIONS

Let me emphasize that a lawyer's question is not evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.  On the other hand, if the witness adopts or agrees to the assumed facts in his or her answer, then the witness may be considered to have testified to the facts assumed in the question, and his or her testimony is evidence of those facts.[16]

---

[16] Sand, ¶ 5.01, at No. 5-3 (adapted); *United States v. DeFillipo*, 590 F.2d 1228, 1240 (2d Cir.), cert. denied, 442 U.S. 920 (1979).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16**

**WITNESS CREDIBILITY – GENERAL**

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true and accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness you should consider his or her relationship to the government or the defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[17]

---

[17] Pattern Jury Instruction 1.09, United States Fifth Circuit (West 1990) (adapted).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

**WITNESS CREDIBILITY – GENERAL**

Your decision whether or not to believe a witness may depend on how the witness impressed you. Did the witness appear candid, frank, and forthright, or did he or she seem to be trying to hide some of the facts? Was the testimony of the witness consistent, or did the witness contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately? In this connection, you should of course consider whether any inconsistencies in the testimony of a witness are merely peripheral or go to the heart of his or her testimony, and also whether the witness may have been merely inaccurate or mistaken in part. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet be entirely credible in the essentials of his or her testimony.

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or a defendant which may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that may have caused him or her to shade the truth; or, does the witness have some bias, prejudice, or hostility that may have caused the witness – consciously or not – to give you something other than a completely accurate account of the facts to which he or she testified?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stands up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.[18]

---

[18] Sand, ¶ 7.01, at No. 7-1 (adapted).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

**CREDIBILITY OF ACCUSED AS WITNESS**

A defendant who wishes to testify is a competent witness; and a defendant's testimony is to be judged in the same way as that of any other witness.  However, always keep in mind that a defendant never has an obligation to testify.[19]

---

[19] <u>See</u> Vol. 1, E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 15.12 (4th ed. 1992) (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

## LAW ENFORCEMENT WITNESS

Because a particular witness may be a law enforcement officer such as an investigator, a FBI agent, or for that matter an employee of any other government agency, that does not mean that his or her testimony is deserving of any special consideration or any greater weight by reason of that fact.

It is quite legitimate for counsel to attack or question the credibility of an agent or other government employee on the ground that his or her testimony may be colored by personal or professional interest in the outcome of the case.[20]

---

[20] See *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20**

**IMPEACHMENT**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.[21]

---

[21] Pattern Jury Instruction 1.11, United States Fifth Circuit (West 1990) (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

## CHARTS AND SUMMARIES

There have been admitted into evidence charts and summaries offered by the government and the defense.  Charts and summaries are admitted in evidence solely for the purpose of summarizing facts disclosed by testimony, books, records, and other documents which are in evidence in the case.  They are no better than the testimony or the documents upon which they are based.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

In other words, charts or summaries are used only as a matter of convenience. It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the documents on which they are based. You are entitled to consider the charts or summaries if you find that they are of assistance to you in analyzing and understanding the evidence.  To the extent that you find they are not truly summaries of facts or figures shown by the evidence in this case, you are to disregard them.[22]

---

[22]Sand, ¶ 5.05, at No. 5-13 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

## CHARACTER EVIDENCE

Evidence, if believed, of the defendant's established reputation for good character may, when considered with his unequivocal denial of the charges, be sufficient to create a reasonable doubt as to his guilt and warrant that you acquit him of all charges.

When a defendant has offered evidence of good and general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence of the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Accordingly, if, after considering the question of any of the defendant's good character in arriving at your verdict, you find that a reasonable doubt has been created, you must acquit the defendant of all charges.[23]

---

[23]*Michelson v. United States*, 335 U.S. 469, 476 (1948); *Edinington v. United States*, 164 U.S. 361, 366 (1896); *United States v. Ruppel*, 666 F.2d 261 (5th Cir. 1982); *United States v. Cramer*, 447 F.2d 210 (2d Cir. 1971), cert. denied, 404 U.S. 1024 (1972); see also Pattern

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

## LARGE SUM OF MONEY IRRELEVANT

Also, at the beginning of the trial, I stated that the testimony and exhibits would be connected with large business transactions and large sums of money – but that fact alone has nothing to do with the guilt or innocence of the defendant.

The mere fact that the transactions in this case often involved large sums does not mean that the defendant is held to a greater standard of conduct than had the case involved smaller sums of money. The law is applied the same in all cases.

Nor should the jury conclude that, merely because the parties involved in the case dealt in large sums of money, that fact suggests that the defendant was guilty of any wrongdoing. The presumption of innocence applies to every defendant in every case equally without regard to the number of dollars in these transactions.

---

Jury Instructions 1.10, United States Fifth Circuit (West 1990) (adapted).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24**

**GUILT BY ASSOCIATION**

There is a long-standing rule against "guilt by association."  A defendant may not be convicted merely because people who worked with him committed criminal conduct.  In this case, the defendant cannot be convicted simply because he was associated with or friendly with anyone you may find to have acted in violation of the law.  Each element of each offense must be proved independently against the defendant individually on the basis of his own conduct and state of mind.[24]

---

[24] See *United States v. Romo*, 669 F.2d 285, 288 (5th Cir. 1982).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.[25]

---

[25] L. Sand, T. Siffert, W. Loughlin & S. Weiss, <u>Modern Federal Jury Instructions</u>, ¶ 7.01 at 7-73 (1993) (adapted). See also *United States v. Rogers*, 549 F.2d 490, 495-96 (8th Cir. 1976).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26**

The Defendant is charged in the first 6 counts of the indictment with violating 26 U.S.C. § 7201. This law provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax * * * or the payment thereof of, shall" * * * be guilty of an offense against the laws of the United States.[26]

---

[26] Devitt & Blackmar, 3rd Ed., §35.02 (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27**

**ELEMENTS OF TAX EVASION**

An offense under §7201 requires proof of the following essential elements:

*First*, that the defendant owed a substantial amount for income taxes;

*Second*, that the defendant attempted to evade payment of such taxes; and

*Third*, that the attempt was committed willfully.

As has been said before, the burden is on the prosecution to prove every element of the offense charged beyond a reasonable doubt.  The law never imposes on the defendant in a criminal case the burden of producing any evidence or of calling any witnesses.[27]

---

[27] See *United States v. England*, 347 F.2d 425, 430-31 (7th Cir. 1965).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28**


To establish the crime of income tax evasion as charged in each count of the indictment, the prosecution must prove beyond a reasonable doubt that the defendant willfully attempted to evade or defeat the payment of a tax due and owing to the government. This involves the specific intent to evade the payment of the tax, and some willful commission or affirmative action taken by the defendant in furtherance of that intent.[28]

---

[28] Section 35.06 (first paragraph), Devitt & Blackmar, Federal Jury Practice and Instructions, Third Edition (1977).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29

## WHAT IS NOT TAX EVASION

The failure to act is an act of omission, and is neither an act of commission or an affirmative action.

Failing to file tax returns, failing to keep records, failing to report and failing to pay income taxes are not affirmative acts or acts of commission.[29]

---

[29] See *Sansone v. United States*, 380 U.S. 343, 351 (1964); *Lawn v. United States*, 355 U.S. 339, 361 (1958); *Spies v. United States*, 317 U.S. 492, 496 (1942); *United States v. Romano*, 938 F.2d 1569 (2nd Cir. 1991); *United States v. Tarnopol*, 561 F.2d 466, 474-75 (3rd Cir. 1977); *United States v. Doyle*, 956 F.2d 73, 75 (5th Cir. 1992); *Griffin v. United States*, 173 F.2d 909, 910 (6th Cir. 1949); *Bridgeforth v. United States*, 233 F.2d 451, 453 (6th Cir. 1956); *United States v. Mesheski*, 286 F.2d 345, 346 (7th Cir. 1961); and *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30**

**SPECIFIC INTENT**

The specific intent of willfulness is an essential element of the offense of attempting to evade taxes.

The term "willfully" used in connection with this offense means voluntarily, purposefully, deliberately and intentionally as distinguished from accidentally, inadvertently, or negligently.

Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law.

An attempt to evade the payment of taxes is willful if the defendant's actions were voluntary and purposeful, and committed with the specific intent to evade the payment of the taxes; that is to say, with a bad purpose or evil motive to disobey or disregard the law which required the defendant to report and pay income taxes.

On the other hand, the defendant's conduct is not willful if you find that his actions were the result of negligence, inadvertence, accident or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of the law.[30]

---

[30] Section 35.31, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Third Edition (1977) (as modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31

## SPECIFIC INTENT

The crimes charged in this case are serious crimes which requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the Government must prove that the defendant willfully failed to do an act which the law requires, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

An act or a failure to act is committed "willfully" if done voluntarily and intentionally and not because of mistake or accident or other innocent reason. As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt.[31]

---

[31] Devitt and Blackmar, Federal Jury Practice and Instructions, Third edition, §§ 14.03, 14.04, as modified.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

## WILLFULNESS

"Willfulness" is negated by the defense of a good faith mistake of the law's requirements. To make such a determination, one must inquire into the defendant's mind, his mental attitude and approach to the situation which the law required of him some act. If you find that the defendant, subjectively in his own mind, believed that he was not required by the law to pay the taxes in question, it will be your duty to acquit him.[32]

---

[32] See *United States v. Aitken*, 755 F.2d 188 (1st Cir. 1985); *United States v. Phillips*, 775 F.2d 262 (10th Cir. 1985); *United States v. Whiteside*, 810 F.2d 1306 (5th Cir. 1987).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33**

**WILLFULNESS**

The law might very clearly tax specified receipts, yet a defendant might be able to prove that he honestly believed the receipts were nontaxable, and therefore he did not act willfully. Whether the defendant's beliefs about the legality of his actions were right or wrong, reasonable or unreasonable, is irrelevant to willfulness; the only issue is whether those beliefs were in fact held.

If you believe that the defendant held sincere and honest beliefs that his receipts were not taxable, it is your duty to acquit him.[33]

---

[33] See *United States v. Aitken*, 755 F.2d 188 (1st Cir. 1985).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34**

**ANTI-INJUNCTION LAW**


The Anti-Injunction Statute, 26 U.S.C. §7421, is a law that prevents any person from commencing a lawsuit or civil action against the government that is designed to enjoin or prevent the assessment or collection of any tax. Thus for income taxes, which are taxes that fall within the scope of the Anti-Injunction Statute, no person can civilly sue the government to enjoin, prevent, or challenge any assessment or collection of an income tax.

Further, no person can bring any type of civil action seeking declaratory judgment pursuant to 28 U.S.C. §2201, because the law prevents all actions for declaratory judgments with respect to federal taxes.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

Thus, a person is prevented by law from civilly seeking a determination of his liability for income taxes and from seeking to prevent the assessment or collection of an income tax allegedly due and owing.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36**

Because of the operation of law, a party must make his own decisions, unaided by a civil court, regarding his liability for income taxes and the assessment and collection of income taxes. Accordingly, a person may study case law and statutes to aid him in making those decisions. As a result, he may reach a belief and decision concerning his liability for income taxes and about what he is required and not required to do in reference to this subject.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37**

**RELIANCE ON COURT DECISIONS**

In forming opinions and beliefs regarding one's liability for income tax, the requirement for one to make certain returns, and any other aspect of income tax law, a person may rely upon decisions of the United States Supreme Court and other courts.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38**

**RELIANCE ON COURT DECISIONS**

In relying upon opinions of the U.S. Supreme Court in reference to tax matters, a person can reach certain conclusions and beliefs regarding his liability for a tax and the applications of tax law to him. If he does rely upon U.S. Supreme Court opinions, he is not acting "willfully" within the meaning of the law that the defendant is charged with having violated. This is so even if he misinterprets or misunderstands such opinions.[34]

---

[34] See *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 3008 (1973).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39

## ELEMENT OF WILLFULNESS

If the defendant acted in good faith, that is to say he actually believed the actions he took were allowable by law, then he is not guilty of the offenses of tax evasion. It does not matter whether the defendant was right or wrong in his beliefs, nor does it matter if his beliefs make sense, or sounds reasonable to you the jury or to me as the judge. The only thing that matters is whether or not the defendant actually believed he was correct in his actions. Also, it is not the defendant's burden to prove that he did believe his actions were correct, but rather it's the Government's burden to prove that he did not.

It is for you, the jury, to decide whether the Government has proven that the defendant willfully committed tax evasion by proving beyond a reasonable doubt that he did not actually believe his actions were correct, and by proving all the other elements that I have explained to you in these instructions, or whether the defendant believed his actions were proper. If you find that the Government has failed to meet its burden, then you must find the defendant not guilty of these offenses. If there is any doubt in your mind as to this issue, or even if you conclude that the defendant could have only believed his actions were proper by abysmal ignorance and the

rankest kind of stupidity, yet you find that he believed he was correct, you must find

the defendant not guilty.[35]

---

[35] See *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991);  *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Pomponio*, 429 U.S. 10, 11 n. 2, 13 (1976); *United States v. Wilkins*, 385 F.2d 465, 474 (4th Cir. 1967); *United States v. Burton*, 737 F.2d 439 (5th Cir. 1984); *United States v. Bass*, 784 F.2d 1282 (5th Cir. 1986); *United States v. Lisowski*, 504 F.2d 1268, 1270 (7th Cir. 1974); *United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982); and *United States v. Goetz*, 746 F.2d 705 (11th Cir. 1984).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40

## NOT KNOW LAW

In this case, the defendant is not presumed to know the law.[36]

---

[36] See *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655 (1994); *United States v. Alt*, 996 F.2d 827 (6th Cir. 1993); and *United States v. Rogers*, 18 F.3d 265 (4th Cir. 1994).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41**

Section 6001 of the Internal Revenue Code reads as follows:

"Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns and comply with such rules and regulations as the Secretary may from time to time prescribe."

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  42**

Section 6011 of the Internal Revenue Code reads as follows:

"When required by regulations prescribed by the Secretary any person

made liable for any tax imposed by this title, or for the collection

thereof, shall make a return or statement according to the forms and

regulations prescribed by the Secretary."

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 43**

**PRIVACY ACT**

The Privacy Act provides that every federal agency that collects information from the public shall inform each individual whom it asks to supply information, on the form which it uses to collect information or on a separate form, of the following:

(1) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;

(2) the principle purpose or purposes for which the information is intended to be used;

(3) the routine uses which may be made of the information; and

(4) the effects on him, if any, of not providing all or any part of the requested information.[37]

---

[37] See 5  U.S.C. §552a(e)(3).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 44**

**LESSER INCLUDED OFFENSE REGARDING COUNT 6**

As I explained to you earlier, the charge of income tax evasion includes the lesser charge of willful failure to file a federal income tax return.

If you find the defendant not guilty of income tax evasion regarding count 6, or if after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of willful failure to file a federal income tax return.

If you decide that the government has proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form.  If you decide that the government has not proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.   Your foreperson should then sign the form, put the date on it and return it to me.[38]

---

[38] Sixth Circuit Pattern Criminal Jury Instructions 8.07. See *United States v. Boone*, 951 F.2d 1526, 1541 (9th Cir. 1991); *United States v. Snyder*, 766 F.2d 167, 171 (4th Cir. 1985); and *United States v. Buckley*, 586 F.2d 498, 504-05 (5th Cir. 1979)(§7203 offenses are lesser included offenses of §7201).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 45

For count 6 of this indictment, the offense of tax evasion includes the lesser offense of willful failure to file income tax returns, in violation of §7203 of the Internal Revenue Code.  That section reads as follows:

"Any person required" by law or regulation "to make a return ... who willfully fails to ... make such return ... at the time required by law or regulations" shall be guilty of an offense against the laws of the United States.[39]

---

[39] Devitt and Blackmar, <u>Federal Jury Practice and Instructions,</u> Third edition, § 35.28, as modified.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 46

## ELEMENTS OF WILLFUL FAILURE TO FILE

Title 26, United States Code, Section 7203, makes it a Federal crime or offense for a taxpayer to willfully fail to file a federal income tax return when required to do so by the Internal Revenue laws or regulations.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:  That the Defendant was required by law or regulation to

make a return of his income for the taxable year charged;

Second: That the Defendant failed to file a return at the time required by law; and

Third:  That the Defendant's failure to file the return was willful.

As has been said before, the burden is on the prosecution to prove every element of the offense charged beyond reasonable doubt. The law never imposes on the defendant in a criminal case the burden of producing any evidence or of calling any witnesses.[40]

---

[40] Eleventh Circuit Pattern Jury Instruction: Offense Instruction No. 82 (as modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 47

The following is a quote from the case of *Flint v. Stone Tracy Co.*, 220 U.S. 107, 151 (1911):

"Excise taxes are those laid upon the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges."

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 48**

The following is a quote from the case of *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947):

"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority."

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 49

You have no right to find the Defendant guilty only for the purpose of deterring others from committing crime.[41]

---

[41] Section 3449, A.H. Reid, The Law of Instructions to Juries, Vol. 5, 2 Ed., (1962).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 50**

**RELIANCE ON GOVERNMENT DOCUMENTS**

An American citizen such as the defendant has a right to rely upon representations and statements made by the government and appearing in official publications or documents.[42]

---

[42] See *Raley v. Ohio*, 360 U.S. 423, 438, 79 S.Ct. 1257, 1266 (1959); *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476 (1965); and *United States v. Laub*, 385 U.S. 475, 87 S.Ct. 574 (1967).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 51

In the last count of the indictment, the Defendant is charged with violating 26 U.S.C. §7212(a), which provides as follows:

Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of the"

federal tax laws shall be guilty of an offense against the United States.

This statute defines the term, "threats of force" as threats of bodily harm to the officer or employee of the United States or to a member of his family.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 52**

The Defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

First, he corruptly or by force or threats of force, including making a threatening communication,

Second, endeavored,

Third, to intimidate or impede any officer or employee of the United States acting in an official capacity in the enforcement of the federal tax laws.

As has been said before, the burden is on the prosecution to prove every element of the offense charged beyond reasonable doubt.  The law never imposes on the defendant in a criminal case the burden of producing any evidence or of calling any witnesses.

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 53

In the alternative, the Defendant can be found guilty of this offense if the following facts are proved beyond a reasonable doubt:

First, he corruptly or by force or threats of force, including making a threatening communication,

Second, obstructs or impedes, or endeavors to obstruct or impede,

Third, the due administration of the federal tax laws.

As has been said before, the burden is on the prosecution to prove every element of the offense charged beyond reasonable doubt.  The law never imposes on the defendant in a criminal case the burden of producing any evidence or of calling any witnesses.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 54

An act is done "corruptly" if it is performed voluntarily and deliberately and performed with the purpose of either accomplishing an unlawful end or result or of accomplishing some otherwise lawful end or lawful result by any unlawful methods or means.[43]

---

[43] Devitt and Blackmar, Federal Jury Practice and Instructions, Fourth edition, § 25.09 (Bribery) as modified.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 55**

The term, "endeavor," means to undertake an act or to attempt to effectuate an arrangement or to try to do something the natural and probable consequences of which is to influence, obstruct or impede.[44]

---

[44] See *United States v. Silverman*, 745 F.2d 1386, 1396 n. 12 (11th Cir. 1984).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 56**

To "intimidate" someone means to intentionally say or do something which would cause a person of ordinary sensibilities to be fearful of bodily harm. It is not necessary for the prosecution to prove, however, that the victim was actually frightened, and neither is it necessary to prove that the behavior of the defendant was so violent that it was likely to cause terror, panic or hysteria.[45]

---

[45] Excerpt from 11th Circuit Pattern Criminal Instruction 47.2(tampering with witness).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 57**

A defendant convicted of income tax evasion may be imprisoned for a period of 5 years.

A Defendant convicted of willful failure to file federal income tax returns may be imprisoned for a period of 1 year.

A Defendant convicted of interference with administration of the revenue laws may be imprisoned for a maximum of 3 years.[46]

---

[46] See *United States v. Datcher*, 830 F.Supp 411 (M.D.Tenn. 1993).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 58**

**DELIBERATIONS**

This concludes my instructions with respect to the law applicable to each count of the indictment in this case.  Now you are about to retire to consider your verdict. I want to remind you that you may render a verdict of guilty on each count or a verdict of not guilty on each count, or guilty on one, not guilty on some others, or vice versa. You must also consider each defendant separately.  You may render a verdict of guilty as to one defendant and not guilty as to the other on any or all counts.  That is entirely within your province.  But your verdict as to each count must be unanimous; it must be the verdict of all 12 jurors.  Until the 12 of you unanimously agree upon a verdict as to any given count, no verdict can be returned on that count.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Remember also that the question before you can never be whether the government will win or lose the case.  The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.[47]

---

[47] Pattern Jury Instruction 1.25, United States Fifth Circuit (West 1990) (adapted); E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 20.01 at 824-25 (4th ed. 1992) (adapted); Sand, ¶ 2.01, at No. 2-5 Comment.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date, November 23, 2005, electronically filed this Defendant's requested jury instructions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Robert G. Davies, United States Attorney's Office, 21 East Garden Street, St. 400, Pensacola, Florida 32502.

*Lowell H. Becraft, Jr.*
___