# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN,

     Defendant.

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go into the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

FILED IN OPEN COURT THIS
12/7/05
CLERK U.S. DISTRICT
COURT, NORTHERN DIST. FL.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require the Defendant to prove his or her innocence or produce any evidence at all. The Government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier you must consider only the evidence that has been admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

— Did the person impress you as one who was telling the truth?

— Did he or she have any particular reason not to tell the truth?

— Did he or she have a personal interest in the outcome of the case?

— Did the witness seem to have a good memory?

— Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

— Did the witness appear to understand the questions clearly and answer them directly?

— Did the witness's testimony differ from the testimony of other witnesses?

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his or her testimony.

Now, I would like to take up the specific charges set out in the indictment in this case. Please remember, as I have already told you, that the indictment is <u>not</u> part of the evidence in this case. It is merely an accusation, and you must not draw any inference of guilt from it.

In this case, as you know, the indictment charges seven separate offenses which we will call "counts."

In summary, Counts One through Six charge that, for the calendar years 1997 through 2002, Defendant willfully attempted to evade and defeat a substantial portion of the income tax due and owing by him to the United States of America when he well knew and believed that a substantial tax was due and owing.

Count Seven charges that Defendant corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by falsely and fraudulently informing entities that they were under no obligation to comply with lawful summons for documents from the IRS.

Wage earners are subject to income tax. Section 1 of the Internal Revenue Code imposes an income tax on the income of every individual who is a citizen or resident of the United States.

Section 7201 of the Internal Revenue Code (26 U.S.C. § 7201) makes it a Federal crime or offense for anyone to willfully attempt to evade or defeat the payment of federal income taxes.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the Defendant owed substantial income tax in
             addition to that declared in his tax return; and

Second:      That the Defendant knowingly and willfully
             attempted to evade or defeat such tax.

The proof need not show the precise amount of the additional tax due as alleged in the indictment, but it must be established beyond a reasonable doubt that the Defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

The word "attempt" contemplates that the Defendant had knowledge and an understanding that, during the particular tax year involved, he had income which was taxable, and which the Defendant was required by law to report; but that he nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by willfully failing to report all of the income which he knew he had during that year.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, pensions, or money earned for performing services. The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents and the like. The income tax also applies to any gain derived from the sale of a capital asset. In short, the term "gross income" means all income from whatever source unless it is specifically excluded by law.

On the other hand, the law does provide that funds acquired from certain sources are not subject to the income tax. The most common non-taxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds derived from the sale of an asset to the extent those funds equal the cost of the asset.

Title 18, United States Code, Section 7212(a), makes it a federal crime or offense for anyone to corruptly endeavor to obstruct or impede the due administration of the Internal Revenue laws.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly endeavored to obstruct or impede the due administration of the Internal Revenue laws, as charged; and

Second:     That the Defendant did so corruptly.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to secure an unlawful benefit either for oneself or for another.

To "endeavor" to obstruct or impede means to engage in some act, or to take some step, in a conscious attempt to obstruct or impede; and to "obstruct or impede" means to hinder or prevent or delay, or make more difficult, the due administration of the Internal Revenue laws.  However, it is not necessary for the Government to prove that the administration of the Internal Revenue laws was in fact obstructed or impeded in any way, only that the Defendant corruptly endeavored to do so.

Neither is it necessary that the Government prove all of the alleged ways and means of committing the charged offense as stated in the indictment. It would be sufficient if the Government proves beyond a reasonable doubt, that the Defendant committed any one of those alleged ways and means with the corrupt intent to obstruct and impede the due administration of the Internal Revenue laws; provided, however, you must unanimously agree upon which of those alleged ways and means the Defendant corruptly committed.

You will note that the indictment charges that the offense was committed "on or about" certain dates. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something that the law forbids; that is, with bad purpose either to disobey or disregard the law.

An act is done willfully if done voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say with a purpose either to disobey or disregard the law.  Conduct is not willful if it is based upon accident, mistake, inadvertence or due to a good faith misunderstanding as to the requirements of the law.  While good faith has no precise meaning, it encompasses, among other things, an honest intention, an absence of malice and an honest intention to abstain from taking any unconscientious advantage of another.  In order to convict the defendant, you must find that the government has proven that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.

If the government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement.  The purpose of the willfulness component is to avoid penalizing taxpayers who make innocent mistakes caused by the complexity of the tax code. A defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law. This is so even if the defendant's belief was not objectively reasonable as long as he held the belief in good faith. Nevertheless, you may consider whether the defendant's belief about the tax statutes was actually reasonable as a factor in deciding whether he held that belief in good faith.

The reasonableness of a belief is a factor for the jury to consider in determining whether a defendant actually held a belief and acted upon it. The more farfetched a belief is, the less likely it is that a person actually held or would act upon that belief. A defendant who knows what the law is and who disagrees with it does not have a bona fide misunderstanding defense. A persistent refusal to acknowledge the law does not constitute a good faith misunderstanding of the law. One is not immune from criminal prosecution if he knows what the law is but believes that it should be otherwise, and therefore violates it.

In determining the issue as to willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence which may aid in the determination of his state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case enables one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions. Knowledge and belief are characteristically questions for the fact finder, in this case you, the jury.

Now speaking further about knowledge, the element of knowledge may be satisfied by inferences drawn from the proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. It is entirely up to you as to whether you find deliberate closing of the eyes and the inferences to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss this case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

**[Explain verdict form]**

You will take the verdict form to the jury room, and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the marshal that you have reached a verdict. I will then have you return to the courtroom in order for us to receive your verdict.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should <u>not</u> tell me your numerical division at the time.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

WARD FRANKLIN DEAN

**SEALED**
**INDICTMENT**

3:05cr25/LAC

THE GRAND JURY CHARGES:

### COUNT ONE

That from on or about January 1, 1997, and continuing through on or about March

27, 1999, in the Northern District of Florida and elsewhere, the defendant,

### WARD FRANKLIN DEAN

a resident of Escambia County, Florida, did willfully attempt to evade and defeat a

substantial portion of the income tax due and owing by him to the United States of

America for calendar year 1997 by filing a false and fraudulent W-4 form through an

entity paying him income, by maintaining on file with an entity paying him income

documentation which falsely and fraudulently claimed exemption from federal income

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA

05 MAR 17  AM 11: 02

FILED

tax withholding, and by preparing, signing and submitting to the Internal Revenue Service

a false and fraudulent IRS form 1040EZ, wherein it was stated that his taxable income for

the calendar year 1997 was the sum of $0, and the amount of tax due and owing thereon

was the sum of $0, whereas, as he then and there well knew and believed, his taxable

income for the calendar year 1997 was substantially in excess of $0, and that upon said

additional taxable income, a substantial additional tax was due and owing to the United

States of America, in violation of Title 26, United States Code, Section 7201.

### COUNT TWO

That from on or about January 1, 1998, and continuing through on or about June

12, 2000, in the Northern District of Florida and elsewhere, the defendant,

### WARD FRANKLIN DEAN

a resident of Escambia County, Florida, did willfully attempt to evade and defeat a

substantial portion of the income tax due and owing by him to the United States of

America for calendar year 1998 by filing a false and fraudulent W-4 form through an

entity paying him income, by maintaining on file with an entity paying him income

documentation which falsely and fraudulently claimed exemption from federal income

tax withholding, and by preparing, signing and submitting to the Internal Revenue Service

a false and fraudulent IRS form 1040EZ, wherein it was stated that his taxable income for

the calendar year 1998 was the sum of $0, and the amount of tax due and owing thereon

was the sum of $0, whereas, as he then and there well knew and believed, his taxable

income for the calendar year 1998 was substantially in excess of $0, and that upon said

2

additional taxable income, a substantial additional tax was due and owing to the United

States of America, in violation of Title 26, United States Code, Section 7201.

### COUNT THREE

That from on or about January 1, 1999, and continuing through on or about April

29, 2001, in the Northern District of Florida and elsewhere, the defendant,

### WARD FRANKLIN DEAN

a resident of Escambia County, Florida, did willfully attempt to evade and defeat a

substantial portion of the income tax due and owing by him to the United States of

America for calendar year 1999 by maintaining on file with an entity paying him income

documentation which falsely and fraudulently claimed exemption from federal income

tax withholding, and by preparing, signing and submitting to the Internal Revenue Service

a false and fraudulent IRS form 1040, wherein it was stated that his taxable income for

the calendar year 1999 was the sum of $0, and the amount of tax due and owing thereon

was the sum of $0, whereas, as he then and there well knew and believed, his taxable

income for the calendar year 1999 was substantially in excess of $0, and that upon said

additional taxable income, a substantial additional tax was due and owing to the United

States of America, in violation of Title 26, United States Code, Section 7201.

### COUNT FOUR

That from on or about January 1, 2000, and continuing through on or about June

11, 2002, in the Northern District of Florida and elsewhere, the defendant,

### WARD FRANKLIN DEAN

3

a resident of Escambia County, Florida, did willfully attempt to evade and defeat a substantial portion of the income tax due and owing by him to the United States of America for calendar year 2000 by filing a false and fraudulent W-4 form through an entity paying him income, by maintaining on file with an entity paying him income documentation which falsely and fraudulently claimed exemption from federal income tax withholding, and by preparing, signing and submitting to the Internal Revenue Service a false and fraudulent IRS form 1040, wherein it was stated that his taxable income for the calendar year 2000 was the sum of $0, and the amount of tax due and owing thereon was the sum of $0, whereas, as he then and there well knew and believed, his taxable income for the calendar year 2000 was substantially in excess of $0, and that upon said additional taxable income, a substantial additional tax was due and owing to the United States of America, in violation of Title 26, United States Code, Section 7201.

## COUNT FIVE

That from on or about January 1, 2001, and continuing through on or about June 11, 2002, in the Northern District of Florida and elsewhere, the defendant,

### WARD FRANKLIN DEAN

a resident of Escambia County, Florida, did willfully attempt to evade and defeat a substantial portion of the income tax due and owing by him to the United States of America for calendar year 2001 by filing a false and fraudulent W-4 form through an entity paying him income, by maintaining on file with an entity paying him income documentation which falsely and fraudulently claimed exemption from federal income tax withholding, and by preparing, signing and submitting to the Internal Revenue Service

4

a false and fraudulent IRS form 1040, wherein it was stated that his taxable income for the calendar year 2001 was the sum of $0, and the amount of tax due and owing thereon was the sum of $0, whereas, as he then and there well knew and believed, his taxable income for the calendar year 2000 was substantially in excess of $0, and that upon said additional taxable income, a substantial additional tax was due and owing to the United States of America, in violation of Title 26, United States Code, Section 7201.

### COUNT SIX

That from on or about January 1, 2002, and continuing through on or about April 15, 2003, in the Northern District of Florida and elsewhere, the defendant,

### WARD FRANKLIN DEAN

a resident of Escambia County, Florida, did fail to file an income tax return and did willfully attempt to evade and defeat a substantial portion of the income tax due and owing by him to the United States of America for calendar year 2002 by filing a false and fraudulent W-4 form through an entity paying him income and by maintaining on file with an entity paying him income documentation which falsely and fraudulently claimed exemption from federal income tax withholding, whereas, as he then and there well knew and believed, his taxable income for the calendar year 2002 was such that a substantial tax was due and owing to the United States of America, in violation of Title 26, United States Code, Section 7201.

### COUNT SEVEN

That from on or about January 14, 2002, and continuing through on or about February 26, 2002, in the Northern District of Florida and elsewhere, the defendant,

5

### WARD FRANKLIN DEAN

a resident of Escambia County, Florida, did corruptly endeavor to obstruct and impede

the due administration of the internal revenue laws by sending letters to entities that had

received a lawful summons for documents from the Internal Revenue Service and by

falsely and fraudulently informing the entity that it "was under no obligation to comply

with this fraudulent summons," and that the summons was "a phony document sent by a

'Revenue Agent' who has no authority to send a lawful summons to anyone," in violation

of Title 26, United States Code, Section 7212(a).

A TRUE BILL:

FOREPERSON

Mar. 17, 2005
DATE

GREGORY R. MILLER
United States Attorney

ROBERT G. DAVIES
Assistant United States Attorney

DAVID L. GOLDBERG
Assistant United States Attorney

6