# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                Case No.3: 05 CR 25 LAC

WARD FRANKLIN DEAN,

      Defendant.

_____

## DEFENDANT'S MOTION FOR RELEASE ON BOND
## PENDING SENTENCING

Comes now the Defendant, Dr. Ward Franklin Dean, through his undersigned attorney, pursuant to 18 U.S.C. §3143 (a), and hereby moves this Honorable Court for an order releasing Dean from incarceration at the Escambia County Jail pending sentencing via either a personal recognizance or reasonable cash bond or other conditions. As grounds herefor, Defendant Dean shows as follows:

1. Release on bond pending sentencing for a defendant convicted of a crime is governed by 18 U.S.C. §3143 (a), which provides that if a convicted defendant poses no risk of flight or danger to the community, he may be released on bond pending sentencing;

1

2. As shown by the attached declarations of parties having knowledge of the facts, it clearly and convincingly appears that Dean "is not likely to flee or pose a danger to the safety of any other person or the community if released" via the requested bond.

3. Defendant Dean should be released via bond until sentencing on February 28, 2006, to enable him to terminate his medical practice and make arrangements for another doctor to replace him at Watson Alternative Health, Inc., and to otherwise tend to business, personal and family matters before serving his sentence in this case, which presently appears to have a Guidelines range of 27 to 33 months.

Wherefore, the premises considered, Defendant Dean moves for reasonable bond pending sentencing. In support of this motion, the following brief is offered.

Respectfully submitted this the 12th day of December, 2005.

s/ Lowell H. Becraft, Jr.
Lowell H. Becraft, Jr.
Attorney for Defendant Dean
209 Lincoln Street
Huntsville, Alabama 35801
256-533-2535
becraft@hiwaay.net

Certificate of Compliance with N.D.Fla. Local Rule 7.1 (B)

I certify that prior to the filing of this motion, I conferred with Robert Davies and was informed that the prosecution opposes this motion.

s/ Lowell H. Becraft, Jr.
Lowell H. Becraft, Jr.

2

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                Case No.3: 05 CR 25 LAC

WARD FRANKLIN DEAN,

      Defendant.

_____

**BRIEF IN SUPPORT OF BOND**
**PENDING SENTENCING**

Release on bond pending sentencing for a defendant convicted of a crime is

governed by 18 U.S.C. §3143 (a), which provides as follows:

> (a) Release or Detention Pending Sentence. - (1) Except as provided in
> paragraph (2), the judicial officer shall order that a person who has been found
> guilty of an offense and who is awaiting imposition or execution of sentence,
> other than a person for whom the applicable guideline promulgated pursuant
> to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained,
> unless the judicial officer finds by clear and convincing evidence that the
> person is not likely to flee or pose a danger to the safety of any other person
> or the community if released under section 3142(b) or (c). If the judicial
> officer makes such a finding, such judicial officer shall order the release of the
> person in accordance with section 3142(b) or (c).

But for those convicted of violent crimes, crimes with life or death penalties, or drug

offenses, the standard is stricter; see 18 U.S.C.§ 3143(a)(2). Dean has only been

convicted of tax crimes, thus via 18 U.S.C. §3143(a)(1), he need only show that he

poses no risk of flight and no danger to any person or the community to secure his

1

release on bond pending sentencing. See *United States v. Majors*, 932 F.Supp. 853 (E.D.Tex. 1996)(court released drug defendant when proven that defendant was not a flight risk or danger to any person or the community); *United States v. Hooks*, 330 F.Supp.2d 1311 (M.D.Ala. 2004)(defendant released for one month to secure custody for children); and *United States v. Mitchell*, 358 F.Supp.2d 707 (E.D.Wis. 2005).

In this case, Dr. Dean appeared for all pre-trial hearings. The evidence presented at trial regarding Dr. Dean showed that he has no prior criminal convictions, has served in the Armed Forces for about 25 years, has a family, and practices as a physician in Milton. He thus has substantial ties to this community.

As shown via the attached declarations, a substantial number of people who have known Dr. Dean for many years attest to the fact that he poses no risk of flight or any danger to any person of any community. Other than the offenses for which he has been convicted, Dr. Dean is otherwise a law-abiding citizen.

There are several options available to the Court which would allow Dr. Dean to be released on bond. He could be continued on his present bond, or the Court could require a cash bond. The Court could also require that Dr. Dean be given an ankle bracelet so that his movements could be monitored.

In short, Dr. Dean is a fit candidate for release on bond pending sentencing.

2

Respectfully submitted this the 12th day of December, 2005.


s/ Lowell H. Becraft, Jr.
Lowell H. Becraft, Jr.
Attorney for Defendant Dean
209 Lincoln Street
Huntsville, Alabama 35801
256-533-2535
becraft@hiwaay.net


CERTIFICATE OF SERVICE


I hereby certify that I have on this date, December 12, 2005, electronically filed this Defendant's brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Robert G. Davies, United States Attorney's Office, 21 East Garden Street, St. 400, Pensacola, Florida 32502.


s/ Lowell H. Becraft, Jr.