IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN
_____

GOVERNMENT'S RESPONSE TO DEFENDANT'S
DECEMBER 27, 2005, MOTION FOR NEW TRIAL

Comes now the United States of America, by and through the undersigned Assistant

United States Attorneys, and files this response to the defendant's December 27, 2005, motion

for new trial.

I.  Failure to give proposed jury instructions

At pp. 2-4 of his motion, the defendant contends that he is entitled to a new trial because

the court refused to give his proposed jury instructions regarding 26 U.S.C. §§ 6001 and 6011.

This contention is without merit.

A district court's refusal to give a requested jury instruction is reviewed for an abuse of

discretion.  United States v. Carrasco, 381 F.3d 1237, 1242 (11th Cir. 2005)(per curiam).  A

district court's refusal to give a jury instruction "constitutes reversible error only if (1) the

instruction is substantially correct, (2) the instruction was not addressed in the charge actually

given, and (3) the failure to give the requested instruction seriously impaired the defendant's

ability to present an effective defense."  United States v. Polar 369 F.3d 1248, 1252 (11th Cir.

2004).  A court of appeals "will not reverse a conviction unless [it] finds that the issues of law were presented inaccurately or the charge improperly guided the jury in such a substantial way as to violate due process."  United States v. Schlei, 122 F.3d 944, 969 (11th Cir. 1997); accord United States v. Anderson, 326 F.3d 1319, 1330-31 (11th Cir. 2003).

The defendant's proposed jury instructions regarding 26 U.S.C. §§ 6001 and 6011 simply quoted those statutes and stated that persons liable for income tax have to file tax returns.  (Doc. 115 - pp. 47-48).  The jury instructions given by the court fully and correctly addressed wage earners' responsibility to pay income tax and all the elements of income tax evasion.  (Doc. 133 - pp. 7-9, 12-15).  Not only were the defendant's requested instructions addressed in the charge actually given, but the failure to give the defendant's requested instructions did not seriously impair the defendant's ability to present an effective defense (the defendant was allowed to testify ad nauseam and his counsel was allowed to argue ad nauseam about the defendant's alleged good faith believe that he was not liable to pay any income tax, and the court fully instructed the jury on the issue of good faith, Doc. 133 - pp. 12-15).

II.  The court's good faith jury instruction

The defendant argues, at pp. 4-9 of his motion, that he is entitled to a new trial because the court's good faith jury instruction was incorrect.  For all the reasons set forth in the government's memorandum of law regarding proposed jury instructions; Doc. 119 - pp. 2-5, this contention is without merit.  The court's good faith instruction was a verbatim quote of an instruction approved by the Seventh Circuit -- except that the court removed some language favorable to the government from the instruction at the defendant's request.  (Doc. 119 - pp. 2-5, 9-10; Doc. 133 - pp. 12-14).  The defendant also challenges the court's deliberate ignorance jury instruction; however, that instruction was a verbatim quote of an instruction approved by the

former Fifth Circuit and was properly given by the court.  (Doc. 119 - pp. 5, 11; Doc. 133 - p. 15).

       III.  <u>Alleged perjury by Wayne Jackson</u>

At pp. 9-18 of his motion, the defendant contends that he is entitled to a new trial because the government knowingly elicited perjury from Wayne Jackson.  Specifically, the defendant contends that RA Jackson's testimony that during a March 18, 2002, meeting the defendant's demeanor was abusive and obstructive was false.  To support his allegation that RA Jackson's testimony was false the defendant attaches a transcript of the meeting and a declaration from Rick Wallstead, a person present at the meeting.  The defendant's contention is without merit.

In order to prevail on this claim, the defendant "must establish that the prosecutor <u>knowingly</u> used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material."  <u>Maharaj v. Secretary for the Department of Corrections</u>, 2005 WL 3435506, *16 (11th Cir. 2005)(emphasis in original).  The transcript utterly fails to reflect the demeanor of any of the persons present at the meeting.  The transcript does reflect that the defendant began the proceeding by making a statement that the purpose of the meeting was to establish RA Jackson's authority to examine his records, and then the defendant made various demands and inquires of RA Jackson.  In sum, the transcript is not inconsistent with RA Jackson's testimony about the defendant's demeanor during the meeting. Furthermore, neither the transcript nor Wallstead's declaration in any way support that the government knew or learned that RA Jackson's testimony was false.  Finally, RA Jackson's testimony about this matter was not material to the issues in dispute in the prosecution.

The defendant was free to testify that his demeanor at the meeting was not as it was described by RA Jackson.  The defendant was free to call the other participants at the meeting as

witnesses on his behalf.  The fact that a government witness testifies as to one thing and a defendant or defense witness testifies that something entirely different occurred does not mean that the government has suborned perjury and that the defendant is entitled to a new trial.  It means there was disputed evidence which a jury needed to be empaneled to resolve.  The defendant's contention that the government suborned perjury is meritless.

IV.  Closing arguments

At pp. 18-24 of his motion, the defendant contends he is entitled to a new trial because the government made a number of improper arguments during closing arguments.  Because the defendant did not object during the government's closing arguments, the defendant is entitled to a new trial only if the government's closing arguments constituted plain error.  United States v. Pendergraft, 297 F.3d 1198, 1204 (11th Cir. 2002).

Under the plain error test, before a court can correct an error not raised below, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. . . .  If all three conditions are met, [the court] may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 1549 (1997)(internal citations and quotations omitted); accord United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).  "[A]t least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003)(per curiam).

Furthermore, under the plain error standard, a court "correct[s] only for errors that are particularly egregious and that seriously affect the fairness, integrity, or public reputation of

judicial proceedings, and then only when a miscarriage of justice would result." United States v. Puche, 350 F.3d 1137, 1151 (11th Cir. 2003); quoting United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003).  In cases involving alleged prosecutorial misconduct, "the 'plain error' rule should be used sparingly and invoked only when a review of the entire record convinces the court that 'a miscarriage of justice would otherwise result.'" United States v. Sawyer, 799 F.2d 1494, 1507 (11th Cir. 1986)(per curiam); quoting United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 1047 (1985); quoting United States v. Frady, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14 (1982).  It is the defendant's burden to establish plain error, and specifically, it is the defendant's burden to show "the error plain, prejudicial and disreputable to the judicial system." Monroe, 353 F.3d at 1349-50; quoting United States v. Vonn, 535 U.S. 55, 65, 122 S.Ct. 1043, 1050 (2002).

There is no error, let alone plain error, where a prosecutor argues that the logical inference to be drawn from the evidence is that the government's witnesses' testimony was accurate and the defendant should be found guilty; moreover, in so doing, "there is no prohibition on 'colorful and perhaps flamboyant' remarks if they relate to the evidence adduced at trial." United States v. Bailey, 123 F.3d 1381, 1400-03 (11th Cir. 1997); quoting United States v. Jacoby, 955 F.2d 1527, 1541 (11th Cir. 1992).  When a defendant testifies, his credibility may be assailed like that of any other witness, and during closing argument the prosecutor may argue that the defendant's testimony was not credible.  Portuondo v. Agard, 529 U.S. 61, 64, 69, 120 S.Ct. 1119, 1121, 1125 (2000).  Moreover, it is not impermissible for the government to argue that a defense was "phony" or "incredible and ludicrous." United States v. Chirinos, 112 F.3d 1089, 1099-1100 (11th Cir. 1997); United States v. Willis, 759 F.2d 1486, 1502 (11th Cir. 1985).

Furthermore, the court should consider the entire record, including especially the comments of defense counsel and the district court's actions during the trial in determining whether a prosecutor's closing argument was such that the defendant is entitled to a new trial. United States v. Young, 470 U.S. 1, 12, 105 S.Ct. 1038, 1044-45 (1985); United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998).  A jury is presumed to follow the instructions which are given to it by the district court.  United States v. Bennett, 368 F.3d 1343, 1351 (11th Cir. 2004), vacated on other grounds, ___ U.S. ___,125 S.Ct. 1044 (2005); Johnson v. Alabama, 256 F.3d 1156, 1184-85 (11th Cir. 2001).  Specifically, a jury is presumed to follow a jury instruction that what the lawyers say is not evidence and the jury is to base its verdict solely on the evidence.  See Johnson, 256 F.3d at 1184-85; Bailey, 123 F.3d at 1402 & n. 27; United States v. Hernandez, 145 F.3d 1433, 1439 (11th Cir. 1998).

Even where a defendant timely objects to the government's closing argument, "[t]o warrant a new trial, an improper prosecutorial comment must be so pronounced as to permeate the entire atmosphere of the trial and not be cured by the instructions of the district judge." United States v. Gabay, 923 F.2d 1536, 1541 (11th Cir. 1991).  Where significant independent evidence, not connected to the improper prosecutorial statements, establishes guilt, a defendant's substantial rights are not prejudicially affected and he is therefore not entitled to a new trial. United States v. Adams, 74 F.3d 1093, 1097-98 (11th Cir. 1996); United States v. Obregon, 893 F.2d 1307, 1310-11 (11th Cir. 1990).

The portions of the government's closing arguments to which the defendant objects for the first time in his motion for new trial were appropriate arguments that the evidence showed that the defendant was guilty, and that the defendant's testimony to the contrary was illogical and should not be credited by the jury.  There was no error, and the first part of the plain error test is

6

not satisfied in this case.  Additionally, the defendant points to no Supreme Court or Circuit precedent, and the government is aware of none, specifically resolving that the government's remarks in this case were improper.  As such, the second part of the plain error test is not satisfied in this case.  <u>Lejarde-Rada</u>, 319 F.3d at 1291.  Furthermore, even assuming the government's argument to which the defendant objects could somehow be misunderstood to be an improper argument, any such misunderstanding was alleviated by the defendant's closing argument and most importantly, the district court's instructions to the jury.  Plus, the evidence against the defendant in this case was overwhelming.  The defendant has not met his burden of satisfying the third or fourth prongs of the plain error test.  For all of the above reasons, the government's closing argument did not constitute error, let alone plain error.

For all of the above reasons, the defendant's motion for new trial should be denied.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney

<u>s/ Robert G. Davies</u>

Robert G. Davies
Assistant U.S. Attorney
Florida Bar No. 704301

<u>s/ David L. Goldberg</u>

David L. Goldberg
Assistant U.S. Attorney
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, FL 32501
(850) 444-4000

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a copy has been delivered via the court's ecf system and/or by mail to: Lowell H. Becraft, Jr., 209 Lincoln Street, Huntsville, AL 35801, and Charles E. McFarland, 338 Jackson Road, Newcastle, KY 40050, this the <u>30th</u> day of December, 2005.

         <u>s/ Robert G. Davies</u>
         Robert G. Davies
         Assistant U.S. Attorney