**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

v. Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN,

Defendant.
________________________________/

**ORDER**

This Cause is before the Court on Defendant's Motion for New Trial (Doc. 145). The Government has responded to the motion.

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, the Court may exercise its discretion to grant a new trial "if required in the interest of justice." *See United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). For reasons stated herein, the motion is denied.

Defendant first asserts in his motion that the Court erred by not including two of Defendant's requested jury instructions. "A district court's refusal to give a requested instruction is reversible error if '(1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its

subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself.'" *United States v. Carrasco*, 381 F.3d 1237, 1242 (11th Cir. 2005) (quoting *United States v. Paradies*, 98 F.3d 1266, 1286 (11th Cir. 1996)).

Rather than instructions proper, the instructions that Defendant requested were simply quotations from two sections of the Internal Revenue Code, 26 U.S.C. §§ 6001 and 6011. Taken together, these sections require that every person liable for income tax must file a tax return on the prescribed forms. The Court's substantive instructions, based wholly upon the Eleventh Circuit Pattern Jury Instructions, thoroughly addressed the matter of tax liability, the elements of the charges against Defendant, and his defense of good faith. Defendant fails to explain why quoting sections of the IRS Code for the jury was necessary. While Defendant indicates that these requested instructions expressed his defense theory of good faith, the code sections, standing alone, hardly enunciate a legal defense. *Cf. United States v. Contreras*, 134 F.Supp.2d 820, 826 (S.D. Tex. Aug 15, 2000) ("Statutes are not self-articulating. If the statutes were routinely comprehensible by normal people, we would not need instructions. Neither quotations nor citations are the substance of jury instructions."). If, as Defendant states, his goal was to assert that he relied upon the code sections in forming his good faith belief, he could have sought their admission into evidence.

Second, Defendant challenges the Court's instruction on good faith. In particular, Defendant objects to the following part of the instruction: "If the government proves actual

knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the *knowledge* component of the willfulness requirement." Doc. 133 at 13 (emphasis supplied). Defendant claims this instruction "alone leaves the jury with the false understanding that all the prosecution has to do is show that a defendant was actually aware of the law. It does not indicate that the defendant may have a misunderstanding of the law." Doc. 145 at 5. However, the answer to Defendant's challenge lies in the next few sentences of the instruction following the one he quotes:

> The purpose of the *willfulness* component is to avoid penalizing taxpayers who make innocent mistakes caused by the complexity of the tax code. A defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law. This is so even if the defendant's belief was not objectively reasonable as long as he held the belief in good faith.

Doc. 133 at 13 (emphasis supplied). Thus, the willfulness component of the instruction adequately addresses how a good faith misconception of the law could constitute a defense. Defendant's criticism simply ignores this component of the instruction, and is therefore unavailing.[1]

Defendant also takes issue with the instruction allowing that the jury may "consider whether the defendant's belief about the tax statutes was actually reasonable as a factor in deciding whether he held that belief in good faith." *Id.* However, this is a wholly accurate

[1] To underscore the narrowness of Defendant's argument, it is noted that the one sentence of the instructions that he isolates and criticizes is actually a direct quote from *Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991), the Supreme Court case at the foundation of the good faith instruction as a whole.

instruction. As the Supreme Court has held, a jury is allowed in this circumstance to conclude that a defendant held a good faith belief that he was not in violation of the tax laws no matter how unreasonable that belief is, but in determining whether good faith in fact existed, the jury may consider the reasonableness of the belief. *See Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). In other words, while good faith is a subjective analysis, the credibility of such a belief may be informed by its objective reasonableness. The instruction was therefore proper.

Third, Defendant claims the Government knowingly elicited perjured statements from IRS Agent Wayne Jackson, based on Jackson's testimony that, during a meeting with the Defendant, the Defendant became hostile. It is a violation of due process for the prosecution to knowingly use false evidence or allow such to go uncorrected. *See Carr v. Schofield*, 364 F.3d 1246, 1254 (11th Cir. 2004). Defendant's problem here lies in his ability to establish the "falsity" of Jackson's testimony, not to mention whether the Government used or failed to correct it. Jackson's testimony, based as it was on his subjective perception, does not indicate perjury absent some affirmative evidence that the witness knew himself to be testifying falsely about his perceptions. *See United States v. Derrick*, 163 F.3d 799, 828 (4th Cir. 1998); *United States v. Seck*, 175 F.Supp.2d 526, 531 (S.D.N.Y. 2001) (citing *James v. Illinois*, 493 U.S. 307, 314 n. 4, 110 S.Ct. 648, 107 L.Ed.2d 676 (1990)). Defendant provides a transcript of the meeting in question, but this provides little help since the "cold record"of the dialogue between the parties, while it may show that there was some contentious

discussion, does not definitively establish hostility, or the lack thereof, from either party. Moreover, even if the Court were to deduce from the transcript that the Defendant was not hostile during the meeting, this alone does not necessitate a finding of perjury so much as it establishes – in this "grey area" of emotions and attitudes – that Jackson's perceptions were inaccurate. At any rate, since the Court finds no basis to conclude that the Defendant was not hostile during the meeting, it certainly cannot agree that the Government elicited perjured testimony from Jackson, and Defendant's claim is therefore meritless.

Finally, Defendant contends that the Government made a number of improper remarks during closing arguments. Defendant cites the prosecution's calling into question the Defendant's credibility and using the terms "tax protestor," "obstructionist," and "pigheaded" to describe Defendant. Defendant also complains that the prosecutor stated that the Defendant had admitted to committing perjury three times.

Because the defendant did not object during the government's closing arguments, a new trial is warranted only if the government's closing arguments constituted plain error. *See United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002). Only error serious enough to affect the fairness, integrity of public reputation of the judicial process is sufficient. Furthermore, plain error should be invoked only when the record convinces the Court that a miscarriage of justice would otherwise result. *See United States v. Sawyer*, 799 F.2d 1494, 1507 (11th Cir. 1986) (per curiam).

The Court does not find the prosecutor's comments to be so egregious as to constitute error, especially error so serious to have cast doubt upon the fairness or integrity of the trial. "Although a prosecutor may not make an argument directed to passions or prejudices of the jurors instead of an understanding of the facts and law, there is no prohibition on colorful and perhaps flamboyant remarks if they relate to the evidence adduced at trial." *United States v. Bailey*, 123 F.3d 1381, 1400-03 (11th Cir. 1997). As the court had determined prior to trial, usage of the term "tax protestor" was certainly relevant in describing Defendant's intent, and it was equally permissible to bring the Defendant's credibility into question since he testified. *See Portuondo v. Agard*, 529 U.S. 61, 69, 120 S.Ct. 1119, 1125, 146 L.Ed.2d 47 (2000). The Court otherwise finds the prosecutor's comments to not be so egregious as to constitute plain error, especially given the Court's curative instruction that the arguments of counsel were not evidence and that the jury was to decide the case based solely upon the evidence. *See Bailey*, 123 F.3d at 1402.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

Defendant's Motion for New Trial (Doc. 145) is **DENIED**.

**ORDERED** on this 20th day of January, 2006.

s/*L.A. Collier*
Lacey A. Collier
Senior United States District Judge