IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN
_____

GOVERNMENT'S SUPPLEMENTAL SENTENCING
MEMORANDUM REGARDING OBSTRUCTION OF JUSTICE

Comes now the United States of America, by and through the undersigned Assistant United States Attorneys, and files this supplemental sentencing memorandum regarding obstruction of justice.

The pre-sentence investigation report, ("PSIR"), recommends that the defendant receive a two-level obstruction of justice enhancement for two reasons: (1) the defendant was found guilty of an obstruction offense in Count Seven and Count Seven was grouped with Counts One through Six, and (2) the defendant committed perjury at trial.  (PSIR and PSIR supplement, ¶¶ 14, 16, 18, 22, 27, 84-87).  For the reasons set forth in the PSIR, which are repeated and amplified below, the PSIR is correct that the court should impose an obstruction of justice enhancement against the defendant in this case.

Where a defendant is convicted of an obstruction offense and an underlying offense, the counts are to be grouped, with the offense level being that for the underlying offense increased by a two-level upward adjustment for obstruction of justice.  U.S.S.G. § 3C1.1, application note

8. In this case the defendant was convicted of an obstruction offense and six underlying tax offenses. (Doc. 3; Doc. 153 - Pgs. 241-43). All seven counts are to be grouped for sentencing. U.S.S.G. § 3D1.2(b). For this first independent reason, the PSIR correctly recommends that the court impose an obstruction of justice enhancement against the defendant in this case.

A two-level enhancement for obstruction of justice should also be imposed where a defendant commits perjury. U.S.S.G. § 3C1.1, Application Note 4(b); Williams, 340 F.3d 1231, 1240-41 (11th Cir. 2003); United States v. Hubert, 138 F.3d 912, 915 (11th Cir. 1998)(per curiam). Generally, where a defendant's testimony is specifically contradicted by other evidence and the district court finds the defendant's testimony not credible, the district court's imposition of an obstruction of justice enhancement is due to be affirmed. United States v. Vallejo, 297 F.3d 1154, 1168-69 (11th Cir. 2002); United States v. De La Mata, 266 F.3d 1275, 1303 (11th Cir. 2001). A district court's adoption of a PSIR which sets forth the defendant's perjury constitutes a sufficient finding to justify imposition of an obstruction of justice enhancement. Hubert, 138 F.3d at 915; United States v. Taylor, 88 F.3d 938, 944 (11th Cir. 1996).

The PSIR supplement sets forth the defendant's perjurious testimony. (PSIR supplement, ¶¶ 86-87). For the sake of comprehensiveness, the government will detail the defendant's perjurious testimony below.

    A. Perjury regarding good faith and intent

(1) The defendant testified that Irwin Schiff's general proposition was that there is not a section in the Internal Revenue Code that makes Americans liable for the federal income tax, and that he believed Irwin Schiff was right. (Doc. 152 - Pgs. 250, 258).

(2) The defendant testified that by the end of March 1995 he could have continued to keep paying taxes but he thought that he would have been participating in a fraud.  (Doc. 152 - Pg. 258).

(3) The defendant testified that he knew he was not liable for paying income tax in the past and would not be in the future.  (Doc. 152 - Pgs. 261-62).

(4) The defendant testified that as of the first part of 1997 he believed he was not required to file a federal income tax return because he was not liable for federal income tax.  (Doc. 152 - Pg. 266).

(5) The defendant testified that he believed that he was not liable for the income tax and he was not required to file an income tax return.  (Doc. 152 - Pg. 273).

(6) The defendant testified he informed the IRS that he was not liable for income tax, that was his belief, and that when he submitted his 1996 and 1997 tax returns -- which reported zero tax owed -- he did not think that there was anything wrong with what he was doing.  (Doc. 152 - Pgs. 274-75).

(7) The defendant testified the filed an "exempt" W-4 form because he was not liable for income tax.  (Doc. 152 - Pg. 275).

(8) The defendant testified he did not have an intent to evade federal income taxes for the years covered in the indictment, and that from his research he understood that he was not liable for the income tax.  (Doc. 153 - Pgs. 96-97).

The court instructed the jury that willfulness is an element of tax evasion, and that if the defendant had a good faith misunderstanding as to the requirements of the law then the defendant had not acted willfully.  (Doc. 153 - Pg. 229-230, 232-35).  The jury's verdict finding the

defendant guilty as charged rejected the defendant's above testimony that he actually in good faith believed that he was not required to pay income tax.

      B.  <u>Perjury regarding Count Seven</u>

      (1) The defendant testified that he was not trying to act corruptly when he sent his letter to MBNA.  (Doc. 153 - Pg. 69).

      (2)  The defendant testified that with regard to the letters he sent to entities that had received summonses from RA Wayne Jackson that his purpose was not to impede or impair the performance of the functions of the IRS, and he testified that he was not acting corruptly.  (Doc. 153 - Pg. 71).

      (3) The defendant testified that he had no intent whatsoever to impede any lawful activities of the IRS.  (Doc. 153 - Pgs. 94-95).

    The court instructed the jury that to find the defendant guilty of Count Seven the government had to prove that the defendant knowingly endeavored to obstruct or impede the due administration of the Internal Revenue laws and prove that the defendant did so corruptly.  (Doc. 153 - Pgs. 228, 230-32).  The jury's verdict finding the defendant guilty of Count Seven rejected the defendant's above testimony.

      C.  <u>Other perjury</u>

      (1) The defendant testified that he was not liable for any of the frivolous filing penalties that the IRS assessed against him.  (Doc. 153 - Pg. 136-37).

      (2) The defendant testified that he was not guilty; he was innocent.  (Doc. 153 - Pgs. 147-48).

    Government exhibit Order-1 is an October 24, 2002, order of the United States District Court for the Northern District of Florida in a lawsuit filed by the defendant finding that the

defendant was liable for the frivolous filing penalty entered against him by the IRS regarding the defendant's 1997 income tax return. This order shows that the defendant's testimony that he was not liable for any of the frivolous filing penalties that the IRS assessed against him was false. The jury's verdict regarding all counts of the indictment shows that the jury found the defendant's testimony that he was innocent to be false.

For the above reasons, the court should impose an obstruction of justice enhancement against the defendant in this case.

> Respectfully submitted,
>
> GREGORY R. MILLER
> United States Attorney
>
> s/ Robert G. Davies
>
> Robert G. Davies
> Assistant U.S. Attorney
> Florida Bar No. 704301
>
> s/ David L. Goldberg
>
> David L. Goldberg
> Assistant U.S. Attorney
> Member of the Maryland Bar
> 21 East Garden Street, Suite 400
> Pensacola, FL 32501
> (850) 444-4000

## CERTIFICATE OF SERVICE

I hereby certify that a copy has been delivered via the court's ecf system and/or by mail to: Lowell H. Becraft, Jr., 209 Lincoln Street, Huntsville, AL 35801 and Charles E. McFarland, 338 Jackson Road, Newcastle, KY 40050, this the 24th day of February, 2006.

> s/ Robert G. Davies
> Robert G. Davies
> Assistant U.S. Attorney