**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

  Plaintiff,

      v.                                  Case No:   3:05CR25/LAC

WARD FRANKLIN DEAN,

  Defendant.

## Defendant's Motion to Enlarge Period to File Objections to Presentence Investigation Report and to Delay Sentencing

Now comes the Defendant, Ward Dean, through his counsel, and moves this Honorable Court to issue an order allowing a psychological evaluation to be made on Dr. Dean while in custody. The request is for the doctor to be allowed to visit Dean for two visits on two different days. This motion is being made in preparation for a possible motion under 18 U.S.C. §4241. Support for this motion is contained in the legal memorandum below and the attached Exhibit, Dr. Caddie's Curriculum Vita.

### MEMORANDUM

**A.  Procedural Background.**

Dr. Ward Dean was indicted by a Grand Jury sitting in the Northern District of Florida in Pensacola on March 16, 2005. The Grand Jury charged that the Defendant committed the following offenses:

    a.  six counts of income tax evasion in violation of 26 U.S.C. §7201; and

    b.  one count of impeding the administrative functions of the IRS in violation of 26 U.S.C. §7212.

Defendant Dean was convicted by a jury verdict of all counts on December 7, 2005. The Court ordered that Dean be held in custody pending sentencing on the theory that he was a flight risk. Dean currently is incarcerated at the Santa Rosa Criminal Justice Facility in Milton, Florida, P.O. Box 7129, Milton, Florida 32572. Sentencing currently is scheduled for March 9, 2006.

**B. Factual Basis of Motion for Incompetency Hearing.**

On January 24, 2006, Probation Officer Pamela D. Lassiter submitted her Presentencing Report (PSR). ¶45, Mental and Emotional Health, of the PSR addressed certain mental health concerns that counsel feels need to be more thoroughly examined. Specifically, ¶45 addresses some concerns that Dean's wife related to Ms. Lassiter. Mrs. Dean states that Dean was "obsessive compulsive about everything." After describing a history of mental concerns that she felt Dean had, Mrs. Dean concluded with her view that he was suffering from "Viet Nam War syndrome."

The concerns of Mrs. Dean have become the concerns of Dean's counsel. Accordingly, on February 21, 2006, in the Response to the PSR, they specifically responded to ¶45 by indicating that Dean was voluntarily going to obtain psychiatric evaluations to address his mental state. Since that Response was submitted, counsel was directed to and located a mental health professional who has experience and familiarity with the Viet Nam War syndrome. Dr. Glenn Caddie has submitted his attached Curriculum Vitae for the Court's review.

2

Attempts to have Dr. Caddie visit Dean at the Santa Rosa Facility have been frustrated because there is no procedure established to allow such visit by a private doctor. Dr. Caddie has specifically requested that he be allowed to make two visits with Dean on two separate days in order to perform a proper evaluation. Counsel needs Dr. Caddie to make these evaluations in order to determine if a motion under 28 U.S.C. §4241 is necessary.

The court in *United States v. Timmins*, 301 F.3d 974, 979 (9th Cir. 2002), held that a lawyer is not trained in mental health as a professional. Thus, he is not capable of assessing the ramifications that mental delusions may have on his client. Accordingly, it is absolutely essential that Dean's counsel have the assistance of Dr. Caddie in determining if there is a mental health problem sufficiently serious to warrant a motion under 28 U.S.C. §4241.

Therefore, Dean respectfully requests that this Court issue an order allowing Dr. Caddie to visit with Dean on two separate days to perform a psychological evaluation.

Respectfully submitted this 27th day of February, 2006.

s/ *Charles E. McFarland*
Charles E. McFarland
338 Jackson Rd.
New Castle, Kentucky 40050
502-845-2754
mcfarlandc@bellsouth.net

Certificate of Compliance with N.D.Fla. Local Rule 7.1 (B)

I certify that prior to the filing of this motion, I conferred with Robert Davies and he replied that the prosecution does not oppose having an evaluation of Dr. Dean, but he does oppose an evaluation by a doctor chosen by Dr. Dean.

s/ *Lowell H. Becraft, Jr.*
Lowell H. Becraft, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date, February 27, 2006, electronically filed this motion for a psychological evaluation with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Robert G. Davies, United States Attorney's Office, 21 East Garden Street, St. 400, Pensacola, Florida 32502.

s/ *Charles E. McFarland*