IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

   Plaintiff,

      v.                                                  Case No:   3:05CR25/LAC

Ward Franklin DEAN,

   Defendant.

_____

**Defendant's Motion to Continue the Date**
**of the Competency and Sentencing Hearings**

     Now comes the Defendant Ward Dean, through his counsel, and moves this Court to issue an order continuing the date of the competency hearing scheduled for March 16, 2006 and the sentencing hearing scheduled for March 17, 2006. Support for this motion is contained in the legal memorandum below.

**MEMORANDUM**

**A.  Procedural Background.**

Ward Dean was indicted by a Grand Jury sitting in the Northern District of Florida in Pensacola on March 16, 2005. The Grand Jury charged that the Defendant committed the following offenses:

  a.  6counts of income tax evasion in violation of 26 USC §7201); and

  b.  1 count of impeding the administrative functions of the IRS in violation of 26 USC §7212.

Defendant Dean was convicted by a jury verdict of all counts on December 7, 2005. The Court ordered that Dean be held in custody pending sentencing on the theory that he was a flight risk. Dean currently is being housed in the Santa Rosa Criminal Justice Facility in Milton, Florida, P.O. Box 7129, Milton Florida 32572. A competency hearing is currently scheduled for March 16, 2006 and sentencing is scheduled for the following day.

**B.  Factual Reasons for Motion to Extend.**

As a preliminary matter, it should be noted by the Court that attorney Becraft is not directly involved in the sentencing process at this point for two reasons. First, a breakdown in communications between Becraft and Dean caused attorney McFarland to take over the sentencing process. Second, Becraft is currently physically unavailable due to his representing a defendant at a federal criminal trial in southern California, but he is in electronic communication with McFarland regarding the current issues.

On the basis of both the serious allegations of mental health problems made by Defendant's wife, Kumja Dean, in the Presentencing Report (PSR) at ¶45 as filed on January 24, 2004, by probation Officer Pamela D. Lassiter and the serious

communication problems between Dean and his counsel, counsel sought an order to allow a mental health profession, Dr. Caddie, to exam Dean at the Santa Rosa facility. Said motion was filed on February 27, 2006. Since said motion was filed it was discovered that Dr. Caddie required $20,000.00 for an evaluation. The amount requested was completely beyond the means of Dean.

Shortly after the February 27th motion was filed the communications between Dean and counsel became even more difficult and a request for a competency hearing was filed on March 3, 2006. At that time it was anticipated that Dr. Yarbrough from Pensacola would be the mental health professional to exam Dean. Subsequent to the filing of the March 3rd motion three issues became apparent that made the employment of Dr. Yarborough seriously problematical. First, Dr. Yarbrough expressed a possible conflict of interest because of previous knowledge through Dean's sons. According to him this problem was resolved by Kumja Dean meeting with Dr. Yarbrough and signing a release form relating to the sons. But, because Dr. Yarbrough had also seen and counseled Mrs. Dean, a more serious conflict remains.

Second, the Court did issue an order allowing an exam at the Santa Rosa facility. Based on this order a meeting was in fact scheduled for March 11, 2006 at the Santa Rosa facility for Dean to be examined by a Dr. Hord. Dr. Hord was asked to do the exam by Dr. Yarbrough and was to be supervised by Dr. Yarbrough. It is believed that the conflict of interest would also cause Dr. Hord's conclusion to be suspect.

Third, in addition, and at the same time (on Friday March 10, 2006) it was discovered that Hord would be doing the exam, Dr. Yarbrough also requested a fee of $10,000.00 with $5,000.00 to be paid immediately before any exam would take place. Dr.

Yarbrough's fee was also beyond Dean's financial ability to pay. Thus, the scheduled exam was cancelled

Dean's counsel and several of his friends were forced to begin again contacting other mental heath professionals to perform the needed exam. Counsel has continued to try to communicate the nature and purpose of the sentencing process to no avail. As a result of Dean's inability to comprehend the nature of the sentencing process counsel has be unable to prepare Dean for sentencing and because of the demands requested of counsel by Dean, counsel has been unable to adequately prepare for any meaningful sentencing defense.

Accordingly, counsel respectfully requests the Court to continue the competency and sentencing hearings for at least two weeks. Counsel also gives notice to the Court that he, McFarland, is previously committed for the dates of March 28th through April 5th. Respectfully submitted this 13th day of March, 2006.

| | |
|---|---|
| s/ *Lowell H. Becraft, Jr.* | s/ *Charles E. McFarland* |
| Lowell H. Becraft, Jr. | Charles E. McFarland |
| 209 Lincoln Street | 338 Jackson Rd. |
| Huntsville, Alabama 35801 | New Castle, Kentucky 40050 |
| 256-533-2535 | 502-845-2754 |
| becraft@hiwaay.net | mcfarlandc@bellsouth.net |

Certificate of Compliance with N.D.Fla. Local Rule 7.1 (B)

I certify that on March 13, 2006, prior to the filing of this motion, I attempted to confer with Robert Davies, but was unable to because Mr. Davies not out of the office for the day. Late in the afternoon on the same day I was finally able to converse with David L. Goldberg and informed him of the nature of the motion. Mr. Goldberg did not object to the motion in the conversation, but opted to reserve the government's response pending the filing of the motion.

s/ *Charles e. McFarland*
Charles E. McFarland

4