IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:05cr25/LAC

WARD FRANKLIN DEAN
_____

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO PRODUCE WITNESS STATEMENTS
OF IRS REVENUE AGENT WAYNE JACKSON

Comes now the United States of America, by and through the undersigned Assistant United States Attorneys, and files this response to the defendant's July 5, 2006, motion to produce witness statements of IRS Revenue Agent Wayne Jackson.

The Jencks Act, 18 U.S.C. § 3500, and Fed.R.Crim.P. 26.2 require that after a witness called by the government has testified on direct examination the government is to produce any statement of the witness that is in the government's possession which relates to the subject matter as to which the witness has testified.  Pursuant to its common practice, the government produced Jencks materials to the defendant at least the day before the witness to which the Jencks material pertained testified (in this case, given the anticipated brevity of the trial, the government produced its Jencks material for all witnesses the Friday before the trial was to start, that is, Friday December 2, 2005).  The government has no Jencks material regarding Wayne Jackson.  To the extent that the defendant would contend that the transcript made by a court

reporter hired by the defendant of the March 18, 2002, meeting between the defendant, and others, including RA Jackson, constitutes Jencks material, the defendant would be incorrect because RA Jackson's brief statements during that meeting do not relate to the subject matter as to which RA Jackson testified on direct examination at trial.  In any event, the issue is moot because the defendant was in possession of that transcript prior to and during the trial (as is shown by the fact that the court reporter hired by the defendant created the transcript, the defendant attempted to introduce the transcript at trial, and the defendant attached a copy of the transcript to his December 27, 2005, motion for new trial (Doc. 145)).  For the above reasons, the defendant's motion is without merit.

The government also notes that the defendant's motion is prohibited by N.D.Loc.R. 26.3(G)(3).

For all of the above reasons, the court should deny the defendant's motion to produce witness statements of IRS Revenue Agent Wayne Jackson.

    Respectfully submitted,

    GREGORY R. MILLER
    United States Attorney

    s/ Robert G. Davies

    Robert G. Davies
    Assistant U.S. Attorney
    Florida Bar No. 704301

    s/ David L. Goldberg

    David L. Goldberg
    Assistant U.S. Attorney
    Member of the Maryland Bar
    21 East Garden Street, Suite 400
    Pensacola, FL 32501
    (850) 444-4000

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy has been delivered via the court's ecf system and/or by mail to: Lowell H. Becraft, Jr., 209 Lincoln Street, Huntsville, AL 35801, Charles E. McFarland, 338 Jackson Road, Newcastle, KY 40050, and John Paul Weber, 2316 University Ave., Tuscaloosa, AL 35401 this the 5th day of July, 2005.

                                          s/ Robert G. Davies
                                          Robert G. Davies
                                          Assistant U.S. Attorney