# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

United States of America,
     Plaintiff,

v.                                 Case No.3: 05 CR 25 LAC

Ward Franklin DEAN,
     Defendant.
                _____

## MOTION AND MEMORANDUM
## FOR RELEASE ON BOND PENDING APPEAL

Now comes the Defendant Ward DEAN, through his counsel and pursuant to 18

§3143(b), and moves this Court for an order releasing on bond pending appeal.

Support for this motion is set forth in the following memorandum.

## MEMORANDUM

### A.  Introduction

Defendant DEAN was sentenced on July 6, 2006 for a term of seven years with

seven years of probation for his conviction of six counts of income tax evasion

and one count of impeding the administration of the internal revenue laws. On

December 7, 2005, after the jury convictions, Defendant DEAN was remanded to

the custody of the U.S. Marshal to await sentencing. Defendant remains in said custody pending appeal. Defendant now seeks his release pending appeal.

Release on bond pending appeal for a defendant convicted of a crime is governed by 18 U.S.C. §3143 (b), which provides as follows:

(b) Release or Detention Pending Appeal by the Defendant. -

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds -

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

But for those convicted of violent crimes, crimes with life or death penalties, or drug offenses, the standard is stricter; see 18 U.S.C.§ 3143(b)(2). Dr. DEAN has only been convicted of tax crimes, thus via 18 U.S.C. §3143(a)(1), he need only show that he poses no risk of flight and no danger to any person or the community and will be presenting substantial issues on appeal to secure his release on bond pending sentencing. See *United States v. Majors*, 932 F.Supp. 853 (E.D.Tex. 1996) (court released drug defendant when proven that defendant was not a flight risk or danger to any person or the community); *United States v. Hooks*, 330 F.Supp.2d 1311 (M.D.Ala. 2004) (defendant released for one month to secure custody for children); and *United States v. Mitchell*, 358 F.Supp.2d 707 (E.D.Wis. 2005).

**B.  No risk of Flight.**

In this case, Dr. DEAN appeared for all pre-trial hearings. The evidence at trial regarding Dr. DEAN showed that he has no prior criminal convictions, has served in the Armed Forces, with a highly distinguished record, for about 25 years, has a family, and practices as a physician in Milton. He thus has substantial ties to this community. As shown via the attached declarations, a substantial number of people who have known Dr. DEAN for many years attest to the fact that he poses no risk of flight or any danger to any person of any

community. Other than the offenses for which he has been convicted, Dr. DEAN is otherwise a law-abiding citizen.

## C. Substantial Questions on Appeal.

### 1. Rule 33 Issues.

Dr. DEAN has already submitted a motion for a new trial which the Court has denied. At the outset of this discussion it should be noted that the denial of Dr. DEAN's Rule 33 Motion for New Trial has no real effect on whether he has presented substantial questions which may result in a new trial. The courts do not expect the trial court to rule against itself, but merely to determine, for purposes of release pending sentencing or appeal, whether there is a likelihood that a new trial may result.

Two cases which were decided by the same judge illustrate this important principle that even though the judge may not feel the issues have merit, they may fall into the category of 'substantial questions' to enable a defendant to be released pending sentencing to appeal.  Both cases make similar statements, but the first case, *United States v. Hicks,* 611 F.Supp. 497 (SD Fla. 1985) begins the discussion with,

> "Thus, in determining whether there is a substantial question, a court must keep in mind that it is not being asked to reverse its position on issues decided at trial, nor is it being asked to grant a new trial. It must decide only that a significant issue exists that merits appellate review and that the issue is critical

enough to the defendant's conviction that a contrary appellate ruling would warrant a reversal."

The same judge in *United States v. Price*, 611 F.Supp. 502 (SD Fla. 1985), even as he cites *Hicks*, discusses virtually the same material while citing the same cases at pages 504- 505. In *Price* he continues,

> "Courts have articulated similar definitions of the 'substantial question' standard under the Bail Reform act of 1984. See, *e.g. United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985) (per curiam); *United States v. Handy*, 753 F.2d 1487 (3d Cir. 1985); *United States v. Miller*, 761 F.2d 1279 (9th Cir. 1985) (per curiam); *United States v. Hicks*, 611 F.Supp. 497 (SD Fla. 1985) (Memorandum Opinion and Order Granting Bond Pending Appeal). But see *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985) (*en banc*). [Footnote #4 omitted][1]"
>
> In *Giancola*, the Eleventh Circuit noted that a substantial question was 'one which is either novel, … has not been decided by controlling precedent, or, … is fairly doubtful.' 574 F,2d at 900 (quoting *United States v. Miller*, 753, F.2d at 23). The eleventh Circuit found that a ' substantial question' must be 'of more substance than would be necessary to find that it was not frivolous.' 754 F.2d at 901. A substantial question is 'one that very well could be decided the other way.' *Id.* 'Further,' the Eleventh Circuit 'observ[ed],' 'there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis.' *Id*, footnote omitted)."

Judge Spellman in his *Hicks*, at page 500, went on to state through quoting from *D'aquino v. United States*, 180 F.2d 271, 272 (9th Cir. 1950),

---

[1]Footnote #4 is omitted because it fully discusses the 8th Circuit opinion and believed it to be inaccurate in its criticism of the *Handy* case.  The footnote also firmly adopted the 11th Circuit's conclusion that a "'substantial question' is one that 'very well could be decided the other way,' *id.*, merely underscores its previous finding that the appellate issue have 'more substance than would be necessary to a finding that it was not frivolous.'"

"The question may be 'substantial' even though the judge or justice hearing the application for bail would affirm on the merits of the appeal. The question may be new or novel. It may present unique facts not plainly covered by the controlling precedents. It may involve important questions concerning the scope and meaning of decisions of the Supreme Court. The application of well settled principles to the facts of the instant case may raise issues that are fairly debatable."

Other cases that have reached the same or similar conclusion are *United States v. Ogle*, 779 F.Supp. 141, 143 (D. Or. 1991); *United States v. McManus, Jr.*, 651 F.Supp. 382, 383 (D. Md. 1987). Moreover, the 4th Circuit in *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) specifically adopted the 11th Circuit holding in *Giancola*.

Thus, even though this Court may have already ruled against the Rule 33 Motion for a New Trial, its decision to affirm itself is not conclusive as to a determination of the 'substantial question' standard adopted by the 11th Circuit for releasing a defendant from custody pending sentencing or appeal.

Dr. DEAN in this case has submitted several substantial issues in his Rule 33 Motion for New Trial which will be presented for appeal. These issues were fully briefed in the Rule 33 motion and the legal arguments contained therein are hereby incorporated in the instant motion. Suffice to say Dr. DEAN raised the following substantial issues:

a.   The failure of the Court to include 26 U.S.C. §§6001 and 6011 in the jury instructions. These sections were quoted by Dr. DEAN during his

testimony as part of his good faith belief that he must be made liable

before he was required to keep books and records. This failure is contrary

to the holdings in the 11th Circuit in *United State v. Ruiz*, 59 F.3d 1151, 1154

(11th Cir. 1995); *United States v. Opdahl*, 930 F.2d 1530 (11th Cir. 1991); and

*United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

b.   The inclusion of a jury instruction which allows the willfulness or

subjective good faith belief of Dr. DEAN to be measured by an objective

standard. This inclusion of an objective standard for a good faith belief is

contrary to the Supreme Court holding in *Cheek v. United States*, 498 US

192, 112 LEd2d 617, 111 Ct 604 (1991) and to the 11th Circuit opinion in

*United States. v. Morris*, 20 F.3d 1111 (11th Cir. 1994);

c.   The inclusion of a willful blindness instruction, the effect of which clearly

exacerbated any effort by Dr. DEAN to present a good-faith defense. The

inclusion of the willful blindness instruction was in clear violation of the

11th Circuit principles found in *United States v. Puche*, 350 F.3d 1137, 1149

(11th Cir. 2003) and *United States v. Rivera*, 944 F.2d 1563, 1571, (11th Cir.

1991).

d.   The occurrence of prosecutorial misconduct in the nature of allowing to

remain uncorrected the false testimony of a key government witness

which falsely cast Dr. DEAN in a negative light, but rather to endorse and

emphasize the false testimony during closing arguments. This type of

prosecutorial misconduct was condemned in the Supreme Court in *Napue*

*v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed2d 1217 (1959);

*United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed2d 342

(1976); *Giglio v. United States,* 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed2d 104

(1972); and *United States v. Bagley,* 473 U.S. 667, 6780679, 105 S.Ct. 3375, 87

L.Ed2d 481 (1985) and in the 11th Circuit in *United States v. Alzate,* 47 F.3d

1103, 1110 (11th Cir. 1985); *United States v. Noriega,* 117 F.3d 1206, 1220 (11th

Cir. 1997) and *Carr v. Schofield,* 364 F3d 1246, 1254 (11th Cir. 2004).

e.  The occurrence of prosecutorial misconduct in the nature of improper and

prejudicial comments during closing arguments which caused a

fundamentally unfair trial in violation of the principles set forth in

*Donnelly v. DeChristoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 40 L.Ed2d 431

(1974); *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 92 L.Ed2d

144 (1986); and *United States v. Mastrangelo*, 172 F.3d 288, 287 (3rd Cir.

1999).

One particular and extremely egregious statement made by the

prosecution was the statement that the good faith defense was created for

people who pay their taxes. The strong implication was that since Dr.

DEAN did not pay his taxes he was not qualified to have his good faith

defense considered by the jury. This statement and implication is an

outright misstatement of the law and is in direct contradiction of the *Cheek*

decision in which the defendant Cheek also did not pay his taxes.

The five foregoing issues are clearly substantial questions that are not

'frivolous.'

### 2. Additional Trial Issues.

Two more issues have been discovered that are in addition to these five issues.

are. A thorough review of the trial transcript revealed two errors in the jury

instructions which may fall under the plain error standard.

The first error was the total omission of one of the elements of a 26 U.S.C §7201

income tax evasion crime. According to *United States v. Kaiser*, 893 F.2d 1300 (11th

Cir. 1990) the elements of tax evasion under §7201 are: (1) willfulness; (2)

existence of a tax deficiency; and (3) an affirmative act constituting an evasion or

attempted evasion of the tax. These elements were set forth in *Sansone v. United*

*States*, 380 U.S. 343, 351, 85 S. Ct. 1004, 1010, 13 L. Ed. 2d 882 (1965). In accord, are

*United States v. Hunerlack*, 197 F.3d 1059 (11th Cir. 1999) and *United States v.*

*Edwards*, 777 F.2d 644 (11th Cir. 1985) in which the court labels these elements

essential.

The Court left out the third element: an affirmative act.

The reason the omission is important is because the indictment listed four overt or affirmative acts of evasion by Dr. Dean for five of the six years that he was charged with income tax evasion. The charge for the sixth year included two affirmative acts. It is well settled law that the jury must agree unanimously upon the facts which constitute an affirmative act of evasion. Not only was the jury not told by the Court that an affirmative act was an essential element of income tax evasion, it also neglected to instruct the jury that, since there was more than one affirmative act alleged in each count, it can only find the defendant guilty if there is a unanimous agreement as to which affirmative act was or acts were committed. The failure to render this instruction is plain error and is grounds for a new trial, see *United States v. Ogle*, 779 F.Supp. 141, 143-144 (D. Or. 1991).

The second jury instruction also is a plain error situation. The Court's instruction on the seventh count, impede the IRS, was,

> "Count Seven charges that Defendant corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by falsely and fraudulently informing entities that they were under no obligation to comply with lawful summons for documents from the IRS."

The foregoing instruction neither conformed to the actual allegations contained in the indictment, nor did it accurately reflect what Dr. DEAN did. The indictment did not allege that Dr. DEAN informed anyone not to obey a lawful summons, but rather he informed them they were "under no obligation to

comply with this fraudulent summons." The indictment further alleged that Dr. DEAN claimed the summons was a phony summons sent by a person with no authority to issue a lawful summons. The evidence introduced at trial made it clear that Dr. DEAN believed the summons was not legal due to the IRS agent's lack of authority to issue the summons. Thus, neither the indictment nor the evidence produced at trial indicated that Dr. DEAN ever told anyone that they were under no obligation to obey a lawful summons. Quite the contrary, the evidence showed that he requested that the entities comply with the summons, but only after they determined it was issued by a person with the proper authority.

The effect of the Court making a charge inconsistent with either the facts alleged in the indictment or the facts presented at trial amounts to a directed verdict by the Court as to Count seven. The jury was told that Dr. DEAN informed entities that they were under no obligation to comply with a lawful summons. Such an instruction effectively destroyed any consideration the jury might have made concerning Dr. DEAN's good faith belief that the summons was illegally issued. Thus, because of the directed verdict by the Court, Dr. DEAN was denied a fair trial by jury as to Count Seven.

All of the foregoing issues are substantial questions. Thus, any one of them, when heard on appeal, could result in a reversal with a remand for a new trial.

### 3.  Sentencing Issues

In addition to the issues directly relating to the trial, there are at least two issues that will qualify for immediate release under 18 U.S.C. §3143 (b) (iv). The Court sentenced Defendant DEAN to seven years imprisonment. Part of the Court's reasoning for the long sentence was based on the incorrect calculation in PSR which calculated the base offense level for the income tax evasion charges at a level 18. The PSR arrived at this level by using a tax loss that was not admitted by the Defendant nor found beyond a reasonable doubt by a jury and comparing it to the list in §2T4.1 of the Sentencing Guidelines.

The PSR calculation was based on an understanding of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 756, 160 L.Ed2d 621 (2005) which did not include considerations of the *ex post facto* clause of Article 1 Section 9 and the due process clause of the 5th Amendment. The decision in *Booker* was in effect a judicial change in the law which triggers the protection of the *ex post facto* clause. When the *ex post facto* principles are applied to the *Booker* decision, it can only apply for crimes involving such conduct after January, 2005, not before. Since Defendant DEAN's criminal conduct, for which he was convicted, was entirely prior to January 2005, for sentencing purposes, the tax loss amount could not have been determined without a jury decision or an admission by the Defendant. Thus, the §2T4.1 tax tables for determining the base offense level do not apply. As a result,

the base offense level for the income tax evasion counts should have been six. A base offense level of six coupled with an obstruction of justice enhancement of two levels would place Defendant DEAN in the upper level of Zone A with a 0-6 months imprisonment. The Defendant has already served more than six months and should be released immediately pursuant to subsection (b)(2)(vi).

The second aspect of the Court's imposition of prison time was based on an up-ward enhancement due to an alleged deterrence factor. Said up-ward departure was unreasonable for two reasons. First, the application of detrimental changes resulting form Booker violates the principle is endorsed by the Supreme Court in *Marks v. United States*, 430 U.S. 193, 196-197 (1977) of prohibiting the application detrimental aspects of a change in law retroactively. Second, the sentence given as a stated result of deterrence creates an over-balancing one factor over the other factors set forth in 18 U.S.C. §3553(a).

**D.  Conclusion.**

Defendant DEAN has shown that he is not a risk for flight. He has also shown that he has several substantial questions on appeal which will require a reversal of his conviction and, in the case of the sentencing issues, the appealed issues will cause his sentence to be less than what he has already served. Accordingly, Defendant DEAN respectfully requests that the Court issue an order releasing Defendant Ward DEAN pending appeal under an appropriate bond.

Respectfully submitted, this 12th Day of July, 2006.

/s/ *Charles E. McFarland*

Charles E. McFarland
338 Jackson Rd.
New Castle, Kentucky 40050
502-845-2754
mcfarlandc@bellsouth.net

**Certificate of Compliance with N.D.Fla. Local Rule 7.1 (B)**

I certify that prior to the filing of this motion, I conferred with David L. Goldberg and he replied that the prosecution opposes the motion for the release of Dr. DEAN.

/s/ *Charles E. McFarland*

Charles E. McFarland

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date, July 12, 2006, electronically filed this Defendant's Sentencing memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Robert G. Davies, United States Attorney's Office, 21 East Garden Street, St. 400, Pensacola, Florida 32502.

/s/ *Charles E. McFarland*

Charles E. McFarland