IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

vs.                                                     Case Nos.      3:05cr25/LAC
                                                                       3:09cv24/LAC/EMT
WARD FRANKLIN DEAN
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on a second amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed pro se by Defendant Ward Franklin Dean ("Defendant") (Doc. 241). The Government has filed a response (Doc. 243), to which Defendant has replied (Doc. 246). The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). It is the opinion of the undersigned, after careful review of the record and the arguments presented, that Defendant has not raised any issue requiring an evidentiary hearing, *see* Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

I.    BACKGROUND

In his second amended motion, Defendant seeks relief on the ground his trial counsel was ineffective for failing to advise him correctly regarding his rights under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* ("the Act"), or recognize that a violation of the Act had occurred and file a motion to dismiss the indictment based on the violation (*see* Doc. 241 at 3).[1] Accordingly, the

---

[1] Defendant mentions the Sixth Amendment only once in his amended motion, and he does not specifically base a claim upon its violation (*see* Doc. 241 at 7). Rather, Defendant's reference to the Sixth Amendment appears to be in the context of explaining the basis for his claim of ineffective assistance of counsel for violation of the Speedy Trial Act. Nevertheless, construing Defendant's amended motion liberally, the court will address Defendant's claim of ineffective assistance of counsel both in connection with an alleged violation of the Speedy Trial Act and, briefly, of the Sixth Amendment.

following detailed outline of the procedural history of this case focuses on the events relevant to a determination of this issue.

On March 17, 2005, a federal grand jury handed down a seven-count indictment charging Defendant with six counts of income tax evasion for the years 1997 through 2002, in violation of 26 U.S.C. § 7201, and one count of endeavoring to obstruct the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). At Defendant's initial appearance, held on March 17, 2005, a magistrate judge informed Defendant of the right to hire counsel or have counsel appointed for him if his financial circumstances prevented him from retaining representation (*see* Doc. 8; transcript at Doc. 78). Defendant admitted financial ability to employ an attorney and indicated he was looking for counsel to represent him (*id.*). The magistrate judge entered an order setting conditions of release (Doc. 9) and set Defendant's arraignment for March 25, 2005 (Doc. 10). On March 25, 2005, Defendant appeared for arraignment but reported that he had not yet retained counsel, so the magistrate judge reset arraignment for March 30, 2005, instructing Defendant that he must obtain counsel by that date (Doc. 13). Defendant appeared on March 30, 2005, again without counsel; by written motion Defendant requested two additional weeks in which to hire an attorney, which motion the magistrate judge granted (Docs. 16–18). Arraignment was rescheduled for April 13, 2005 (Doc. 17). On April 6, 2005, Defendant filed a status report in which he indicated that he intended to represent himself with the "assistance" of attorney James Tracy Cowan (Doc. 19). At arraignment on April 13, 2005, the magistrate judge permitted Defendant to represent himself for the purpose of that proceeding, with Mr. Cowan present as Defendant's "advisor" (Doc. 22); trial was set for June 6, 2005 (Docs. 22, 27).

On April 6, 2005, and April 13, 2005, Defendant filed, pro se, a total of five motions to dismiss some or all of the counts set forth in the indictment (Doc. 20; Docs. 23–26), which motions on April 26, 2005, the district court denied (Doc. 33). The Government filed a motion in limine on April 15, 2005, asking the court to enter an order prohibiting Defendant from introducing evidence or arguing at trial that he had a good faith belief the tax laws of the United States were invalid, unwise, or unconstitutional (Doc. 28). Also, the electronic docket reflects that on April 20, 2005, the district court directed the clerk to terminate Mr. Cowan as counsel in the case because he was not a participating attorney at that time (Doc. 31). Defendant filed a pro se motion to continue trial

on April 27, 2005 (Doc. 35), which the Government opposed (Doc. 38). On May 9, 2005, Mr. Cowan filed a notice of appearance (Doc. 39), and on May 11, 2005, on Defendant's behalf, he filed a motion for continuance on the ground he needed more time to prepare for trial (Doc. 40). Included in the motion was the statement that "Defendant waives his right to a speedy trial conditioned on the Court's granting of this Motion to the extent of the length of the continuance" (*id.* at 2). Responding, the Government indicated that it was prepared for trial and that it would leave disposition of the May 11, 2005, motion for continuance to the court's discretion (Doc. 41). On May 13, 2005, the district court granted counsel's request for continuance and set trial for July 5, 2005 (Docs. 42–43). On May 19, 2005, the court granted the Government's April 15, 2005, motion in limine (*see* Docs. 28, 44).

On June 16, 2005, Defendant, through his attorney, moved for another continuance of trial on the ground additional time was needed for preparation (Doc. 47); the Government responded the following day, stating that it remained ready for trial and would leave disposition of the motion to the district court's discretion (Doc. 48). On June 24, 2005, Defendant, through counsel, filed an amended motion to continue advising that a continuance was needed because Mr. Cowan had just been informed that he was being called to one year of active duty in the military (Doc. 49). The defense also filed a motion in limine on June 24, 2005, asking the court to enter an order that, *inter alia*, permitted Defendant to introduce at trial documentary evidence to show how he "arrived at his subjective good faith belief that he is not a person liable for an 'income tax'" (Doc. 51 at 10). On June 27, 2005,[2] the district court held a hearing on the amended motion for continuance (Doc. 54). The transcript of the hearing reflects that Mr. Cowan asked the district court to continue trial for one year—or until his return from active duty—stating that such a lengthy continuance was what his client desired; the district court denied Defendant's motion (Doc. 63 at 3–4). Upon questioning by the court, Defendant indicated that he needed a continuance of one month in which to obtain new counsel and an additional two months for his new counsel to prepare for trial (*id.* at 7). Mr. Cowan

---

[2] The docket states, incorrectly, that the hearing was held June 24, 2005 (*see* Doc. 50, Doc. 54). To the extent either party has referenced the June 24, 2005, date in its papers, for the sake of consistency and accuracy the court has substituted the correct date.

moved to withdraw from representing Defendant, which motion the district court granted (*id.* at 9).

The court then questioned Defendant again:

> I'm assuming, Mr. Dean, since you have made known your desire, actually, although the court can't grant it, to continue this case for up to a year, the speedy trial is not on your mind, is that correct?

Defendant responded, "That's correct, Your Honor."   The district court continued, "So I'm assuming, then, that you are waiving speedy trial for this period of time that you are asking for a delay?"  Defendant answered, "Yes, I am, Your Honor." (*Id.* at 9).

> The district court proceeded:

> So I'm going to give you two weeks at this point, which will be July the 11th, to obtain counsel or to submit in writing on that day, which is the 11th of July, the efforts you have made to get counsel, who you have talked to and what efforts there are.  And we will take it step by step from that.  And thereafter, we will hear from that counsel as to what they feel their time and their needs are.

(*Id.* at 9–10).

The Government also asked the district court to make a finding under § 3161(h)(7)(A) of the Speedy Trial Act,[3] which provision excludes from the seventy-day period for commencing trial delay resulting from a continuance where the court specifically finds that the ends of justice served by taking such action outweigh the interests of the public and the defendant in a speedy trial.  *See also* 18 U.S.C. § 3161(c)(1).   The district court stated, "Well, whatever magic words it takes, I certainly find that.   That's the essence of my determination here today." (Doc. 63 at 11). Additionally, the court stated, "In accordance with that statute, I do find that the interest of all concerned outweighs the necessity of the speedy trial, with Mr. Dean's agreement." (*id.*).   The court also noted that a specific new trial date would not be set at that time but that a date in September 2005 appeared to be appropriate.   Thereafter, on July 6, 2005, the district court entered written

---

[3]  At the hearing, the Government in fact cited § 3161(h)(8)(A), the designation of this subsection prior to the enactment of the Judicial Administration and Technical Amendments Act of 2008, 122 Stat. 4291, which made technical changes to the Speedy Trial Act.  The technical changes include the renumbering of several provisions; none of the amendments altered the substance of any provision at issue in this case.  In this report and recommendation the court refers to the current version of the Act.

orders which, referencing the record of the June 27th proceeding, summarily granted Defendant's motion and amended motion for continuance (Docs. 57, 58).

On July 15, 2005, Defendant filed a status report, pro se, advising the district court that he had not yet obtained new counsel (Doc. 59).  In a July 20, 2005, order the court directed Defendant to report by August 1, 2005, on the progress of his efforts to hire an attorney (Doc. 60).  The district court also cautioned Defendant to take notice that the case was on the district court's September 2005 trial docket (*id.*).  Defendant filed a progress report on August 1, 2005, advising that he had interviewed some attorneys and had more interviews scheduled but that he had not yet hired new counsel (Doc. 61).  On August 9, 2005, the district court entered an order continuing trial until October 3, 2005 (Doc. 62).  The court directed that "Defendant shall secure counsel, and such counsel shall appear in this case on or before September 2, 2005, failing which Defendant shall be deemed to be representing himself in these proceedings." (*id.*).  On September 6, 2005, Defendant reported to the court that "so far [he had] been unable to find even one attorney with sufficient knowledge of relevant law regarding this case to infuse in him any confidence whatsoever he would be able to obtain effective representation of  counsel in this case" (Doc. 64).  Defendant also moved for a trial continuance (*id.*).  On September 7, 2005, the district court denied without prejudice Defendant's motion to continue trial (Doc. 66).  The district court also entered an order stating that "[i]n consideration of the Court's August 9, 2005, Order, Defendant is now deemed to be representing himself in these proceedings.  Defendant is expected to comply with the Court's April 14, 2005, Scheduling Order and with the Local Rules for the Northern District of Florida." (Doc. 65).  On September 15, 2005, Defendant moved for reconsideration of the district court's order (Doc. 68), then on September 16, 2005, filed a filed a notice of appeal of the order in the Eleventh Circuit (Doc. 72).  Defendant also filed pro se motions to dismiss the indictment on September 15, 2005, and September 16, 2005 (Docs. 67, 71).

On September 21, 2005, the district court scheduled a <u>Faretta</u> hearing[4] for October 3, 2005 (Doc. 75).  On September 26, 2005, Defendant objected to the <u>Faretta</u> hearing, asserting, *inter alia*,

---

[4]  <u>Faretta v. California</u>, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (establishing that a defendant has the constitutional right to represent himself when he voluntarily and intelligently elects to do so).

that the district court lacked jurisdiction over the case in light of his pending appeal (Doc. 76). On September 28, 2005, the district court entered an order stating that "[w]hile Defendant's objections are noted, the hearing [scheduled for October 3, 2005] shall nonetheless be held, and Defendant's participation is expected" (Doc. 79). Defendant's September 15 and September 16, 2005, motions to dismiss the indictment (Docs. 67, 71) were denied on September 28, 2005 (Doc. 80). On September 29, 2005, Defendant filed yet another motion to dismiss the indictment (Doc. 82), as well as a motion to compel the production of documents (Doc. 81). On October 3, 2005, the date of the Faretta hearing (Doc. 90), Defendant filed a status report that stated he was engaged in negotiations with several attorneys (Doc. 83). The transcript of the hearing reflects Defendant stated that although he had concluded there were no attorneys in the Pensacola area he thought could provide him with effective assistance, he nevertheless was "much closer" to obtaining counsel from outside the area (Doc. 100 at 4). Defendant stated that he "should know within a week of the final decision with regard to the attorney" (*id.*). The Government indicated that it was ready for trial and had been since March (*id.* at 7). The court advised Defendant that at the present time he was "deemed to be representing [himself]," noting that Defendant's pleadings were "far superior to many pleadings that are filed by attorneys before this Court. So I'm impressed that you do understand the process, the procedure, the rules, how to proceed in court, and that you are fully capable of representing yourself." (*id.* at 11). The district court continued the trial until October 24, 2005, and it informed Defendant that if an attorney filed a notice of appearance on his behalf a further continuance would be considered to give the attorney time to prepare for trial (*id.* at 13; *see also* Doc. 91). As the hearing was being concluded, Defendant sought to argue that the court lacked jurisdiction due to the pending appeal, and he voiced an objection to the court's holding a Faretta hearing on the ground he had not waived his right to counsel (*id.* at 14). The district court rejected both contentions. It first explained that it was not divested of jurisdiction because the order appealed was not a final order. The court also found that, based on the history of the case and the numerous opportunities Defendant had been afforded to obtain an attorney—without actually hiring one—Defendant in effect had waived counsel "by not getting [his] own, which you have made no claim that you can't afford" (*id.*).

On October 6, 2005, the district court denied Defendant's September 29, 2005, motion to dismiss (Doc. 94). It also addressed Defendant's pending motion for reconsideration, granting the motion to the extent a <u>Faretta</u> hearing had been held and Defendant's options concerning counsel had been discussed (Doc. 95). Defendant, still proceeding pro se, filed another motion to dismiss on October 6, 2005 (Doc. 96); on October 14, 2005, he filed a motion to unseal a document which the Government had filed under seal (*see* Docs. 93, 99); and on October 18, 2005, he filed a motion for stay pending appeal (Doc. 103). The Government filed a motion in limine on October 19, 2005, which asked the court to enter an order precluding Defendant from arguing or testifying at trial that the Government had forced him to proceed to trial without counsel and that a prior grand jury had declined to indict him (Doc. 102). On October 20, 2005, attorney Lowell H. Becraft, Jr., filed a motion for admission *pro hac vice* to represent Defendant and a motion to continue to give counsel time to prepare for trial (Doc. 109). On that same date the Government filed a response stating that it was ready for trial and left the disposition of the motion to the court's discretion (Doc. 105).

On October 21, 2005, the district court conducted a case management conference (Doc. 108). At the conference the court orally granted Mr. Becraft's motions and continued the trial until December 5, 2005 (Docs. 107, 108, 110, and 111). Defendant, through Mr. Becraft, withdrew his notice of appeal (Doc. 72); accordingly, the court orally denied as moot the application for stay pending appeal (Doc. 103). On November 15, 2005, the Eleventh Circuit dismissed Defendant's appeal as moot (Doc. 112), and on November 24, 2005, Defendant moved—through counsel—to withdraw his pro se motion to dismiss filed October 6, 2005 (Doc. 116). Also on November 24, 2005, Defendant moved to inspect the jury selection records (Doc. 117). The court granted both motions on December 1, 2005 (Docs. 122, 125). That date the court also granted Defendant's October 14, 2005, motion to unseal (*see* Docs. 99, 123).

Defendant's trial commenced on December 5, 2005, with Defendant represented by Mr. Becraft and attorney Charles McFarland. The morning of December 5 Defendant filed a motion to stay (Doc. 128), which during a pretrial hearing the court denied (Doc. 218 at 14); during the hearing the court also resolved the parties' pending motions in limine (*id.* at 7–8; *see also* Doc. 126, 127). Trial concluded on December 7, 2005, with the jury returning guilty verdicts on all seven counts of the indictment. On July 7, 2006, the district court sentenced Defendant to three concurrent

sixty-month terms of imprisonment on Counts I–III and to three concurrent twenty-four month prison terms on Counts IV–VII, with the latter sentences to run consecutive to the former. Defendant timely filed a direct appeal. In a published opinion, the Eleventh Circuit affirmed Defendant's conviction and sentence. United States v. Dean, 487 F.3d 840 (11th Cir. 2007) (*per curiam*).[5] The Supreme Court denied Defendant's petition for writ of certiorari on February 25, 2008. Dean v. United States, ___ U.S. ____, 128 S. Ct. 1444 (2008). Defendant filed his initial motion to vacate on January 16, 2009 (Doc. 237), and his second amended motion to vacate (Doc. 241), on February 25, 2009.

II.     LEGAL STANDARDS

        Section 2255

        Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000); United States v. Walker, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

        Section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief." Nevertheless, to be entitled to an evidentiary hearing a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006)

---

[5] In United States v. Dean, 506 F. Supp. 2d 1097 (N.D. Fla. 2007), a case related to the instant one, Defendant was found guilty by a magistrate judge of disclosing the contents of a record and paper used by the clerk of this court, contrary to the provisions of the Jury Selection and Service Act of 1968, Title 28 U.S.C. § 1867(f). The district court affirmed the denial of Defendant's motion for judgment of acquittal, *see* Dean v. United States, 2009 WL 1587088 (N.D. Fla. 2009), which ruling the Eleventh Circuit recently affirmed. *See* United States v. Dean, 367 Fed. App'x 83 (11th Cir. 2010).

Case Nos. 3:05cr25/LAC; 3:09cv24/LAC/EMT

(citing <u>Drew v. Dept. of Corrections</u>, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support")); <u>Hill v. Moore</u>, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991); <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).

<u>Ineffective Assistance of Counsel</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  <u>Massaro v. United States</u>, 538 U.S. 500, 503, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003); <i>see also</i> <u>United States v. Bender</u>, 290 F.3d 1279, 1284 (11th Cir. 2002); <u>United States v. Jiminez</u>, 983 F.2d 1020, 1022, n.1 (11th Cir. 1993).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  <i>Id.</i> at 686; <u>Williams v. Taylor</u>, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000); <u>Gaskin v. Secretary, Dept. of Corrections</u>, 494 F.3d 997, 1002 (11th Cir. 2007).  In applying <u>Strickland</u>, the court may dispose of an ineffective assistance claim if the defendant fails to carry his burden on either of the two prongs.  <u>Strickland</u>, 466 U.S. at 697.  In determining whether counsel's conduct was deficient, the reviewing court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." <i>Id.</i> at 688; <i>see also</i> <u>Dingle v. Secretary for Dept. of Corrections</u>, 480 F.3d 1092, 1099 (11th Cir. 2007)<i>;</i> <u>Atkins v. Singletary</u>, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts

must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990) (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler, 218 F.3d at 1314; and Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008); United States v. Freixas, 332 F.3d 1314, 1319–20 (11th Cir. 2003) (quoting Brownlee v. Haley, 306 F.3d 1043, 1059 (11th Cir. 2002)).

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the Defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The defendant therefore must establish "that counsel's errors were so serious as to deprive the Defendant of a fair trial, a trial whose result is reliable." Id. at 369 (quoting Strickland, 466 U.S. at 687).

Speedy Trial Act and Speedy Trial Clause of the Sixth Amendment

In relevant part, the Speedy Trial Act provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

18 U.S.C. § 3161(c)(1). The Act "excludes from the 70-day period days lost to certain types of delay." Bloate v. United States, ___ U.S. ____, 130 S. Ct. 1345, 1351, 176 L. Ed. 2d 54 (2010). Section 3161(h)(7)(A) "gives the district court discretion—within limits and subject to specific

procedures—to accommodate limited delays for case-specific needs" by granting a continuance.[6]

*See* Zedner v. United States, 547 U.S. 489, 498–99, 503, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006).

When a district court grants a continuance under this provision, it must "se[t] forth, in the record of

the case, either orally or in writing, its reasons" for finding that the ends of justice are served and

that they outweigh other interests. *Id.* at 507. Certain other types of delay are automatically

excludable under the Act, that is, they do not require findings by the court. Bloate, 130 S. Ct. at

1351. "The eight subparagraphs in subsection (h)(1) address the automatic excludability of delay

generated for certain enumerated purposes." *Id.* at 1352; *see also* United States v. Jones, 601 F.3d

1247, 1254–55 (11th Cir. 2010) (citing Bloate). These events include delays resulting from an

interlocutory appeal, delays attributable to pretrial motions, and delays involving periods during

which a proceeding is under advisement by the court. *See*, *e.g.*, § 3161(h)(1)(C) (excluding delay

resulting from interlocutory appeal); § 3161(h)(1)(H) (providing for exclusion of "delay reasonably

attributable to any period, not to exceed thirty days, during which any proceeding concerning the

defendant is actually under advisement by the court"); and § 3161(h)(1)(D) (excluding "delay

resulting from any pretrial motion, from the filing of the motion through the conclusion of the

hearing on, or other prompt disposition of, such motion"). *Cf.* Bloate, 130 S. Ct. at 1353 (holding

that motion for additional time in which to *prepare* pretrial motion did not constitute automatically

excludable delay within the meaning of § 3161(h)(1)(D) and thus must be accompanied by district

court findings). "In calculating includable time, both the date on which an event occurs or a motion

is filed and the date on which the court disposes of a motion are excluded." United States v. Yunis,

723 F.2d 795, 797 (11th Cir. 1984). With respect to § 3161(h)(1)(D), for motions that require no

hearing "[p]rompt disposition . . . depends upon when the court takes the motion 'under advisement'

for purposes of § 3161(h)(1)[(H)]." United States v. Davenport, 935 F.2d 1223, 1228 (11th Cir.

---

[6] The factors that a district court must consider in determining whether to grant a continuance include whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits; and whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation in the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

1991).  A motion is "under advisement" once the parties have filed the last piece of necessary information, at which point the court has thirty days to act before the speedy-trial clock restarts.  *Id.*  With respect to motions that require a hearing, "the entire time from the filing of the motion to the conclusion of the hearing is excludable, even when the hearing is deferred until trial." United States v. Phillips, 936 F.2d 1252, 1254 (11th Cir. 1991).  "This entire period is excluded from the speedy trial clock and is not subject to review regarding its reasonableness."  United States v. Dunn, 345 F.3d 1285, 1292 (11th Cir. 2003).

If the defendant is not brought to trial within the seventy-day period provided in the Act, the defendant may move to dismiss the indictment, and the district court must grant that motion and dismiss the indictment. 18 U.S.C. § 3162(a)(2).  The burden is on the Government to show that exclusions apply, although a defendant seeking dismissal of an indictment bears the burden of proving the delay meets the criteria for dismissal.  *Id.*  With respect to a determination as to whether the indictment should be dismissed with or without prejudice, the district court must consider: (1) the seriousness of the offense; (2) the facts and circumstances that led to the dismissal; (3) the impact of a reprosecution on the administration of justice.  *Id.*; United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009)  "Where the crime charged is serious, the court should dismiss only for a correspondingly severe delay."  United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984).

In determining whether a defendant's right to a speedy trial under the Sixth Amendment has been violated, the court must consider: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay.  Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *see also* United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an unusual case in which time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated,'" as the Barker factors underlie a speedy trial constitutional claim. United States v. Twitty, 107 F.3d 1482, 1490 (11th Cir. 1997).   "To trigger a speedy trial analysis, an accused must allege that the interval between [the indictment] and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." Ingram, 446 F.3d at 1336.  "Only if this threshold point is satisfied may the court proceed with the final three factors in the Barker analysis."

United States v. Clark, 83 F.3d 1350, 1352 (11th Cir. 1996). "Delays exceeding one year are generally found to be 'presumptively prejudicial.'" Ingram, 446 F.3d at 1336; *see also* United States v. Otero-Hernandez, 743 F.2d 857, 858 n.3 (11th Cir. 1984) (noting that a seven-month delay is not "presumptively prejudicial" within the meaning of the test for a speedy trial violation).

III.    DISCUSSION

In his second amended motion to vacate (Doc. 241), Defendant submits that

> once the 70-day time clock had begun running on April 13, 2005 [date of arraignment], the government was required to bring [him] to trial within seventy (70) 'non excludable' days. Allowing for all 'excludable' days under the Act, the government should have brought him to trial no later than August 27, 2005. However, [Defendant] was not brought to trial until December 5, 2005. Consequently, the Speedy Trial Act was violated by August 28, 2005.

(*Id.* at 9). Defendant asserts that he first learned of the statutory remedy of mandatory dismissal of the indictment for violation of the Speedy Trial Act sometime in July 2008 (*id.*). According to Defendant, Mr. Cowan waived Defendant's right to a speedy trial, even though under the Supreme Court's Zedner decision the Act does not permit prospective waivers (*id.* at 10). Defendant also apparently contends that prior to trial neither Mr. Cowan nor Mr. Becraft informed him of his rights and remedies under the Act. Nor did Mr. Becraft advise Defendant that a violation of the Act had in fact occurred by August 28, 2005, or that Mr. Cowan had previously misled Defendant into believing he had waived the right to a speedy trial when that right "couldn't be waived" (*id.* at 10). Defendant maintains that had he known before trial that the Act had been violated, "he would have had the opportunity to decide whether to move for dismissal" and that such a motion "would have resulted in the dismissal of his indictment and he never would have been tried, convicted, and sentenced" (*id.* at 10–11). Defendant argues that the record reflects that "[t]he docket clearly shows that the Speedy Trial Act had been violated before [he] went to trial. The absence of a motion to dismiss, coupled with counsel's 'waiving speedy trial' [] clearly demonstrates both counsels' ineffectiveness . . . ." (*id.* at 11). Based on the ineffectiveness of counsel, Defendant submits, he is entitled to a new trial (*id.* at 7), as well as other relief (*id.* at 11–12).

The Government responds that Defendant's claim of ineffective assistance of counsel is without merit (Doc. 243 at 14). According to the Government, Defendant has not shown that his

counsel acted unreasonably in failing to file a motion to dismiss the indictment for violation of the Speedy Trial Act because, due to the exclusion of the days the trial was continued or pretrial motions were pending, any such motion would have been denied since no violation in fact occurred.  By the Government's accounting, excluding the days that trial was continued on Defendant's motions, the trial took place nineteen (19) non-excluded days after his first appearance on March 17, 2005; even if Defendant's motions to continue are disregarded, trial started forty-six (46) non-excluded days after his first appearance (*id.* at 4, 6).   Furthermore, the Government submits, even if a violation of the Act were established, Defendant's motion should be denied because he has failed to show that he suffered any prejudice as a result of the violation.  According to the Government, had a motion to dismiss the indictment been filed and granted, the remedy would have been dismissal without prejudice, not dismissal with prejudice.  Dismissal without prejudice would have resulted in the Government's obtaining a new indictment and, the Government contends, Defendant would have been convicted based on the overwhelming evidence of his guilt.

The court concludes that the issue of whether a Speedy Trial Act violation occurred may be resolved in this case based on a review of the record regarding the pretrial motions filed and without the need to take into consideration the complex interplay of the numerous continuances that were effected, Defendant's waivers, or Defendant's interlocutory appeal (although some or all of which considerations could exclude even more days from the seventy-day calculus).  As explained below, the court concludes the record reflects that no Speedy Trial Act violation occurred in this case.[7]

---

[7] For ease of reference, the court capsulizes the information previously provided in the form of the following timeline (all dates are 2005):

| | |
|---|---|
| March 17: | Initial appearance |
| March 25: | Arraignment scheduled |
| March 30: | Arraignment rescheduled/Defendant moves for continuance of two weeks to obtain counsel, and magistrate judge grants motion |
| April 6: | Defendant files pro se motion to dismiss indictment (Doc. 20) |
| April 13: | Arraignment held/Defendant files pro se motions to dismiss indictment (Docs. 23–26) |
| April 15: | Government files motion in limine (Doc. 28) |
| April 26: | District court denies motions to dismiss indictment (Doc. 33) |
| April 27: | Defendant files pro se motion to continue trial (Doc. 35) |
| May 11: | Defendant, through counsel, files additional motion to continue trial, including speedy trial waiver (Doc. 40) |
| May 13: | District court grants motion(s) to continue and sets trial for July 5 |
| May 19: | District court grants Government's motion in limine (Doc. 44) |

Defendant made his first appearance on March 17, 2005, which started the running of the speedy trial clock.  *See* United States v. Wilkerson, 170 F.3d 1040, 1042 (11th Cir. 1999) (indicating that seventy-day period commenced on date that defendant made his first appearance); *but see* United States v. Jackson, 544 F.3d 1176, 1186 (11th Cir. 2008) (indicating in calculations that date of first appearance was excluded from seventy-day period).  On March 30, 2005, Defendant moved

---

| | |
|---|---|
| June 16: | Defendant files motion to continue (Doc. 47) |
| June 24: | Defendant files amended motion to continue (Doc. 49) and motion in limine  (Doc. 51) |
| June 27: | At hearing (Doc. 54), district court permits counsel to withdraw, directs Defendant to obtain counsel by July 11, grants motions for continuance, and makes findings under § 3161(h)(7)(A)/Defendant waives right to speedy trial for three months |
| July 15: | Defendant files status report advising he has not yet obtained new counsel (Doc. 59) |
| August 1: | Defendant files status report advising that he has still not hired new counsel (Doc. 61) |
| August 9: | District court continues trial to October 3, 2005, and directs that retained counsel must appear on or before September 2, 2005, failing which Defendant would be deemed to be representing himself (Doc. 62) |
| Sept. 6: | Defendant files status report advising he has still not hired new counsel and motion to continue (Doc. 64) |
| Sept. 7: | District court denies motion to continue (Doc. 66) and announces that Defendant is deemed to be representing himself |
| Sept. 15: | Defendant moves for reconsideration of order deeming him to be representing himself (Doc. 68)/files motion to dismiss (Doc. 67) |
| Sept. 16: | Defendant files notice of appeal  of order deeming him to be representing himself (Doc. 72) and also files motion to dismiss (Doc. 71) |
| Sept. 28: | District court denies motions to dismiss (Doc. 80) |
| Sept. 29: | Defendant files motion to dismiss (Doc. 82) |
| Oct. 3: | District court conducts Faretta hearing (Doc. 90) and advises Defendant he is deemed to be representing himself |
| Oct. 6: | District court denies Defendant's motion to dismiss (Doc. 94) and grants, to limited extent, Defendant's motion for reconsideration/Defendant files motion to dismiss |
| Oct. 14: | Defendant files motion to unseal document (Doc. 99) |
| Oct. 18: | Defendant files motion for stay pending appeal (Doc. 103) |
| Oct. 19: | Government files motion in limine (Doc. 102) |
| Oct. 20: | Defendant, through new counsel, files motion to continue (Doc. 109) |
| Oct. 21: | District court conducts case management conference (Doc. 108) at which it grants Defendant's motion/Defendant withdraws notice of appeal/court denies as moot application for stay pending appeal |
| Nov. 15: | Eleventh Circuit dismisses Defendant's appeal as moot (Doc. 112) |
| Nov. 24: | Defendant moves to withdraw his pro se motion to dismiss /Defendant also moves to inspect jury selection records (Docs. 116, 117) |
| Dec. 1: | District court grants Defendant's motions to withdraw motion to dismiss, inspect jury selection records, and to unseal (Docs. 122, 123) |
| Dec. 5: | Trial commences/Defendant files motion to stay (Doc. 128), which district court denies/district court resolves pending motions in limine (Docs. 51, 102) |

for additional time in which to hire a lawyer. As noted above, delays resulting from the filing of any pretrial motion are excluded in computing the time within which trial must commence. *See* § 3161(h)(1)(D). Additionally, the date on which a pretrial motion is decided is excluded from the seventy-day period. Yunis, 723 F.2d at 797. Thus, if March 30, 2005, is excluded for the purpose of this particular calculation, a period of thirteen (13) includable days elapsed from March 17, 2005, through March 29, 2005. On March 30, 2005, the magistrate judge granted Defendant's motion for additional time in which to hire counsel, thus restarting the seventy-day clock as of March 31, 2005. On April 6, 2005, Defendant filed a motion to dismiss count one of the indictment. The date the motion to dismiss was filed should be excluded, thus resulting in six (6) additional includable days elapsing from March 31, 2005, through April 5, 2005, bringing the total of includable days to nineteen (19). This number remained constant through April 25, 2005, one day prior to April 26, 2005, when the district court denied Defendant's motion to dismiss filed April 6, 2005, as well as the motions filed April 13, 2005. *See* § 3161(h)(1)(H); Yunis, 723 F.2d at 797.

The clock was not restarted, however, on April 27, 2005, due to the pendency of the Government's motion in limine (Doc. 28, filed April 15, 2005), and Defendant's motion to continue (Doc. 35, filed April 27, 2005). On April 25, 2005, the Government filed a notice amending the N.D. Fla. Loc. R. 7.1(B) certificate attached to its motion in limine, stating that Defendant had recently advised he did not oppose the motion (Doc. 32). Also, Defendant filed another motion to continue on May 11, 2005, along with a speedy trial waiver (Doc. 40). The district court disposed of the motion(s) to continue on May 13, 2005 (Doc. 42), and the Government's motion in limine on May 19, 2005 (Doc. 44). As noted, under § 3161(h)(1)(D), the time required for "prompt disposition" of a motion which does not require a hearing depends upon when the court takes the motion "under advisement" for purposes of § 3161(h)(1)(H). Davenport, 935 F.2d at 1228 (if court has all information necessary to rule at time motion is filed, motion is under advisement; motion is not under advisement during period parties are permitted to submit materials relating to motion and time is automatically excluded from the speedy trial clock). Here, it appears that the court took the motion in limine under advisement when the Government filed its April 25, 2005, notice advising that Defendant did not oppose the relief sought. As noted, the court ruled on the motion in limine on May 19, 2005, thus starting the clock running again on May 20, 2005. *See* § 3161(h)(1)(H).

Alternatively, if the Government's motion in limine instead should be deemed to have been taken under advisement on April 15, 2005, when the motion was filed, the thirty-day period for disposition concluded May 15, 2005, thus restarting the clock on May 16, 2005. For the purpose of this assessment, the court will use the date more favorable to Defendant, May 16, 2005. Defendant filed another pretrial motion—in this instance, a motion to continue—on June 16, 2005 (Doc. 47), which motion again stopped the clock. Thus, from May 16, 2005, through June 15, 2005, the day before Defendant filed his motion, an additional thirty-one (31) days elapsed. Added to the prior nineteen (19) days, a total of fifty (50) includable days thus elapsed from March 17, 2005, through June 15, 2005.

While the speedy trial clock was stopped, on June 24, 2005, Defendant filed an additional motion to continue (Doc. 49), as well as a motion in limine (Doc. 51). The district court disposed of the pending motions to continue at the June 27, 2005, hearing (Doc. 54), which rulings potentially could have restarted the clock as of June 28, 2005. Defendant's motion in limine was not disposed of until December 5, 2005, however, the date trial commenced and the court conducted a pretrial hearing to resolve that motion (*see* Doc. 218, also resolving the Government's pending motion in limine). As noted, the thirty-day limit on excludability provided in § 3161(h)(1)(H) applies to motions that do not require a hearing. Here, however, Defendant's motion in limine required a hearing and thus the thirty-day limitation did not apply. *See* Phillips, 936 F.2d at 1254 (stating "the entire time from the filing of the motion to the conclusion of the hearing is excludable, even when the hearing is deferred until trial."). Accordingly, the seventy-day speedy trial clock remained stopped as of June 15, 2005. In short, based simply on a review of the pretrial motions which were filed in this case, that is, without taking into consideration that numerous other excludable delays likely would also apply, this court concludes that when Defendant's trial commenced on December 5, 2005, at most a total of only fifty (50) days had run on the speedy trial clock. Thus no violation of the Speedy Trial Act occurred. Because no Speedy Trial Act violation was committed, Defendant's counsel had no basis to move for dismissal of the indictment under the Speedy Trial Act. Counsel cannot be considered to have acted unreasonably for failing to raise a claim that lacks merit. *See* Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) ("it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel); Alvord

v. Wainright, 725 F.2d 1282, 1291 (11th Cir. 1984) (superceded by statute on other grounds). Thus Defendant has failed to demonstrate that any failure by his counsel to move for dismissal of the indictment based on a violation of the Speedy Trial Act "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.[8]

Even assuming, *arguendo*, that the Speedy Trial Act was violated, the court concludes that Defendant has failed to demonstrate that he suffered any prejudice as a result. Defendant cannot show that he would have won a dismissal with prejudice, as opposed to the far more likely dismissal without prejudice followed by re-indictment. 18 U.S.C. § 3162(a)(2) (defendant seeking dismissal of an indictment bears the burden of proving the delay meets the criteria for dismissal). In the context of the Speedy Trial Act, even nonviolent crimes such as those involving violations of the tax code—as in this case—may be properly classified as serious enough offenses to favor dismissal without prejudice. *See* United States v. Clark, 577 F.3d 273, 282 (5th Cir. 2009); *see also* United States v. Pierce, 17 F.3d 146, 148–49 (6th Cir. 1994); United States v. Graham, 2008 WL 2098044 (S.D. Ohio 2008). The second factor, that is, consideration of the facts and circumstances regarding dismissal, would also favor a dismissal without prejudice. In considering this factor, the court should "focus on the culpability of the delay-producing conduct." Williams, 314 F.3d at 559. As outlined above, the record clearly reflects that Defendant (either pro se or through counsel) was the primary cause of delaying the trial in this case. Nothing in the record contradicts the Government's

---

[8] To the extent it is necessary to address Defendant's assertion that his counsel should not have permitted him to waive a speedy trial because prospective waivers are not permitted under the Act, the court notes the following. First, "it is within the norm for defense lawyers to indulge in a non-extraordinary STA waiver." Gaddis v. United States, 2009 WL 1269234, *6 (S.D. Ga. 2009) (citation omitted). Second, while it is true that prospective waivers of speedy trial "for all time" are not permissible under the Act, *see* Zedner, 547 U.S. at 503, the ruling in Zedner does not apply here because Defendant made no blanket, open-ended waivers. Rather, the record establishes that Defendant's waivers were made for specific reasons and for specific lengths of time (*see* Doc. 40 at 2, counsel's motion for continuance for purpose of trial preparation, waiving Defendant's right to speedy trial for "the length of the continuance," and Doc. 63 at 9–10, Defendant's request to waive speedy trial for three months to hire new counsel and allow time for preparation). Thus counsel's performance in connection with seeking a speedy trial waiver on Defendant's behalf or failing to advise against a waiver requested by Defendant did not fall below a reasonable professional norm. Strickland, 466 U.S. at 686.

Regardless (as discussed more fully *infra*), as Defendant does not allege and cannot demonstrate that the outcome of the trial would have been different had he been properly informed of his speedy trial rights or had not waived a speedy trial, he is unable to demonstrate that he suffered any prejudice. *See* West V. United States, 228 Fed. App'x 890, 896–97 (11th Cir. 2007) (in affirming denial of § 2255 motion, finding no abuse of discretion in refusing to hold evidentiary hearing on ineffective assistance of counsel claim for alleged failure to inform defendant of speedy trial rights because defendant failed to show prejudice resulting from speedy trial waiver).

often-repeated representation that it was ready for trial in March 2005, when Defendant first appeared, and that it remained so. With respect to the impact of re-prosecution on the administration of justice, "[t]he length of delay, a measure of the seriousness of the speedy trial violation, in some ways is closely related to the issue of the prejudice to the defendant." United States v. Taylor, 487 U.S. 326, 340, 108 S. Ct. 2413, 2421, 101 L. Ed. 2d 297 (1988). While Defendant complains that a motion to dismiss the indictment would have resulted in its dismissal, and thus he would not have been tried, convicted, and sentenced (Doc. 241 at 10–11), these assertions do not amount to a allegation of cognizable prejudice. Defendant does not allege, and cannot allege, that any delay in prosecution impaired his ability to present a defense. Moreover, once the district court had dismissed the indictment without prejudice, the Government would have sought to re-indict Defendant on the same charges.[9] The outcome of the proceedings therefore would not have been different had counsel moved to dismiss the indictment. Accordingly, Defendant cannot demonstrate prejudice. *See* Chambliss v. United States, 2010 WL 2511387, *2 (11th Cir. 2010); Milligan v. United States, 213 Fed. App'x 964, 965–66 (11th Cir. 2007).

As a final matter, the court concludes that a claim of ineffective assistance of counsel based the failure to move for dismissal based on an alleged violation of the Speedy Trial Clause of the Sixth Amendment—if one is even presented in the second amended motion—fails. Approximately eight and one-half months elapsed from Defendant's initial appearance on March 17, 2005, until his trial commenced on December 5, 2004. Defendant's Sixth Amendment right to a speedy trial was not violated because this period of time was below the presumptively prejudicial threshold of one year. *See* Otero-Hernandez, 743 F.2d at 858, n.3 (seven-month delay not presumptively prejudicial). Although doubtful, even if a delay of this length is arguably presumptively prejudicial, *see* United States v. Lamb, 214 Fed. App'x 908, 913 (11th Cir. 2007) (delay of ten months arguably presumptively prejudicial, a finding sufficient to satisfy first Barker factor and proceed to consideration of other factors), Defendant cannot prevail on the second or third factors (those are, the cause of the delay and assertion of the right to speedy trial). Given the numerous pretrial

---

[9] Even if the statute of limitations had run by the time the indictment was dismissed, the Government would have had six months to obtain a new indictment. *See* 18 U.S.C. § 3288.

motions he filed, as well as his waivers and requests for continuance, it can fairly be said that Defendant caused any delay that occurred and failed to assert the right to a speedy trial. *See* <u>Clark</u>, 83 F.3d at 1353; <u>Twitty</u>, 107 F.3d at 1490. Moreover, with regard to the fourth <u>Barker</u> factor, as previously noted, Defendant has not alleged and cannot show that he suffered any prejudice resulting from the delay.

III.    Conclusion

For the reasons set forth above, the court concludes Defendant has failed to meet his burden of establishing that his counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. <u>Strickland</u>, 466 U.S. at 686. Because the record conclusively shows that Defendant is entitled to no relief, the court therefore recommends that Defendant's second amended motion to vacate pursuant to 28 U.S.C. § 2255 be denied, without an evidentiary hearing.

IV.    Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

That the second amended motion to vacate, set aside, or correct sentence (Doc. 241) be **DENIED**.

Case Nos. 3:05cr25/LAC; 3:09cv24/LAC/EMT

At Pensacola, Florida, this 7<u>th</u> day of September 2010.


/s/ Elizabeth M. Timothy
ELIZABETH M. TIMOTHY
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  <u>See</u> 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).